FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JUN 10 P 12: 54

04 11290 RM

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LIFE IS GOOD, INC., <br> Plaintiff <br><br> v. <br><br> LG ELECTRONICS U.S.A., INC. <br> and LG INFOCOMM U.S.A., INC. <br> Defendants | ) <br> ) <br> ) <br> ) C.A. No. <br> ) <br> ) <br> ) <br> ) MAGISTRATE JUDGE _RBC_ <br> ) |

RECEIPT # _56503_
AMOUNT $ _150_
SUMMONS ISSUED _YES_
LOCAL RULE 4.1 _/_
WAIVER FORM _/_
MCF ISSUED _/_
BY DPTY. CLK. _ROM_
DATE _6/10/04_

COMPLAINT AND JURY DEMAND

PARTIES

1. Plaintiff Life is good, Inc. ("Life is good") is a Massachusetts corporation with a principal place of business in Boston, Massachusetts.

2. Defendant LG Electronics U.S.A., Inc. ("LGE") is, on information and belief, a New Jersey corporation with a principal place of business in Englewood Cliffs, New Jersey. On information and belief, LGE conducts business within the Commonwealth of Massachusetts.

3. Defendant LG InfoComm U.S.A., Inc. ("LGI") is, on information and belief, a California corporation with a principal place of business in San Diego, California. On information and belief, LGI conducts business within the Commonwealth of Massachusetts.

JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the plaintiff is a citizen of a different state than either of the defendants, and the property right at issue has a value in excess of $75,000.00. In addition, this Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b) because this matter involves violations of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as substantial and related state

law claims.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS

A. <u>The Plaintiff and its "Life is good" and "Jake" Trademarks.</u>

6. Since at least as early as 1994, and continuously therefrom, the plaintiff and its predecessor (Albert Jacobs and John Jacobs doing business as Jacobs Gallery) have sold various products such as T-Shirts, hats, other clothing, stationery, flying discs, coffee mugs, *inter alia*, under the trademark "Life is good." The goods have been sold to retail stores and consumers directly by Life is good, through its exclusive licensee, or through its web site.

7. Since 1994, the plaintiff has continuously and pervasively utilized its "Life is good" trademark within this district and throughout the United States on its products, on hang tags, displays, boxes, packaging and labels, at its website (www.lifeisgood.com), and in catalogs and other places.

8. In short, the plaintiff has invested substantial resources in promoting its products under the "Life is good" mark, and in developing national recognition of its "Life is good" mark. As a result, the "Life is good" mark is perceived as a distinctive indicator of plaintiff as the source of its goods.

9. On December 24, 1996, the United States Patent and Trademark Office (the "U.S.P.T.O.") issued a registration for plaintiff's trademark "Life is good," registration number 2,025,737 (the "'737 Registration" ). The registration was issued to Jacobs Gallery. The goods under this registration are "Sportswear, namely T-shirts, sweatshirts, shirts, hats, pants, and shorts." The trademark was assigned by Jacobs Gallery to Life is good, Inc. on April 16, 1998.

On April 6, 2002, the U.S.P.T.O accepted Life is good's section 8 and 15 affidavit for the '737 registration, and thus, it has become incontestable pursuant to 15 U.S.C. § 1065.

10. In addition, Life is good has registered the "Life is good" trademark for "printed matter, namely posters, greeting cards, stationery, and bumper stickers" (Reg. No. 2,481,887), "recreational products, namely flying plastic discs" and "ceramic mugs" (Reg. No. 2,692,561), and for toys, clothing, bed blankets, towels, backpacks, luggage, and animal leashes and collars (Reg. No. 2,826,245). Further, Life is good's application for registration of "Life is good" for "pet bowls for eating and drinking" (No. 76/976,717) should mature into registration shortly.

11. In addition, plaintiff, through assignment from Jacobs Gallery, is the owner of the "Jake Symbol," which appears as follows:

The "Jake Symbol" was registered on April 22, 1997, Reg. Number 2,055,452, and was assigned to plaintiff on April 16, 1998. The U.S.P.T.O. accepted Life is good's section 8 and 15 affidavit for the "Jake Symbol" registration, and thus, it has become incontestable pursuant to 15 U.S.C. § 1065.

12. The trademarks "Life is good" and the "Jake Symbol" appear on virtually every product sold by Life is good.

13. Life is good's corporate philosophy is based on the concept that through the sale of fun products, positive energy and contagious optimism may be spread. To further that concept, Life is good sponsors various charitable events such as the Portland, Maine pumpkin festival held in 2003, the Life is good Backyard Festival held in Boston in June of 2004, and the Life is

good Pumpkin Festival to be held on the Boston Common in October, 2004. One hundred percent (100%) of the proceeds from the festivals directly benefit charities that help children facing severely unfair challenges - for example, Camp Sunshine, a retreat for children with life threatening illnesses, and for their families.

