UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC., <br><br> Plaintiff <br><br> v. <br><br> LG ELECTRONICS U.S.A., INC. <br> and LG INFOCOMM U.S.A., INC., <br><br> Defendants | Civil Action No.: 04 11290 REK |

**DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS**

**ANSWER**

Defendants LG Electronics U.S.A., Inc. and LG InfoComm U.S.A., Inc. (collectively "LG") answer the Complaint of Plaintiff Life Is Good, Inc. as follows:

**The Parties**

1.  LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1, and therefore denies them.

2.  LG Electronics U.S.A., Inc. denies that it is a New Jersey Corporation. LG Electronics U.S.A., Inc. admits all other allegations of Paragraph 2.

3.  Admitted.

**The Jurisdiction and Venue**

4.  LG admits that Plaintiff is a citizen of a different state than either of the defendants. LG denies that the alleged property right at issue has a value in excess of $75,000, and thus denies that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. LG admits that Plaintiff has alleged violations of the Lanham Act, 15 U.S.C. § 1051, et

seq., and related state law claims, but LG denies any liability. LG admits that this Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b).

5.   Admitted.

### Facts

6.   LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6, and therefore denies them.

7.   LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7, and therefore denies them.

8.   LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8, and therefore denies them.

9.   LG admits that, according to the United States Patent and Trademark Office's ("PTO") online database, on December 24, 1996, the PTO issued Registration No. 2,025,737 for LIFE IS GOOD for "sportswear, namely, T-shirts, sweatshirts, shirts, hats, pants, and shorts," and that the PTO accepted a Section 8 and 15 affidavit for that registration. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 9, and therefore denies them.

10.   LG admits that, according to the PTO's online database, the PTO issued Registration No. 2,481,887 for LIFE IS GOOD for "printed matter, namely posters, greeting cards, stationary [sic], and bumper stickers"; Registration No. 2,692,561 for LIFE IS GOOD for "recreational products, namely flying plastic discs" and "ceramic mugs"; and Registration No. 2,826,245 for LIFE IS GOOD for "toys, namely plastic action figures, and plush balls," "children's and baby clothing, namely shirts, pants, shorts, rompers, and pajamas, underwear,

pajamas, and jackets," "bed blankets and towels," and "backpacks, dog leashes, cat leashes, dog collars, cat collars and luggage." LG further admits that, according to the PTO's online database, pending Application No. 76/976,717 seeks to register LIFE IS GOOD for "pet bowls for eating and drinking." LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 10, and therefore denies them.

    11.    LG admits that, according to the PTO's online records, Registration No. 2,055,452 is for the following design:



LG also admits that the PTO accepted a Section 8 and 15 affidavit for this registration. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 11, and therefore denies them.

    12.    LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12, and therefore denies them.

    13.    LG is without or knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13, and therefore denies them.

    14.    LG is without or knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14, and therefore denies them.

    15.    Admitted.

    16.    LG Electronics U.S.A., Inc. admits that it sells various electronic goods throughout the United States, including computers and computer peripherals, televisions, audio/video equipment, and home appliances.

17. LG InfoComm U.S.A., Inc. admits that it sells cell phones and related telecommunications products throughout the United States.

18. LG admits that it has used the phrase "Life is Good" in connection with its advertisements, website, and products in the United States. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 18, and therefore denies them.

19. LG admits that the phrase "Life's Good" appears at the top and bottom of the home page for the "lge.com" website. LG admits that the phrase "Life is Good with LG Electronics" appears contextually in the middle of the home page for the "lge.com" website.

20. LG admits that it gives away T-Shirts that bear the phrase "LIFE'S GOOD."

21. LG admits that it is using the phrase "Life's Good" on advertisements. LG does not understand what "the goods" refers to in Paragraph 21, and therefore denies the remaining allegations of that paragraph.

22. LG admits that the word marks "LG" and "LIFE'S GOOD" are not registered in the United States. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 22, and therefore denies them.

23. LG admits that it has adopted the logo shown in Paragraph 23, and that the logo is used in connection with LG's various advertisements for its goods. LG does not understand what Plaintiff means when it claims that LG uses the logo "in various goods." LG denies that its logo is strikingly similar to the "Jake Symbol," and denies all remaining allegations of Paragraph 23.

24. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24, and therefore denies them.

25. Denied.

26. Denied.

27. LG is without knowledge or information of Plaintiff's "non-corporate image" and goods, and therefore denies the allegations of Paragraph 27 relating to Plaintiff, its image, and its goods.

28. Denied.

29. Denied.

## Count I
### Dilution Under M.G.L. c. 110B

30. LG repeats and incorporates by reference its answers to Paragraphs 1-29.

31. Denied.

32. Denied.

## Count II
### Trademark Infringement Under the Lanham Act
### 15 U.S.C. § 1114

33. LG repeats and incorporates by reference its answers to Paragraphs 1-32.

34. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 34, and therefore denies them.

35. LG denies that its marks are confusingly similar to Plaintiff's asserted marks. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 35, and therefore denies them.

36. LG denies that its marks are confusingly similar to Plaintiff's asserted marks. LG admits that Plaintiff has not authorized LG to use its alleged marks, but denies that any such authorization is necessary or appropriate.

37. Denied.

5

38.  Denied.

39.  Denied.

## Count III
## False Designation of Origin Under the Lanham Act, 15 U.S.C. § 1125(a)

40.  LG repeats and incorporates by reference its answers to Paragraphs 1-39.

41.  Denied.

42.  Denied.

## Count IV
## Violation of Massachusetts Consumer Protection Act

43.  LG repeats and incorporates by reference its answers to Paragraphs 1-42.

44.  Denied.

45.  Denied.

46.  Denied.

47.  Denied.

## Count V
## Unfair Competition Under the Common Law

48.  LG repeats and incorporates by reference its answers to Paragraphs 1-47.

49.  Denied.

50.  Denied.

51.  Denied.

## AFFIRMATIVE DEFENSES

52.  Plaintiff's claims are barred in whole or in part by laches because it has unreasonably and prejudicially delayed in bringing this action.

53.     Plaintiff is equitably estopped from objecting to LG's use and registration of the contested marks because, among other things, Plaintiff has failed to police its alleged marks against similar third-party marks.

54.     Plaintiff comes to this Court with unclean hands based upon its misuse of the federal registration symbol "®" in connection with the phrase LIFE IS GOOD.

55.     The phrase "Life is Good" is a commonly used saying that does not serve as a protectable source indicator.

56.     LG uses the phrases "Life's Good" and "Life is Good" fairly and descriptively.

## COUNTERCLAIM

LG alleges as follows, upon actual knowledge as to itself, and upon information and belief as to all other matters:

### The Parties

1.      Defendant and Counterclaim-Plaintiff LG Electronics U.S.A., Inc. is a Delaware corporation with a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

2.      Defendant and Counterclaim-Plaintiff LG InfoComm U.S.A., Inc. is a California corporation with a principal place of business at 10225 Willow Creek Road, San Diego, California 92131.

3.      Plaintiff and Counterclaim-Defendant Life Is Good, Inc. is a Massachusetts corporation with a principal place of business at 140 Crescent Road, Needham, Massachusetts 02494.

### Jurisdiction and Venue

4.  This Court has jurisdiction over the subject matter of this counterclaim pursuant to 15 U.S.C. §§ 1064, 1119, 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### Facts

6.  Plaintiff asserts in its Complaint that LG's use of the terms "Life's Good" and "Life is Good," and LG's use of its corporate logo, violate Plaintiff's alleged trademark rights, including Federal Trademark Registration Nos. 2,025,737; 2,481,887; 2,692,561; 2,826,245; and Application No. 76/976,717 (collectively "Plaintiff's Asserted Registrations and Application").

7.  Plaintiff has used the statutory "®" symbol in public materials to indicate that LIFE IS GOOD was or is registered for products for which it was or is not registered. Plaintiff continued its pattern of misuse of the ® symbol even after being warned by the PTO that such use was improper.

8.  On March 7, 2000, Plaintiff filed trademark Application No. 75/939,492, submitting specimens of use that bore the statutory ® symbol and included an affirmative claim that the applied for mark was a "registered trademark[s] of Life Is Good, Inc." In office actions dated August 17, 2000 and December 18, 2000, the PTO admonished Plaintiff for its misuse of the ® symbol. Application No. 75/939,492 matured to registration on August 28, 2001 under Registration No. 2,481,887.

