UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC., | ) |
|     Plaintiff | ) ) ) ) |
| v. | ) ) Civil Action No.: 04 11290 REK |
| LG ELECTRONICS U.S.A., INC. and LG INFOCOMM U.S.A., INC., | ) ) ) ) |
|     Defendants | ) |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

**I.   INTRODUCTION**

Plaintiff Life Is Good, Inc. recently filed this lawsuit seeking to enjoin Defendants' use of the LG corporate logo—which has been used in the United States for almost eight years—as well as the accompanying commonly used phrase "Life's Good"—which has been used by Defendants for almost a year.

With its Complaint, Plaintiff filed a motion asking the Court to grant an expedited schedule requiring the parties to complete discovery by the end of August 2004, and to schedule a trial for the first available date in October 2004.[1]

As detailed below, Plaintiff fails to provide any support or justification for this extraordinary request. Indeed, imposing the requested expedited schedule would greatly prejudice Defendants LG Electronics U.S.A., Inc. and LG InfoComm U.S.A., Inc. (collectively "LG") by depriving LG of the ability to develop and present a complete defense to Plaintiff's

---

[1] Plaintiff agreed to an enlargement of time to allow Defendants to respond to this motion at the same time they answered the Complaint.

varied charges of trademark dilution, trademark infringement, false designation of origin, violation of the Massachusetts Consumer Protection Act, and unfair competition. Expediting discovery and trial would also deprive LG of the ability to develop its affirmative defenses of laches, unclean hands, and unprotectability of Plaintiff's asserted rights, as well as LG's counterclaims of fraud and for cancellation of Plaintiff's asserted trademark application and registrations. As such, Plaintiff's request should be denied.

## II.   ARGUMENT

The timing of discovery is governed by the Federal Rules of Civil Procedure. Ordinarily, a party may not commence discovery until the parties hold the discovery conference required by Fed. R. Civ. P. 26(f). While this Court has the power to issue an Order requiring that discovery proceed on an expedited basis, courts have held that such an order generally requires proof of: (1) irreparable harm; (2) some probability of success on the merits; (3) some connection between expedited discovery and the avoidance of the irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. <u>Twentieth Century Fox Film Corp. v. Mow Trading Corp.</u>, 749 F. Supp. 473, 475 (S.D.N.Y. 1990); <u>Yokohama Tire Corp. v. Dealers Tire Supply, Inc.</u>, 202 F.R.D. 612, 614 (D. Ariz. 2001); <u>Gucci America, Inc. v. Daffy's, Inc.</u>, No. 00-4463, 2000 U.S. Dist. LEXIS 16714, at *16-17 (D.N.J. Nov. 14, 2000). Plaintiff has failed to prove any one of these elements.

First, Plaintiff cannot credibly claim that it is being irreparably harmed by LG's use of the challenged marks (namely, LG's corporate logo and the phrase LIFE'S GOOD). LG has been using its corporate logo in the United States for nearly eight years, and has been using the phrase LIFE'S GOOD in the United States for over eight months. Plaintiff's delay in bringing

this action undercuts any claim of irreparable harm. Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (holding that "appellant's delay of more than one year before seeking injunctive relief militates against a claim of irreparable injury"); Abbott Labs. v. Selfcare, Inc., 17 F. Supp.2d 43, 50 (D. Mass. 1998) (holding that plaintiff's nine month delay was "[a]nother factor pointing away from the likelihood of irreparable harm"); Gidatex, S.r.L. v. Campaniello Imports, Ltd., 13 F. Supp. 2d 417, n.1 (S.D.N.Y. 1998) ("even in the absence of prejudice an unwarranted delay may demonstrate that the movant has no need for the drastic remedy of a preliminary injunction.")

Plaintiff also fails to provide any evidence that it is likely to succeed on the merits of the claims in its Complaint. Instead, it relies only on the bare contentions in its Complaint and the conclusory statements in its motion.

Moreover, LG would be severely prejudiced if discovery and trial were expedited. Because Plaintiff is claiming trademark protection in a commonly used phrase—namely, "Life is Good"—one of the central issues in this case will concern the scope of protection (if any) that phrase should be afforded. In making that determination, trademark law teaches that third-party uses of the phrase or mark at issue serve as evidence that it is extremely weak and entitled to only a narrow scope of protection, if any at all. J. Thomas McCarthy, 1 McCarthy on Trademarks and Unfair Competition § 11:88 (4th ed. 2000). As explained by one court:

> In a "crowded field" of similar marks, each member of the crowd is relatively "weak" in its ability to prevent use by others in the crowd . . . in such a crowd, customers will not likely be confused between any two of the crowd and may have learned to carefully pick out one from the other.

Miss World (UK) Ltd. v. Mrs. America Pageant's, Inc., 856 F.2d 1445, 1449 (9th Cir. 1988) (citing McCarthy); see also Alpha Indus., Inc. v. Alpha Steel Tube & Shapes, Inc., 616 F.2d 440 (9th Cir. 1980) (upholding district court determination that the mark ALPHA is weak because

"the word ALPHA is in common usage and has meaning in the English language" and "ALPHA occurs in widespread use as a tradename or trademark.") Accordingly, LG anticipates taking discovery related to third-party uses of the common phrase "Life is Good," which cannot possibly be completed in the discovery timeline proposed by Plaintiff. Further, Plaintiff's proposed discovery timeline does not give LG sufficient time to engage experts or to commission a survey, if necessary.

Additionally, in its Answer, LG has raised a number of affirmative defenses, including laches, unclean hands, and unprotectability of the phrase "Life is Good." LG has also raised counterclaims of fraud and asked the Court to order the cancellation and refusal of Plaintiff's asserted trademark registrations and application. In addition to the time needed to respond to Plaintiff's charges, more time is needed to gather evidence to support these defenses and counterclaims.

## III. CONCLUSION

If granted, Plaintiff's proposed expedited discovery and trial schedule will greatly prejudice LG by depriving it of the opportunity to fully defend itself against the various claims asserted by Plaintiff, and to challenge Plaintiff's alleged rights. As such, Plaintiff's request should be denied.

                Respectfully submitted,

                _____
                Lawrence R. Robins (BBO# 632610)
                Jonathan M. Gelchinsky (BBO# 656282)
                FINNEGAN, HENDERSON, FARABOW,
                 GARRETT & DUNNER, L.L.P.
                55 Cambridge Parkway
                Cambridge, Massachusetts 02142
                Telephone: (617) 452-1600
                Facsimile: (617) 452-1666
                Larry.robins@finnegan.com
                Jonathan.gelchinsky@finnegan.com

                Mark Sommers
                Douglas A. Rettew
                FINNEGAN, HENDERSON, FARABOW,
                 GARRETT & DUNNER, L.L.P.
                1300 I Street N.W.
                Washington, DC 20005
                Telephone: (202) 408-4000
                Facsimile: (202) 408-4400

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copy of the attached DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY was served via facsimile and first-class U.S. Mail postage-prepaid on the 12th day of July 2004 to the following:

> Robert R. Pierce (#549172)
> Thomas E. Kenney (#561590)
> Pierce & Mandell, P.C.
> 11 Beacon Street, Suite 800
> Boston, Massachusetts  02108
> Telephone:  617-720-2444
> Facsimile:   617-720-3693

_____