UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC., )<br>Plaintiff )<br> )<br> )<br>v. )<br> )<br>LG ELECTRONICS U.S.A., INC. )<br>and LG INFOCOMM U.S.A., INC. )<br>Defendants ) | C.A. No. 04-11290-REK |

## PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS, AND JURY DEMAND

Plaintiff Life is good, Inc. ("Life is good") answers the separately numbered allegations of the counterclaims of the Defendants as follows.

### THE PARTIES

1. Life is good lacks the information necessary to admit or deny the allegations of Paragraph 1 of the Counterclaim, and calls upon the Defendants to prove the same if material.

2. Admitted.

3. Denied, Life is good's current address is 745 Boylston Street, Suite 400, Boston, MA 02116.

### JURISDICTION AND VENUE

4. Denied.

5. Admitted.

### FACTS

6. In response to Paragraph 6 of the Counterclaim, the Plaintiff states that the Complaint

1

speaks for itself.

7. Denied.

8. The Plaintiff admits that on or about March 7, 2000 it filed Trademark Application No. 75/939,492, submitting specimens that bore the ® symbol. The Plaintiff denies the remaining allegations of the first sentence of Paragraph 8 of the Counterclaims. In response to the second sentence of Paragraph 8 of the Counterclaim, the Plaintiff states that the office actions dated August 17, 2000 and December 18, 2000 speak for themselves. The Plaintiff admits the allegations of the third sentence of Paragraph 8 of the Counterclaims.

9. Admitted.

10. The Plaintiff admits the first and third sentences of Paragraph 10 of the Counterclaim. In response to sentence two of Paragraph 10 of the Counterclaim, the Plaintiff states that the office action dated March 11, 2000 speaks for itself.

11. Denied.

## COUNT I

12. Life is good repeats and realleges its responses to Paragraphs 1 through 11 of the Counterclaim.

13. Denied

## COUNT II

14. Life is good repeats and realleges its responses to Paragraphs 1 through 13 of the Counterclaim.

15. Denied

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state any claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred because of the incontestability of some of the Plaintiff's marks.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaims are barred because of the Defendants' failure to comply with Federal Rule of Civil Procedure 9(b).

## FOURTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because the nominal and inadvertent use of the ® symbol on goods that had yet to be registered by the Plaintiff was innocent and not in bad faith.

## FIFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because of the Defendants' conduct inconsistent with the Counterclaims.

## SIXTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because of waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by laches.

WHEREFORE, Life is good, Inc. respectfully requests that this Court, after hearing:

A. Order that the Counterclaims be dismissed with prejudice;

B. Order the Defendants to pay the Plaintiff the costs of defending the Counterclaims, including reasonable attorneys' fees; and

C. Order such further relief as the Court deems just and appropriate.

### JURY DEMAND

Life is good, Inc. hereby demands a trial by jury on all issues so triable.

LIFE IS GOOD, INC.,
By its attorneys,

*/s/ Thomas E. Kenney*

Robert R. Pierce (#549172)
Thomas E. Kenney (#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444