UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC.,<br>　　Plaintiff<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.<br>and LG INFOCOMM U.S.A., INC.<br>　　Defendants | )<br>)<br>)<br>)　　C.A. No. 04-11290-REK<br>)<br>)<br>)<br>) |

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY SCHEDULE AND FOR A SPEEDY TRIAL

Plaintiff Life is good, Inc. ("Life is good") submits this reply memorandum in support of its motion for expedited discovery and a speedy trial. In its opposition, the defendants ignore the fact that this Court has the discretion to order expedited discovery and a speedy trial where, as here, the issues in dispute are appropriate for expedited resolution and the plaintiff will suffer prejudice if this matter is not resolved in a speedy fashion. Therefore, this Court should allow the plaintiff's motion.

There can be no serious dispute that this Court has broad discretion in the management of this case, including the scheduling of discovery and the trial date. The fact that LR 16 provides that it is the trial judge that establishes the scheduling order proves this point. It is acceptable and common for the Court to issue different scheduling orders in different cases, based on the differing issues and varying complexities of different cases. Here, the straightforward nature of this case, as well as the plaintiff's legitimate interest in having the matter resolved as quickly as possible, militate in favor of expedited discovery and an early trial date.

As the Court is aware, this is a trademark case. The plaintiff has adopted and, for many

years, has utilized in interstate commerce its federally registered "Life is good" and "Jake logo" trademarks. The basis of the plaintiff's complaint is the damage caused to it and its trademarks by the defendant's adoption and use in Massachusetts and in interstate commerce of its "Life's Good" and "Smiling Face" logo. Although the plaintiff does seek monetary damages in this matter, in essence this case is an equitable action. The primary relief sought by the plaintiff is an Order (likely in the form of a permanent injunction) restraining the defendant's use of its trademarks. The injury the plaintiff is seeking to restrain is ongoing, and will continue until this Court determines the action on the merits. Thus, the plaintiff has a significant interest in having that determination made as quickly as possible, and it is appropriate for this Court to set a schedule permitting a speedy resolution.

Despite the defendants' assertions in their opposition, there are not significant issues to investigate via discovery. The issues in this case involve the nature and extent of the plaintiff's use of its marks, and the nature and extent of the defendants' use of their marks, as well as their future intended use. With well-tailored paper discovery and depositions, such matters can easily be discovered in no more than sixty (60) days.[1] Following the completion of discovery, the parties should be in a position to advance to trial within 4-6 weeks.

---

[1] The defendants' counterclaims seeking cancellation of the plaintiff's federally-registered trademarks do not justify additional discovery. While the plaintiff believes that the counterclaims are meritless, and intends to seek summary disposition of them, those counterclaims concern the nature and extent of use of the marks by the plaintiffs. Such matters will be addressed in the discovery undertaken with respect to the plaintiff's claims.

WHEREFORE, for the reasons set forth above, the plaintiff respectfully requests that this Court enter an Order setting expedited discovery and a speedy trial date. In the alternative, the plaintiff respectfully requests that this Court schedule a Scheduling Conference on the first available date in order to consider the plaintiff's motion.

LIFE IS GOOD, INC.,
By its attorneys,

_/s/ Thomas E. Kenney_
Robert R. Pierce (#549172)
Thomas E. Kenney (#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444