UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>LG ELECTRONICS U.S.A., INC. )<br>and LG INFOCOMM U.S.A., INC., )<br>)<br>Defendants ) | Civil Action No.: 04 11290 REK |

## STIPULATED PROTECTIVE ORDER

Plaintiff Life Is Good, Inc. ("Plaintiff") and Defendants LG Electronics U.S.A., Inc. and LG InfoComm U.S.A., Inc. ("Defendants") stipulate and agree between and among themselves, by and through their attorneys, to the entry of this Protective Order, which shall govern the use, dissemination, and disclosure of certain documents and materials described below and obtained by the parties through discovery in this action. The parties agree as follows:

**A.   Scope of Order**

This Protective Order shall apply to all information, premises, documents, and things owned or controlled by the parties, or of any parents, subsidiaries, divisions, branches, affiliates, related companies, or licensees of any party, or of any other parties added or substituted in this case, that are subject to discovery in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission (hereafter "Information and Materials").

**B.     Definitions**

1.     As used in this Order, "Confidential" Information and Materials shall include all Information and Materials that have not been made public, the disclosure of which the disclosing party contends could cause harm to its business operations or provide improper advantage to others. "Confidential" Information and Materials shall include, but shall not be limited to, trade secrets within the meaning of the Uniform Trade Secrets Act and information that concerns or relates to (1) sales, marketing, manufacturing, or research and development; (2) financial performance; (3) manufacturing or other costs of doing business; (4) licenses or other confidential agreements; and/or (5) technical details of products or methods of doing business.

2.     As used in this Order, "Confidential—Attorneys Eyes Only" Information and Materials shall include all Information and Materials that the disclosing party has reasonable grounds to believe would, if known to any officer, director, employee, or agent of a receiving party, or to the public, lead to a significant harm or injury to the reputation and/or business of the disclosing party or provide improper advantage to others.

**C.     Marking Requirements**

1.     All Information and Materials deemed *Confidential* or *Confidential—Attorneys Eyes Only* will be so identified and labeled by the producing party.

2.     If qualified Information and Materials cannot be labeled, they shall be designated as *Confidential* or *Confidential—Attorneys Eyes Only* in a manner to be agreed upon by the parties.

3.     In lieu of marking the original of a document or thing, if the original is not produced, the designating party may mark the copies that are produced or exchanged, but the other party, by its counsel, shall have the right to examine the original, to be provided with a full and complete copy, and to call for production of the original at the trial in this action. However, nothing in this

Stipulated Protective Order requires the production of privileged or work-product Information and Materials, or any Information and Materials that are otherwise not subject to discovery.

4. The identification and labeling specified in Paragraphs C.1, C.2, and C.3 of this Order shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, and when a copy of the document or thing is provided to Plaintiff or Defendants. In the case of hearing and deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within thirty (30) days after the receipt of the transcript. During such thirty (30) day period, the entire transcript shall be deemed to be *Confidential—Attorneys Eyes Only*.

5. In the event that a disclosing party discovers a failure to mark qualified Information or Materials as *Confidential* or *Confidential—Attorneys Eyes Only*, the other party shall be notified immediately and the following corrective action shall be taken:

(a) The receiving party shall notify all persons who have received the Information and Materials that the Information and Materials are designated *Confidential* or *Confidential—Attorneys Eyes Only* and must be treated as designated in this Order;

(b) The receiving party shall take all reasonable steps to place the applicable *Confidential* or *Confidential—Attorneys Eyes Only* label on the designated Information and/or Materials; and

(c) The receiving party shall treat the newly marked Information and Materials as set out in Paragraphs F and G of this Order.

**D.  Designating Information and Documents**

1. In designating Information and Materials as *Confidential* or *Confidential—Attorneys Eyes Only*, a party will make such designation only as to that information that it in good faith

believes to be *Confidential* or *Confidential—Attorneys Eyes Only* as defined in Paragraph B of this Order.

2.  If counsel for a party believes that questions put to a witness being examined during a deposition will disclose *Confidential* or *Confidential—Attorneys Eyes Only* Information and/or Materials of his or her client, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such information, counsel shall so notify opposing counsel and the deposition of such witness, or portions thereof, shall be taken only in the presence of appropriate persons as defined in Paragraph F, counsel for the witness, if any, the stenographic reporter, and the officers or employees of the party whose *Confidential* or *Confidential—Attorneys Eyes Only* information is being disclosed.

**E.  Redaction**

Redacted versions of *Confidential* or *Confidential—Attorneys Eyes Only* materials that no longer contain *Confidential* or *Confidential—Attorneys Eyes Only* information, and that are not subject to this Order, may be used for any proper purpose.

**F.  Access to *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials**

1.  It is the general intent of the parties to limit disclosure to the smallest number of persons, consistent with the needs of litigation.

2.  All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Confidential* under this Order is governed by this Order and is limited to the following persons:

    a.  The law firms Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. and Pierce & Mandell, P.C., and any counsel of record for the parties; including attorneys, law clerks, stenographic, clerical, and paralegal employees of these

        firms whose functions require access to such *Confidential* Information and Materials.

    b.    Any officer or employee of any party where review of such confidential information by that officer or employee is necessary to the litigation.

    c.    Independent experts, consultants, or translators for each party and their clerical personnel, who are not employees of the parties or their parents, subsidiaries, divisions, branches, affiliates, or competitors, (other than specifically for this action), and whose advice and consultation will be used by such party in connection with preparation of this case for trial. However, disclosures to such persons will be allowed only after the conditions set forth in Paragraph F.4 of this Order are satisfied.

