**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LIFE IS GOOD, INC., <br><br>                Plaintiff, <br><br>   v. <br><br>LG ELECTRONICS U.S.A., INC., and <br>LG ELECTRONICS MOBILECOMM U.S.A., <br>INC. (formerly LG INFOCOMM U.S.A. INC.), <br><br>                Defendants. | CIVIL ACTION NO.: 04 11290 REK <br><br> JUDGE ROBERT E. KEETON |

**DEFENDANTS' AMENDED ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

**ANSWER**

Defendants LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc. (formerly LG InfoComm U.S.A. Inc.) (collectively, "LG") answer the Complaint of Plaintiff Life Is Good, Inc. as follows:

**The Parties**

1. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1, and therefore denies them.

2. LG Electronics U.S.A., Inc. denies that it is a New Jersey Corporation. LG Electronics U.S.A., Inc. admits all other allegations of Paragraph 2.

3. LG Electronics MobileComm U.S.A., Inc. admits that it is a California Corporation with a principal place of business in San Diego, California. LG Electronics MobileComm U.S.A., Inc. denies all other allegations of Paragraph 3.

**The Jurisdiction and Venue**

4. LG admits that Plaintiff is a citizen of a different state than either of the defendants. LG denies that the alleged property right at issue has a value in excess of $75,000,

and thus denies that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. LG admits that Plaintiff has alleged violations of the Lanham Act, 15 U.S.C. § 1051, et seq., and related state law claims, but LG denies any liability. LG admits that this Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a)-(b).

5.   Admitted.

## Facts

6.   LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6, and therefore denies them.

7.   LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7, and therefore denies them.

8.   LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8, and therefore denies them.

9.   LG admits that, according to the United States Patent and Trademark Office's ("PTO") online database, on December 24, 1996, the PTO issued Registration No. 2,025,737 for LIFE IS GOOD for "sportswear, namely, t-shirts, sweatshirts, shirts, hats, pants, and shorts," and that the PTO accepted a Section 8 and 15 affidavit for that registration. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 9, and therefore denies them.

10.   LG admits that, according to the PTO's online database, the PTO issued Registration No. 2,481,887 for LIFE IS GOOD for "printed matter, namely posters, greeting cards, stationary [sic], and bumper stickers"; Registration No. 2,692,561 for LIFE IS GOOD for "recreational products, namely flying plastic discs" and "ceramic mugs"; and Registration No. 2,826,245 for LIFE IS GOOD for "toys, namely plastic action figures, and plush balls,"

"children's and baby clothing, namely shirts, pants, shorts, rompers, and pajamas, underwear, pajamas, and jackets," "bed blankets and towels," and "backpacks, dog leashes, cat leashes, dog collars, cat collars and luggage." LG further admits that, according to the PTO's online database, pending Application No. 76/976,717 seeks to register LIFE IS GOOD for "pet bowls for eating and drinking." LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 10, and therefore denies them.

11.     LG admits that, according to the PTO's online records, Registration No. 2,055,452 is for the following design:



LG also admits that the PTO accepted a Section 8 and 15 affidavit for this registration. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 11, and therefore denies them.

12.     LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12, and therefore denies them.

13.     LG is without or knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13, and therefore denies them.

14.     LG is without or knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14, and therefore denies them.

15.     The allegations as to LG Electronics USA, Inc. are admitted. The allegations as to LG Electronics MobileComm USA, Inc. are denied.

16.     LG Electronics U.S.A., Inc. admits that it sells various electronic goods

throughout the United States, including computers and computer peripherals, televisions, audio/video equipment, and home appliances.

17. LG Electronics MobileComm U.S.A., Inc. admits that it sells cell phones and related telecommunications products throughout the United States.

18. LG admits that it has used the phrase "Life's Good" (with the LG Logo) in connection with various advertisements, websites, and products in the United States. LG denies the remaining allegations in Paragraph 18.

19. LG admits that the phrase "Life's Good" appears at the top and bottom of the home page for the "lge.com" website operated by LG's Korean parent corporation, LG Electronics Inc. (which is not a party to this lawsuit). LG admits that the phrase "Life is Good with LG Electronics" previously appeared on a link on the side of the "lge.com" website.

20. LG admits that it gives away t-shirts that bear the phrase "Life's Good" with the LG Logo. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 20, and therefore denies them.

