# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC., )<br>               Plaintiff, )<br>                          )<br>v.                          )<br>LG ELECTRONICS U.S.A., INC., and )<br>LG ELECTRONICS MOBILECOMM U.S.A., INC., )<br>               Defendants. ) | Civil Action No. 04 11290 REK<br><br>Hon. Robert E. Keeton |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S TRADEMARK DILUTION CLAIM

### ORAL ARGUMENT REQUESTED

Defendants LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A. Inc. move this Court for summary judgment on Plaintiff Life is good., Inc.'s claim for trademark dilution under the Massachusetts Anti-Dilution Act, M.G.L., ch. 110B, § 12.

To prevail on this claim, Plaintiff must show that the common, ordinary expression "Life is good." is a strong, distinctive trademark well known to the public as a synonym for Plaintiff, and that Defendants' use of the corporate tagline "Life's Good" is likely to "blur" the distinctiveness of "Life is good." as a trademark that uniquely identifies Plaintiff and only Plaintiff. Plaintiff cannot make these showings.

The undisputed facts show that (1) "Life is good." is not distinctive as a trademark and does not uniquely identify Plaintiff in the minds of consumers; (2) Defendants' use of "Life's Good" has not lessened the demand for Plaintiff's products; and (3) as a frequently used, common expression, "Life is good." is inherently "blurred" and any incremental likelihood of "blurring" caused by Defendants' use of "Life's Good" is too speculative and too attenuated to warrant relief. No genuine issue of material fact exists that "Life is good." is insufficiently distinctive within the meaning of trademark dilution law and unlikely to be "blurred" by

Defendants' use of "Life's Good." Under well-established principles of law, the undisputed evidence shows that Plaintiff cannot prevail on its claim under the Massachusetts Anti-Dilution Act, M.G.L., ch. 110B, § 12, entitling Defendants to judgment as a matter of law.

In accordance with Local Rule 7.1(a)(2), Defendants have conferred with Plaintiff, and have ascertained that Plaintiff will oppose this motion.

WHEREFORE, Defendants respectfully request that the Court grant Defendants' Motion for Summary Judgment on Plaintiff's Trademark Dilution Claim for the reasons set forth in more detail in Defendants' accompanying memorandum.

Respectfully submitted,

Date: March 31, 2006

/s/ Timothy A. Lemper
Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO#656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, Massachusetts 02142

Mark S. Sommers (MA BBO# 545297)
Douglas A. Rettew (*pro hac vice*)
Timothy A. Lemper (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001

Counsel for Defendants
LG Electronics U.S.A., Inc. and
LG Electronics MobileComm U.S.A., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document and exhibits filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 31, 2006.