UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>LG ELECTRONICS U.S.A., INC. and LG ELECTRONICS MOBILECOMM U.S.A., INC. (formerly LG INFOCOMM U.S.A., INC.),<br><br>   Defendants. | CIVIL ACTION NO. 04-11290 REK |

### DECLARATION OF TIMOTHY LEMPER

I, Timothy Lemper, declare that the following is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney at the firm of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Avenue, NW, Washington, D.C. 20001, counsel for Defendants LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc. ("Defendants") in this case. I am making this Declaration in support of Defendants' motion for summary judgment on the trademark dilution claim asserted in this case by Plaintiff Life is good, Inc. ("Plaintiff"). This declaration is based on my personal knowledge.

2. A true and correct copy of the expert report of Dr. Ronald Butters, Defendants' linguistics expert in this case, is attached as Exhibit 1 to this Declaration.

3. True and correct copies of excerpts from the transcript of the October 13, 2005 deposition testimony of Mr. Albert Jacobs, Plaintiff's President and co-owner and a Rule 30(b)(6) witness for Plaintiff, are attached as Exhibit 2 to this Declaration.

4. True and correct copies of excerpts from the transcript of the October 14, 2005 deposition testimony of Mr. John Jacobs, Plaintiff's co-owner, are attached as Exhibit 3 to this Declaration.

5. On March 2, 2005, Defendants' counsel served a subpoena on Hallmark Cards, Inc. ("Hallmark") for information and documents related to its use of "Life is good" and similar phrases. On March 29, 2005, Hallmark produced information and documents in response to that subpoena. True and correct copies of the subpoena and Hallmark's response are attached as Exhibit 4 to this Declaration. **Because these materials are confidential, they are being submitted to the Court under seal.**

6. On March 2, 2005, Defendants' counsel served a subpoena on Miller Brewing Company ("Miller") for information and documents related to its use of "Life is good" and similar phrases. On April 11, 2005, Miller produced information and documents, including a videotape containing television commercials, in response to that subpoena. True and correct copies of the subpoena and Miller's response, including printouts of scenes from Miller's television commercials, are attached as Exhibit 5 to this Declaration.

7. On October 14, 2005, Defendants' counsel served a subpoena on Natural Life Collections, Inc. ("Natural Life") for information and documents related to its use of "Life is good" and similar phrases. On December 13, 2005, Natural Life produced information and documents, including a product catalog, in response to that subpoena. True and correct copies of the subpoena and Natural Life's response, including excerpts from Natural Life's product catalog, are attached as Exhibit 6 to this Declaration.

8. On October 24, 2005, Defendants' counsel served a subpoena on Forbes, Inc. ("Forbes") for information and documents related to its use of "The Good Life" and similar

2

phrases. On October 28, 2005, Forbes produced information and documents, including magazines and printouts from its Internet website, in response to that subpoena. True and correct copies of the subpoena and Forbes's response, including the printouts from Forbes's Internet website and excerpts from its magazines, are attached as Exhibit 7 to this Declaration.

9. On October 24, 2005, Defendants' counsel served a subpoena on Sears, Roebuck & Company ("Sears") for information and documents related to its use of "Good Life" and similar phrases. On November 2, 2005, Sears produced information and documents, including samples of advertisements, in response to that subpoena. True and correct copies of the subpoena and Sears's response are attached as Exhibit 8 to this Declaration.

10. On October 24, 2005, Defendants' counsel served a subpoena on The Hershey Company ("Hershey") for information and documents related to its use of "Life is good" and similar phrases. On January 26, 2006, Hershey produced information and documents, including declarations from its employees, samples of product packaging, photographs of promotional items, and a videotape containing television commercials, in response to that subpoena. True and correct copies of the subpoena and Hershey's response, including its employee declarations, photographs of its promotional items and product packaging, and printouts of scenes from Hershey's television commercials, are attached as Exhibit 9 to this Declaration. **Because these materials are confidential, they are being submitted to the Court under seal.**

11. True and correct copies of excerpts from the transcript of the November 17, 2005 deposition testimony of Mr. Thomas Kenney, outside trademark counsel for Plaintiff and a Rule 30(b)(6) witness for Plaintiff in this case, are attached as Exhibit 10 to this Declaration.

12. A true and correct copy of Plaintiff's Responses to Defendants' First Set of Interrogatories, Response to Interrogatory No. 2 (served January 21, 2005) is attached as Exhibit 11 to this Declaration.

13. True and correct copies of excerpts from the transcript of the January 24, 2006 deposition testimony of Mr. Robert Klein, Plaintiff's consumer survey expert in this case, are attached as Exhibit 12 to this Declaration.

14. A true and correct copy of the expert report of Dr. Maureen Morrin, Defendants' marketing expert in this case, is attached as Exhibit 13 to this Declaration.

15. A true and correct copy of the expert report of Mr. Rany Simms, Defendants' expert on U.S. Patent and Trademark Office ("PTO") practice in this case and a former Administrative Law Judge on the PTO's Trademark Trial and Appeal Board, is attached as Exhibit 14 to this Declaration.

16. A true and correct copy of the expert report of Guideline Legal Division of Find Market Research authored by Mr. Robert Reitter and Mr. Hal Poret, Defendants' consumer survey experts in this case, is attached as Exhibit 15 to this Declaration.

17. True and correct copies of excerpts from the transcript of the November 9, 2005 deposition testimony of Mr. John Taylor, Vice President of Public Affairs and Communications for Defendant LG Electronics, U.S.A., Inc. and its Rule 30(b)(6) witness in this case, are attached as Exhibit 16 to this Declaration.

18. True and correct copies of excerpts from the transcript of the November 29, 2005 deposition testimony of Mr. Jason Lee, Advertising Manager for Defendant LG Electronics MobileComm U.S.A., Inc. and its Rule 30(b)(6) witness in this case, are attached as Exhibit 17 to this Declaration.

19. True and correct copies of Exhibits 18 to 22 from the October 13, 2005 deposition of Mr. Albert Jacobs are attached as Exhibit 18 to this Declaration.

20. True and correct copies of Exhibits 52 to 59 from the November 17, 2005 deposition of Mr. Thomas Kenney are attached as Exhibit 19 to this Declaration.

21. A true and correct copy of Exhibit 44 from the November 17, 2005 deposition of Mr. Thomas Kenney is attached as Exhibit 20 to this Declaration.

22. A true and correct copy of the first page of Exhibit 25 from the October 13, 2005 deposition of Mr. Albert Jacobs is attached as Exhibit 21 to this Declaration. **Because this document is confidential, it is being submitted to the Court under seal.**

Executed this 31st day of March, 2006.

_____
Timothy Lemper

**CERTIFICATE OF SERVICE**

I hereby certify that this document and exhibits filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 31, 2006.