14. Through its significant promotion and sales of its products throughout the U.S., Life is good has developed a reputation as a company that offers quality products that project a whimsical image, and create happy and positive feelings.

B. <u>The Defendants and their Trademarks</u>.

15. Defendants LGE and LGI are, on information and belief, wholly owned subsidiaries of LG Electronics of Seoul, Korea.

16. On information and belief, LGE sells numerous electrical and electronic products throughout the United States, including, without limitation, computers and related goods, televisions, audio/video equipment, and home appliances.

17. On information and belief, LGI sells cell phones and related products throughout the United States.

18. Life is good recently learned that LGI and/or LGE have embarked on a massive advertisement and sales campaign in this country, using the phrase "LIFE'S GOOD" in connection with their advertisements, web site, and products.

19. On the Internet home page for LG Electronics and the LGE web site, the phrase LIFE's GOOD appears at the top and bottom of the page. In addition, the home page bears the words "Life is Good with LG Electronics."

20. On information and belief, LGE and/or LGI are selling and/or giving away T-Shirts

and related articles that bear the phrase "LIFE'S GOOD."

21. On information and belief, LGE and/or LGI are using the "LIFE'S GOOD" phrase on advertisements, on or in close proximity to the goods, and elsewhere.

22. In at least some of their advertisements, LGE and/or LGI claim that "LG" and "LIFE'S GOOD" are registered trademarks of LG Electronics, which is not the case in this country.

23. In addition, LGE and LGI have adopted a stylized smiling face symbol that is used with its various advertisements and in various goods. The symbol appears as follows:



(Hereinafter the "LG Symbol"). The LG Symbol is strikingly similar to the "Jake Symbol."

24. The plaintiff had adopted and was utilizing in interstate commerce its "Life is good" and "Jake Symbol" marks for at least nine (9) years before the Defendants began using the terms "Life's Good" and "Life is Good," as well as the "LG Symbol."

25. Upon information and belief, Defendants are well aware and, since long prior to the acts of Defendants complained of herein, have been well aware of Plaintiff's use and registration of the "Life is good" and "Jake Symbol" trademarks, and/or of the goodwill and reputation embodied therein.

26. The Defendants' use of the "Life's Good" and "Life is good" phrases, as well as the "LG Symbol," is likely to injure the business reputation of the plaintiff and/or dilute the distinctive quality of plaintiff's mark.

27. Defendants' use of the "Life's Good" and "Life is good" phrases, as well as the "LG

Symbol," in connection with such expensive hard goods as televisions, computers, and cellphones runs directly counter to the whimsical and non-corporate image that Plaintiff has developed in connection with its relatively inexpensive soft goods.

28. Further, Defendants' use of said marks has caused and is likely to cause confusion, mistake, or deception among the consuming public as to the source or origin of the parties' respective goods and services, and to create a false belief that the Plaintiff and Defendants are affiliated. Any dissatisfaction with Defendants' products will reflect upon and irreparably damage the reputation and goodwill embodied in Plaintiff's registered marks.

29. If the Defendants are not enjoined from using the marks "Life's Good" and "Life is Good" as well as the "LG Symbol" in connection with their products, the Plaintiff will suffer immediate and irreparable harm.

## COUNT I
### DILUTION UNDER M.G.L. c. 110B

30. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 of the complaint.

31. The Defendants' actions are likely to injure the plaintiff's business reputation and/or dilute the distinctive quality of the plaintiff's trademarks, in violation of Massachusetts General Laws. c. 110B, § 12.

32. Unless enjoined, these acts will cause irreparable injury and damage to the Plaintiff for which there exists no adequate remedy at law.

## COUNT II
### TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
### 15 U.S.C. § 1114

33. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through

32 of the complaint.

34. Plaintiff's marks "Life is good" and the "Jake Symbol" are protected by valid, subsisting, and incontestable United States Trademark Registrations.

35. Plaintiff developed, adopted and began using in commerce its federally-registered marks before the Defendants adopted and began using in commerce their confusingly similar marks.

36. Plaintiff has not authorized the Defendants to make the above-described uses of their confusingly similar marks.

37. Upon information and belief, the Defendants acted knowingly and intentionally in misappropriating the Plaintiff's marks, in an effort to trade off the goodwill developed by the plaintiff.