9.  On October 2, 2001, Plaintiff filed Application No. 76/319,447 on an intent-to-use basis. On October 22, 2003, Plaintiff filed a Statement of Use, submitting specimens of use that bore the ® symbol. On October 22, 2003, Plaintiff requested that Application No. 76/319,447 be divided; the PTO granted that request and placed the goods in use in commerce into newly created "child" Application No. 76/976,269. On April 22, 2004, Plaintiff filed a

Statement of Use for the "parent" application (Application No. 76/319,447), submitting specimens of use that bore the ® symbol. Plaintiff also requested that Application No. 76/319,447 be divided again; the PTO granted that request and placed the goods in use in commerce into newly created "child" Application No. 76/976,717. Application No. 76/976,269 matured to registration on March 23, 2004 under Registration No. 2,826,245. Application Nos. 76/319,447 and 76/976,717 are still pending.

10. On December 8, 2001, Plaintiff filed trademark Application No. 76/347,362, submitting specimens of use that bore the ® symbol. In an office action dated March 11, 2000, the PTO admonished Plaintiff for its misuse of the ® symbol. Application No. 76/347,362 matured to registration on March 4, 2003 under Registration No. 2,692,561.

11. Plaintiff knew that it did not own a federal registration for LIFE IS GOOD for the products mismarked with the ® symbol at the time it used that statutory symbol in its materials.

**Count I
Cancellation and Refusal of Plaintiff's Asserted
Registrations and Application for Fraud on the PTO,
<u>15 U.S.C. § 1064</u>**

12. LG repeats and incorporates the allegations set forth in Paragraphs 1-11 of this Counterclaim.

13. Plaintiff's Asserted Registrations and Application (as well as Application No. 76/319,447) are subject to cancellation/refusal as a result of Plaintiff's repeated and knowing misuse of the statutory ® symbol.

## Count II
### Cancellation and Refusal of Plaintiff's Asserted
### Registrations and Application (and Application No. 76/319,447)
### For Lack of Protectability
### 15 U.S.C. § 1052

14. LG repeats and incorporates the allegations set forth in Paragraphs 1-13 of this Counterclaim.

15. The phrase "LIFE IS GOOD" is a commonly used saying that is so highly descriptive, it is unprotectable as a trademark. Further, even if the phrase "LIFE IS GOOD" is considered protectable, Plaintiff cannot establish secondary meaning in that phrase.

WHEREFORE, LG respectfully requests that the Court grant the following relief as to each and every count of Plaintiff's Complaint:

    a. Order that Plaintiff's Complaint be dismissed with prejudice;

    b. Order that Plaintiff is not entitled to monetary, injunctive, or relief;

    c. Order that Plaintiff pay LG the costs of defending this action, including reasonable attorneys' fees; and

    d. Order such other relief as the Court may deemed just and proper.

AND WHEREFORE, LG respectfully requests that the Court grant the following relief as to each and every count of its Counterclaims:

a. Order, pursuant to 15 U.S.C. §§ 1064, 1119, 1120, that Plaintiff's Asserted Registrations and Application (as well as Application No. 76/319,447) be cancelled and refused (or, alternatively, that Plaintiff's non-incontestable registrations and applications be cancelled and refused);

b. Order, pursuant to 15 U.S.C. § 1120, that Plaintiff pay LG's costs of bringing this Counterclaim, including reasonable attorney's fees; and

c. Order such other relief as the Court may deemed just and proper.

Respectfully submitted,

_____
Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, Massachusetts 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666
Larry.robins@finnegan.com
Jonathan.gelchinsky@finnegan.com

Mark Sommers
Douglas A. Rettew
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
1300 I Street N.W.
Washington, DC 20005
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copy of the attached DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS; DEFENDANTS' L.R. 7.3 CORPORATE DISCLOSURE STATEMENT; and NOTICE OF APPEARANCE was served via facsimile and first-class U.S. Mail postage-prepaid on the 12th day of July 2004 to the following:

        Robert R. Pierce (#549172)
        Thomas E. Kenney (#561590)
        Pierce & Mandell, P.C.
        11 Beacon Street, Suite 800
        Boston, Massachusetts  02108
        Telephone:  671-720-2444
        Facsimile:  671-720-3693

_____