3.    All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Confidential—Attorneys Eyes Only* under this Order is governed by this Order and is limited to counsel and their staff, as identified above in Paragraph F.2.a, and experts and their staff, as identified above in Paragraph F.2.c.

4.    Prior to any disclosure of *Confidential* or *Confidential—Attorneys Eyes Only* Information and/or Materials to those persons named in Paragraph F.2.c. of this Order, disclosing counsel shall obtain from each such person a copy of a signed undertaking as set forth in Exhibit B, including any information requested by Exhibit B.

5.    *Confidential—Attorneys Eyes Only* Information and/or Materials shall not be disclosed to an employee of any party until there is an order of the Court to the contrary or until there is an express agreement between the parties that such disclosure may be made. Prior to the disclosure of *Confidential—Attorneys Eyes Only* Information and/or Materials to an employee of any

party, disclosing counsel shall first obtain from each such person a copy of a signed undertaking as set forth in Exhibit A, including any information requested by Exhibit A.

6.      The parties will attempt to resolve any disagreements about the designation of Information and/or Materials as *Confidential* or *Confidential—Attorneys Eyes Only* on an informal basis before presenting the dispute to the Court by motion or otherwise. If unable to resolve any such disagreements, the objecting party shall file an appropriate motion with the Court. Information and/or Materials designated as *Confidential* or *Confidential—Attorneys Eyes Only* shall remain under the protection of this Stipulated Protective Order until there is an order of the Court to the contrary or until there is an express written agreement between the parties. No party shall be obliged to challenge the proprietary of a *Confidential* or *Confidential—Attorneys Eyes Only* designation at the time of production, and failure to do so shall not preclude a subsequent attack on the proprietary of such designation.

### G.      Handling *Confidential* and *Confidential—Attorneys Eyes Only* Information and Materials

1.      Copies of *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials shall not be made public by the party to whom they are disclosed unless they become a part of the public record in this action by agreement of the parties or by order or action of the Court. *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials may be included in whole or in part in pleadings, motions, or briefs only if such Information and Materials shall be filed with the Court in sealed envelopes prominently marked with the caption of this proceeding and the appropriate notation:

> Contains CONFIDENTIAL/CONFIDENTIAL—ATTORNEYS EYES ONLY
>
> Information—To Be Opened Only As Directed By The Court

2. Any Information and Materials marked with any one or more of these legends may be filed with the Court in a single envelope. The parties stipulate that Information and Materials identified and labeled in accordance with this Paragraph shall be received in camera as directed by the Court.

3. Within sixty (60) days after the final judgment and the exhaustion of any appeals in this action or the settlement of this action, all Information and Materials covered by this Order, except those in possession of the Court, shall be returned or destroyed, except that outside counsel may maintain one copy of all correspondence, pleadings, and other documents. Subject to this exception, outside counsel shall certify to counsel for the producing party the return or destruction of all additional copies of Information and Materials so designated in their possession, custody or control. To the extent that any Information or Materials have been filed under seal with the Court, such Information and Materials shall be retrieved by the party seeking to maintain the confidentiality of such Information or Materials.

**H.     Miscellaneous**

1.      This Order shall not prevent a party from applying to the Court for relief from the Order or any part thereof, or for relief from its application in any particular circumstance, or from applying to the Court for further or additional protective agreements or orders.

2.      This Order shall survive the final termination of this or related proceedings to the extent that the *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials have not or do not become known to the public.

3.      No copy of any transcript of any deposition taken by any party that is designated in part or in whole as *Confidential* or *Confidential—Attorneys Eyes Only* shall be furnished by the reporter to any person other than to outside counsel for the parties. Neither the original nor any copy of any transcript of any deposition taken in this proceeding shall be filed with the Court or used during the trial in this action until the parties' outside counsel have had the opportunity to designate those portions, if any, of the transcript that are to be regarded as *Confidential* or *Confidential—Attorneys Eyes Only* as provided in Paragraph C.4. Upon such a designation, the designated portions of the transcript to be filed with the Court or used during the trial shall be filed under seal in accordance with Paragraph G of this Order, unless otherwise agreed by the parties or ordered by the Court.

4.      Each person having access to *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials under this Order shall take all reasonable steps to comply with this Order.

5.  Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this proceeding and, in the course of the proceeding, referring to or relying upon his or her examination of *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials; provided, that in rendering such advice and in otherwise communicating with clients, the attorney shall not make specific disclosure to any person of any *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials.

6.  Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a party as if that waiver or consent was made by that party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

7.  In the event any non-party is called upon to produce Information and/or Materials that it reasonably believes constitute or disclose trade secrets, commercial information or other information that it is entitled to maintain in confidence, such non-party may elect to become party to the terms of this Stipulated Protective Order by serving a notice of its election on counsel for each party. After service of notice of election, this Stipulated Protective Order shall be binding on and inure to the benefit of such non-party.

The parties, through their undersigned counsel, agree to the terms of this Stipulated Protective Order as of the last dates shown below.

**LIFE IS GOOD, INC.**

_____            Dated: March 31, 2005
Robert R. Pierce
Thomas E. Kenney
PIERCE & MANDELL, P.C.
11 Beacon Street, Suite 800
Boston, Massachusetts 02108

LG ELECTRONICS U.S.A., INC. and LG INFOCOMM U.S.A., INC.

*(signature)*
Douglas A. Rettew
Mark Sommers
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005

Dated: March 28, 2005

**DONE AND ORDERED** on this ____ day of _____, 2005.

_____
Robert E. Keeton
United States District Judge

10