21. LG admits that it is using the phrase "Life's Good" (with the LG Logo) on advertisements. LG does not understand what "the goods" refers to in Paragraph 21, and therefore denies the remaining allegations of that paragraph.

22. LG admits that "LIFE'S GOOD" is not a registered trademark of LG Electronics, Inc. in the United States, but denies that "LG" is not a registered trademark of LG Electronics, Inc. in the United States. LG admits that some of LG's advertisements claimed that "LG Design and Life's Good are trademarks of LG Electronics. Inc.," but denies that LG Electronics U.S.A., Inc. or LG Electronics MobileComm U.S.A., Inc. claimed that "Life's Good" is a registered trademark of LG Electronics, Inc. LG denies the remaining allegations of Paragraph 22.

23. LG admits that it uses the LG Logo with the phrase "Life's Good," as shown in Paragraph 23, and that the LG Logo with the phrase "Life's Good" is used in connection with various advertisements for LG's goods. LG does not understand what Plaintiff means when it claims that LG uses the logo "in various goods." LG denies that the LG Logo with the phrase "Life's Good," is strikingly similar to the "Jake Symbol," and denies all remaining allegations of Paragraph 23.

24. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24, and therefore denies them.

25. Denied.

26. Denied.

27. LG admits that Plaintiff has developed a whimsical and non-corporate image in connection with its relatively inexpensive soft goods. LG further admits that LG's use of "Life's Good" in connection with such expensive hard goods as televisions, computers, and cell phones is completely different from Plaintiff's whimsical and non-corporate image that it has developed in connection with its relatively inexpensive soft goods. LG denies the remaining allegations of Paragraph 27, including any inference that LG's use of "Life's Good" is other than what it is, or has any meaning other than as admitted above.

28. Denied.

29. Denied.

**Count I**
**Dilution Under M.G.L. c. 110B**

30. LG repeats and incorporates by reference its answers to Paragraphs 1-29.

31. Denied.

32. Denied.

## Count II
## Trademark Infringement Under the Lanham Act
## 15 U.S.C. § 1114

33.     LG repeats and incorporates by reference its answers to Paragraphs 1-32.

34.     LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 34, and therefore denies them.

35.     LG denies that its marks are confusingly similar to Plaintiff's asserted marks. LG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 35, and therefore denies them.

36.     LG denies that its marks are confusingly similar to Plaintiff's asserted marks. LG admits that Plaintiff has not authorized LG to use its alleged marks, but denies that any such authorization is necessary or appropriate.

37.     Denied.

38.     Denied.

39.     Denied.

## Count III
## False Designation of Origin Under the Lanham Act, 15 U.S.C. § 1125(a)

40.     LG repeats and incorporates by reference its answers to Paragraphs 1-39.

41.     Denied.

42.     Denied.

## Count IV
## Violation of Massachusetts Consumer Protection Act

43.     LG repeats and incorporates by reference its answers to Paragraphs 1-42.

44.     Denied.

45.     Denied.

46.     Denied.

47. Denied.

## Count V
## Unfair Competition Under the Common Law

48. LG repeats and incorporates by reference its answers to Paragraphs 1-47.

49. Denied.

50. Denied.

51. Denied.

## AFFIRMATIVE DEFENSES

52. Plaintiff's claims are barred in whole or in part by laches because it has unreasonably and prejudicially delayed in bringing this action.

53. Plaintiff is equitably estopped from objecting to LG's use and registration of the contested marks because, among other things, Plaintiff has failed to police its alleged marks against similar third-party marks and/or has policed its alleged marks against third party lawful fair use.

54. Plaintiff comes to this Court with unclean hands based upon its misuse of the federal registration symbol "®" in connection with the phrase "Life is good.".

55. The phrase "Life is Good" is a commonly used saying that does not serve as a protectable source indicator.

56. LG uses the phrase "Life's Good" and used the phrase "Life is Good with LG Electronics" fairly and descriptively.

57. Plaintiff has misused its registration to claim trademark rights in its ornamental and decorative use of the phrase "Life is good."

58. Plaintiff uses the phrase "Life is good" in ornamental and/or functional manners to adorn its products.

59. Plaintiff's misuse of the federal registration symbol "®" in connection with the phrase "Life is good." is a bar to the relief Plaintiff seeks against Defendants.