38. Defendants' actions constitute infringement of the Plaintiff's federally-registered marks by using marks that are likely to cause confusion as to source, sponsorship, or affiliation.

39. Plaintiff will suffer irreparable harm unless the Defendants' unlawful conduct is enjoined.

## COUNT III
### FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

40. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39 of the complaint.

41. By their conduct as aforesaid, Defendants have engaged in false designation of origin and false designation of sponsorship, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

42. Unless enjoined, these acts will cause irreparable injury and damage to the Plaintiff for which there exists no adequate remedy at law.

## COUNT IV
## VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT

43. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 of the complaint.

44. The Defendants' acts, as complained of herein, constitute unfair or deceptive trade acts or practices in violation of G.L. c. 93A, sec. 2 and 11.

45. The aforesaid unfair or deceptive acts or practices of the Defendants occurred primarily and substantially in the Commonwealth of Massachusetts.

46. The Defendants knowingly or willfully committed the aforesaid unfair acts or practices.

47. The aforesaid unfair acts or practices have caused the Plaintiff a loss of money and/or property, including but not limited to lost profits, attorneys' fees and other damages.

## COUNT V
## UNFAIR COMPETITION UNDER THE COMMON LAW

48. The plaintiff repeats and realleges the allegations contain in paragraphs 1 through 47 of the complaint.

49. Plaintiff's marks are well-known throughout the United States.

50. The Defendants' use of identical or confusingly similar marks, and other efforts to associate itself with, or trade off the good will of, the Plaintiff in connection with its business, constitutes unfair competition in violation of the Lanham Act and the common law, as well as common law trademark infringement.

51. Unless enjoined, these acts will cause irreparable injury and damage to the Plaintiff for which there exists no adequate remedy at law.

WHEREFORE, plaintiff Life is good, Inc. prays that this Court:

1. Enter judgment in favor of the Plaintiff on all counts of the complaint;

2. Award the Plaintiff monetary damages plus statutory interest;

3. Award the Plaintiff multiple damages, attorneys' fees and costs;

4. Enter a preliminary injunction enjoining and restraining the Defendants, their directors, officers, agents, servants, employees, attorneys, subsidiaries, parents, affiliated companies, successors, and assigns, and all persons in active concert or participation with said Defendants who receive actual notice of this Court's orders by personal service or otherwise, from using the phrases "Life's Good" or "Life is Good" or any confusingly similar mark, as well as the "LG Symbol" or any mark confusingly similar to the "Jake Symbol," in connection with the sale, promotion and advertisement of their products;

5. Enter a permanent injunction enjoining and restraining the Defendants, their directors, officers, agents, servants, employees, attorneys, subsidiaries, parents, affiliated companies, successors, and assigns, and all persons in active concert or participation with said Defendants who receive actual notice of this Court's orders by personal service or otherwise, from using the phrases "Life's Good" or "Life is Good" or any confusingly similar mark, as well as the "LG Symbol" or any mark confusingly similar to the "Jake Symbol," in connection with the sale, promotion and advertisement of their products; and

6. Award such further relief as the Court deems just and appropriate.

## Jury Demand

The plaintiff demands a trial by jury on all counts so triable.

> LIFE IS GOOD, INC.,
> By its attorneys,
>
> /s/ Thomas E. Kenney
> Robert R. Pierce (#549172)
> Thomas E. Kenney (#561590)
> Pierce & Mandell, P.C.
> 11 Beacon Street, Suite 800
> Boston, MA 02108
> (617) 720-2444

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Life is good, Inc.

**DEFENDANTS**
LG Electronics U.S.A., Inc. and LG InfoComm U.S.A., Inc.

(b) County of Residence of First Listed Plaintiff __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thomas E. Kenney
Pierce & Mandell, P.C.
11 Beacon St., Suite 800
Boston, MA 02108    (617) 720-2444

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | |
| ☐ 240 Torts to Land | | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 550 Civil Rights | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332. The defendants have diluted and infringed the plaintiff's trademarks.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Life is good, Inc., v. LG Electronics U.S.A., Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [xx] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [xx]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [xx]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [xx]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [xx]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [xx]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Thomas E. Kenney, Pierce & Mandell, P.C.
ADDRESS 11 Beacon Street, Suite 800, Boston, MA 02108
TELEPHONE NO. (617) 720-2444

(Coversheetlocal.wpd - 10/17/02)

Stamp: FILED IN CLERK'S OFFICE 2004 JUN 10 P 12: 55 U.S. DISTRICT COURT DISTRICT OF MASS.