## COUNTERCLAIM

Defendants allege as follows, upon actual knowledge as to themselves, and upon information and belief as to all other matters:

## The Parties

1. Defendant and Counterclaim-Plaintiff LG Electronics U.S.A., Inc. is a Delaware corporation with a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

2. Defendant and Counterclaim-Plaintiff LG Electronics MobileComm U.S.A., Inc. is a California corporation with a principal place of business at 10101 Old Grove Rd., San Diego, California 92131.

3. Plaintiff and Counterclaim-Defendant Life Is Good, Inc. is a Massachusetts corporation with a principal place of business at 140 Crescent Road, Needham, Massachusetts 02494.

## Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this counterclaim pursuant to 15 U.S.C. §§ 1064, 1119, 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## Facts

6. Plaintiff is the successor-in-interest to Jacobs Gallery, a partnership comprised of Albert Jacobs and John Jacobs.

7. By and through its predecessor-in-interest, Plaintiff asserts alleged trademark

rights, including Federal Trademark Registration Nos. 2,025,737; 2,481,887; 2,692,561; 2,826,245; and Application No. 76/976,717 (collectively "Plaintiff's Asserted Registrations and Application"). In its Complaint, Plaintiff has asserted rights in these registrations as a basis for seeking to enjoin LG's use of the LG "Life's Good" tagline.

8. On March 2, 2005, Plaintiff assigned its entire interest in these registrations and application to Praesidian Capital Investors LP as administrative agent. However, Plaintiff remains the beneficial owner and real party in interest for these registrations and application.

### LIGI's Asserted Rights in Reg. No. 2,025,737

9. On March 4, 1996, Jacobs Gallery filed application Serial No. 75/066,995 to register the mark LIFE IS GOOD in Class 25 for "sportswear, namely, T-shirts, sweatshirts, shirts, hats, pants, and shorts."

10. In support of application Serial No. 75/066,995, Jacobs Gallery submitted a sworn statement pursuant to 18 U.S.C. § 1001 that the mark LIFE IS GOOD was being used for the goods identified in the application, with a claimed first use date of June 1, 1994.

11. Jacobs Gallery did not use LIFE IS GOOD on any product until September 1994.

12. Jacobs Gallery did not use LIFE IS GOOD as a trademark for sweatshirts, hats, pants, and/or shorts as of the March 4, 1996 filing date of application Serial No. 75/066,995.

13. Jacobs Gallery's application Serial No. 75/066,995 matured into Reg. No. 2,025,737.

14. On February 25, 1998, Jacobs Gallery assigned its entire interest in Reg. No. 2,025,737 to Plaintiff.

### LIGI's Asserted Rights in Reg. No. 2,055,452

15. On June 25, 1996, Jacobs Gallery filed application Serial No. 75/125,177 to

register a design mark in Class 25 for "sportswear, namely, T-shirts, sweatshirts, shirts, hats, pants, and shorts." That design is known as the "Jake Logo." The design submitted for registration appeared as follows:



16.    In support of application Serial No. 75/125,177, Jacobs Gallery submitted a sworn statement pursuant to 18 U.S.C. § 1001 that the Jake Logo was being used for the goods identified in the application, with a claimed first use date of June 1, 1994.

17.    Jacobs Gallery did not use the Jake Logo on any product until September 1994.

18.    Jacobs Gallery did not use the Jake Logo as a trademark for sweatshirts, hats, pants, and/or shorts as of the June 25, 1996 filing date of application Serial No. 75/125,177.

19.    Jacobs Gallery's application Serial No. 75/125,177 matured into Reg. No. 2,055,452.

20.    On February 25, 1998, Jacobs Gallery assigned its entire interest in Reg. No. 2,055,452 to Plaintiff.

21.    On April 7, 2003, Plaintiff filed an affidavit of use and incontestability claiming that it was currently using the design depicted in Reg. No. 2,055,452 and had continuously used that design during the preceding five years.

22.    Plaintiff was not using the design depicted in Reg. No. 2,055,452 as a trademark for shirts, sweatshirts, shirts, hats, pants, and shorts as of the April 7, 2003 filing date of its affidavit of use and incontestability, had not used the design as registered as a trademark since 1999, and has no intent to resume using that design as registered as a trademark.

### LIGI's Asserted Rights in Reg. No. 2,481,887

23. On March 9, 2000, Plaintiff filed application Serial No. 75/939,492 to register the mark LIFE IS GOOD in Class 16 for "printed matter, namely posters, greeting cards, stationary, and bumper stickers."

24. In support of application Serial No. 75/939,492, Plaintiff submitted a sworn statement pursuant to 18 U.S.C. § 1001 that the mark LIFE IS GOOD was being used for the goods identified in the application, with a claimed first use date of June 1, 1994.

25. Jacobs Gallery, Plaintiff's predecessor-in-interest, did not use LIFE IS GOOD on any product until September 1994.

26. Plaintiff did not use LIFE IS GOOD as a trademark for posters, greeting cards, bumper stickers, and/or stationary for sale to consumers as of the March 9, 2000 filing date of application Serial No. 75/939,492. Any use of LIFE IS GOOD made by Plaintiff on the printed matter identified in application Serial No. 75/939,492 on or before the filing date was for point of purchase materials and/or was ornamental non-trademark use.

27. Plaintiff's application Serial No. 75/939,492 matured into Reg. No. 2,481,887.

### LIGI's Misuse of the Statutory "®" Symbol

28. Plaintiff has used the statutory "®" symbol in public materials to indicate that LIFE IS GOOD was or is registered for products for which it was or is not registered. Plaintiff continued its pattern of misuse of the ® symbol after being warned by the PTO that such use was improper.

29. On March 7, 2000, Plaintiff filed trademark Application No. 75/939,492, submitting specimens of use that bore the statutory ® symbol and included an affirmative claim that the applied for mark was a "registered trademark[ ] of Life Is Good, Inc." In office actions

11

dated August 17, 2000 and December 18, 2000, the PTO admonished Plaintiff for its misuse of the ® symbol. Application No. 75/939,492 matured to registration on August 28, 2001 under Registration No. 2,481,887.

30.     On October 2, 2001, Plaintiff filed Application No. 76/319,447 on an intent-to-use basis. On October 22, 2003, Plaintiff filed a Statement of Use, submitting specimens of use that bore the ® symbol. On October 22, 2003, Plaintiff requested that Application No. 76/319,447 be divided; the PTO granted that request and placed the goods in use in commerce into newly created "child" Application No. 76/976,269. On April 22, 2004, Plaintiff filed a Statement of Use for the "parent" application (Application No. 76/319,447), submitting specimens of use that bore the ® symbol. Plaintiff also requested that Application No. 76/319,447 be divided again; the PTO granted that request and placed the goods in use in commerce into newly created "child" Application No. 76/976,717. Application No. 76/976,269 matured to registration on March 23, 2004 under Registration No. 2,826,245. Application Nos. 76/319,447 and 76/976,717 are still pending.

31.     On December 8, 2001, Plaintiff filed trademark Application No. 76/347,362, submitting specimens of use that bore the ® symbol. In an office action dated March 11, 2002, the PTO admonished Plaintiff for its misuse of the ® symbol. Application No. 76/347,362 matured to registration on March 4, 2003 under Registration No. 2,692,561.

32.     Plaintiff knew or should have known that it did not own a federal registration for LIFE IS GOOD for the products mismarked with the ® symbol at the time it used that statutory symbol in its materials.

33.     Plaintiff knew or should have known that it could not use the ® symbol in connection with goods for which it did not own a registration.

34. Plaintiff failed to take any corrective steps to cease its use of the ® symbol in connection with goods for which it did not own a registration.

## Count I
### Cancellation and Refusal of Plaintiff's Asserted Registrations and Application for Fraud on the PTO
### 15 U.S.C. § 1064

35. LG repeats and incorporates the allegations set forth in Paragraphs 1-34 of this Counterclaim.

36. Plaintiff made false statements in its declaration in support of its application Serial No. 75/066,995 to register the mark LIFE IS GOOD.

37. Specifically, Plaintiff falsely stated that it first used the mark LIFE IS GOOD in connection with the goods covered by application Serial No. 75/066,995 on June 1, 1994, when in fact it did not begin using LIFE IS GOOD on any goods (let alone the goods covered by application Serial No. 75/066,995) until September 1994.

38. Specifically, Plaintiff falsely stated that at the time it filed application Serial No. 75/066,995 it was using the mark LIFE IS GOOD on the goods listed in that application, when in fact it did not use LIFE IS GOOD as a mark to identify the source of the goods listed in that application as of the March 4, 1996 filing date.

39. Based on these false statements, Plaintiff's application Serial No. 75/066,995 matured into Reg. No. 2,025,737.

40. Plaintiff also made false statements in its declaration in support of its application Serial No. 75/125,177 to register the Jake Logo.

41. Specifically, Plaintiff falsely stated that it first used the mark Jake Logo in connection with the goods covered by application Serial No. 75/125,177 on June 1, 1994, when in fact it did not begin using the Jake Logo on any goods (let alone the goods covered by

13

application Serial No. 75/125,177) until September 1994.

42. Specifically, Plaintiff falsely stated that at the time it filed application Serial No. 75/125,177 it was using the Jake Logo on the goods listed in that application, when in fact it did not use the Jake Logo as a mark to identify the source of the goods listed in that application as of the June 25, 1996 filing date.

43. Plaintiff also made a false statement in its combined affidavit of use and incontestability for Reg. No. 2,055,452.

44. Specifically, Plaintiff falsely stated in its affidavit of use and incontestability for Reg. No. 2,055,452 that it was still using the design mark as registered as a trademark for shirts, sweatshirts, shirts, hats, pants, and shorts as of the April 7, 2003 filing date of its affidavit, and had been continuously using the design mark as registered as a trademark for the preceding five years, when in fact it was not using the design mark as registered as a trademark to identify the source of the goods for which it was registered, and had not used the design as registered as a trademark since 1999.

45. Based on these false statements, Plaintiff's application Serial No. 75/125,177 matured into Reg. No. 2,055,452, and was later renewed and attained incontestable status.

46. Plaintiff also made false statements in its declaration in support of its application Serial No. 75/939,492 to register the mark LIFE IS GOOD.

47. Specifically, Plaintiff falsely stated that it first used the mark LIFE IS GOOD in connection with the goods covered by application Serial No. 75/939,492 on June 1, 1994, when in fact it did not begin using LIFE IS GOOD on any goods (let alone the goods covered by application Serial No. 75/939,492) until September 1994.

48. Specifically, Plaintiff falsely stated that at the time it filed application Serial No.

14

75/939,492 it was using the mark LIFE IS GOOD on the goods listed in that application, when in fact it did not use LIFE IS GOOD as a mark to identify the source of the goods listed in that application as of the March 9, 2000 filing date.

49.   Based on these false statements, Plaintiff's application Serial No. 75/939,492 matured into Reg. No. 2,481,887.

50.   Plaintiff knew or should have known these statements were false.

51.   Plaintiff's acts constitute fraud on the United States Patent and Trademark Office.

52.   Plaintiff's Asserted Registrations and Application (as well as Application No. 76/319,447) are subject to cancellation/refusal for fraud.

## Count II
## Cancellation and Refusal of Plaintiff's Asserted
## Registrations and Application (and Application No. 76/319,447)
## For Functionality and Lack of Protectability
## 15 U.S.C. §§ 1052 and 1064

53.   LG repeats and incorporates the allegations set forth in Paragraphs 1-52 of this Counterclaim.

54.   The phrase "life is good" is a commonly used saying that is functional and/or is so highly descriptive that it is unprotectable as a trademark.  Further, even if the phrase "life is good" is considered protectable, Plaintiff cannot establish secondary meaning in that phrase for any application or registration that has not achieved incontestability.

WHEREFORE, LG respectfully requests that the Court grant the following relief as to each and every count of Plaintiff's Complaint:

      a.   Order that Plaintiff's Complaint be dismissed with prejudice;

      b.   Order that Plaintiff is not entitled to monetary, injunctive, or other relief;

      c.   Order that Plaintiff pay LG the costs of defending this action, including reasonable attorneys' fees; and

      d.      Order such other relief as the Court may deemed just and proper.

AND WHEREFORE, LG respectfully requests that the Court grant the following relief as to each and every count of its Counterclaims:

      a.      Order, pursuant to 15 U.S.C. §§ 1052, 1064, 1119, and 1120, that Plaintiff's Asserted Registrations and Application (as well as Application No. 76/319,447) be cancelled and refused (or, alternatively, that Plaintiff's non-incontestable registrations and applications be cancelled and refused);

      b.      Order, pursuant to 15 U.S.C. § 1120, that Plaintiff pay Defendants' costs of bringing this Counterclaim, including reasonable attorney's fees; and

      c.      Order such other relief as the Court may deemed just and proper.

Respectfully submitted,

Date: March 14, 2006

/s/ Jonathan M. Gelchinsky_____
Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, Massachusetts 02142

Mark Sommers
Douglas A. Rettew
Timothy A. Lemper
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001

*Counsel for Defendants LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc. (formerly LG InfoComm U.S.A. Inc.)*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 14, 2006.