# UNITED STATES PATENT AND TRADEMARK OFFICE

| | | PAPER NO. |
|---|---|---|
| **SERIAL NO.** **APPLICANT** | | |
| 76/319447 Life is good, Inc. | | |
| **MARK** | | |
| LIFE IS GOOD | | |

| **ADDRESS** THOMAS E. KENNEY PIERCE & MANDELL, P.C. 11 BEACON ST STE 800 BOSTON, MA 02108-3014 | **ACTION NO.** 01 | **ADDRESS:** **Commissioner for Trademarks** **2900 Crystal Drive** **Arlington, VA 22202-3513** **www.uspto.gov** |
|---|---|---|
| | **MAILING DATE** 12/03/01 | If no fees are enclosed, the address should include the words "Box Responses - No Fee." |
| | **REF. NO.** | |
| **FORM PTO-1525 (5-90)**          **U.S. DEPT. OF COMM. PAT. & TM OFFICE** | | Please provide in all correspondence: 1. Filing Date, serial number, mark and Applicant's name. 2. Mailing date of this Office action. 3. Examining Attorney's name and Law Office number. 4. Your telephone number and ZIP code. |

**A PROPER RESPONSE TO THIS OFFICE ACTION MUST BE RECEIVED WITHIN 6 MONTHS FROM THE DATE OF THIS ACTION IN ORDER TO AVOID *ABANDONMENT*.** *For your convenience and to ensure proper handling of your response, a label has been enclosed. Please attach it to the upper right corner of your response. If the label is not enclosed, print or type the Trademark Law Office No., Serial No., and Mark in the upper right corner of your response.*

RE: Serial Number: 76/319447

The assigned examining attorney has reviewed the referenced application and determined the following.

**Registration Refused – Likelihood of Confusion**

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the applicant's mark, when used on or in connection with the identified goods, so resembles the mark in U.S. Registration No. 2044345 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP section 1207. See the enclosed registration.

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion. First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973). Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Pa*        200 USPQ 738 (TTAB 1978).

Exhibit No.: 52
Deponent: Kenney
Date: 11/17/05
Nicole E. Guilbert

**Exhibit 19 to**
**Lemper Declaration**

76/319447                                        -2-

Applicant has applied to register the mark, "LIFE IS GOOD." Registrant uses the identical mark, LIFE IS GOOD."

In comparing the marks, the applicant has applied to use its proposed mark, in pertinent part for "beverages, namely lemonade, spring water, and fruit juice." The registrant uses its mark for "beer." The applicant's goods and the registrant's goods are beverages and are commonly sold in the same retail establishments.

Given the identical marks and the related nature of the goods, the examining attorney concludes that registration of applicant's mark would give rise to a likelihood of confusion under Section 2(d). Therefore registration is refused.

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

The stated refusal refers to Class 032 only and does not bar registration in the other classes. TMEP section 1113.05. Please note, however, that failure to respond to a refusal which pertains to fewer than all classes in an application will result in abandonment of the combined application in its entirety.

The applicant may respond to the stated refusal by doing one of the following:

> (1) amending the application to delete the class to which the refusal pertains;

> (2) traversing the refusal of the combined application as a whole; or

> (3) filing a request to divide the application, so that the mark may be published for opposition in the classes to which the refusal does not pertain (37 C.F.R. Section 2.87; TMEP sections 1105.06 and 1113.03).

If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informalities.

### Identification of Goods

The wording, "onesies," in the identification of goods is a registered mark. See enclosed copy of Registration No. 1292981. The applicant may not use registered marks in the identification of goods. TMEP section 804.07. Therefore, the applicant must amend the identification by substituting the common commercial name of the goods.

The wording, "computer generated video games," in the identification of goods is too broad because it could include items classified in other classes. The applicant may amend the identification to substitute the following wording, if accurate: "video games for use with television." TMEP sections 804 and 804.03.

The wording, "sheets," in the identification of goods is too broad because it could include items classified in other classes. The applicant may amend the identification to substitute the following wording, if accurate: "bed sheets." TMEP sections 804 and 804.03.

76/319447                                   -3-

The wording, "blankets," in the identification of goods is too broad because it could include items classified in other classes. The applicant may amend the identification to substitute the following wording, if accurate: "bed blankets." TMEP sections 804 and 804.03.

The wording, "dust covers," in the identification of goods is too broad because it could include items classified in other classes. The applicant may amend the identification to substitute the following wording, if accurate: "dust covers for (specify the goods with which the covers will be used, e.g., beds, bedspreads)." TMEP sections 804 and 804.03.

The wording, "creams," in the identification of goods is unacceptable as indefinite. The applicant may amend this wording to "(specify the type or purpose of the goods, e.g. body, boot, cold) creams," if accurate. TMEP section 804.

The wording, "lotions," in the identification of goods is unacceptable as indefinite. The applicant may amend this wording to (specify the type or purpose of the goods, e.g., skin, hair, facial) lotions," if accurate. TMEP section 804.

The wording, "after shave," in the identification of goods is unacceptable as indefinite. The applicant may amend this wording to "after-shave lotions" or "after-shave gels," if accurate. TMEP section 804.

The wording, "books," in the identification of goods is unacceptable as indefinite. The applicant may amend this wording to "books, namely (indicate the subject matter, e.g., novels, biographies, legal treatises) if accurate. TMEP section 804.

The wording, "seeds," in the identification of goods is unacceptable as indefinite. The applicant may amend this wording to "plant seeds," if accurate. TMEP section 804.

The wording, "plants," in the identification of goods is unacceptable as indefinite. The applicant may amend this wording to "living plants," if accurate. TMEP section 804.

The wording, "paints" in the identification of goods is unacceptable as indefinite. The applicant may amend this wording to "(specify the type or use of the goods, e.g., house, interior, artists') paints," if accurate. TMEP section 804.

### Additions to the Identification of Goods Are Not Permitted
Please note that, while an application may be amended to clarify or limit the identification, additions to the identification are not permitted. 37 C.F.R. Section 2.71(a); TMEP section 804.09. Therefore, the applicant may not amend to include any goods that are not within the scope of goods set forth in the present identification.

### Classification of Goods
The applicant has classified "paint" in International Class 025. The correct classification is International Class 002. The applicant must either delete "paint" or add International Class 002 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

-4-

The applicant has classified "creams and lotions, perfume, cologne, after shave...incense." in International Class 025. The correct classification is International Class 003. The applicant must either delete "creams and lotions, perfume, cologne, after shave...incense." or add International Class 003 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "candles" in International Class 025. The correct classification is International Class 004. The applicant must either delete "candles" or add International Class 004 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "sunglasses, computer-generated video games" in International Class 025. The correct classification is International Class 009. The applicant must either delete "sunglasses, computer-generated video games," or add International Class 009 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "bicycles, tricycles" in International Class 025. The correct classification is International Class 012. The applicant must either delete "bicycles, tricycles" or add International Class 012 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "jewelry, watches and clocks" in International Class 025. The correct classification is International Class 014. The applicant must either delete "jewelry, watches and clocks" or add International Class 014 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "calendars, books" in International Class 025. The correct classification is International Class 016. The applicant must either delete "calendars, books" or add International Class 016 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "backpacks, umbrellas, wallets, pocketbooks, dog leashes, cat leashes, dog collars, cat collars, luggage," in International Class 025. The correct classification is International Class 018. The applicant must either delete classified "backpacks, umbrellas, wallets, pocketbooks, dog leashes, cat leashes, dog collars, cat collars, luggage," or add International Class 018 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "picture frames, beach chairs" in International Class 025. The correct classification is International Class 020. The applicant must either delete "picture frames, beach chairs" or add International Class 020 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "pet bowls for eating and drinking" in International Class 025. The correct classification is International Class 021. The applicant must either delete "pet bowls for eating and drinking" or add International Class 021 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

-5-

The applicant has classified "tents" in International Class 025.  The correct classification is International Class 022. The applicant must either delete "tents" or add International Class 022 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "sheets, pillow cases, blankets, dust covers, comforters, towels," in International Class 025. The correct classification is International Class 024. The applicant must either delete "sheets, pillow cases, blankets, dust covers, comforters, towels," or add International Class 024 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "wallpaper" in International Class 025.  The correct classification is International Class 027. The applicant must either delete "wallpaper" or add International Class 027 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "toys, namely plastic action figures, plastic balls, rubber balls, and plush balls, recreational products, namely plastic flying discs, skateboards, surfboards, snowboards, skis, and in-line skates, balloons," in International Class 025.  The correct classification is International Class 028. The applicant must either delete "toys, namely plastic action figures, plastic balls, rubber balls, and plush balls, recreational products, namely plastic flying discs, skateboards, surfboards, snowboards, skis, and in-line skates, balloons," or add International Class 028 to the application.  37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "food products, namely pizza, breakfast cereal," in International Class 025.  The correct classification is International Class 030. The applicant must either delete "food products, namely pizza, breakfast cereal," or add International Class 030 to the application.  37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "seeds, plants" in International Class 025. The correct classification is International Class 031. The applicant must either delete "seeds, plants" or add International Class 031 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

The applicant has classified "beverages, namely lemonade, spring water and fruit juice" in International Class 025. The correct classification is International Class 032. The applicant must either delete "beverages, namely lemonade, spring water and fruit juice" or add International Class 032 to the application. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805.03 and 1401.

### Combined or Multi-Class Application
The application identifies goods that may be classified in several international classes. Therefore, the applicant must either: (1) restrict the application to the number of classes covered by the fee already paid, or (2) pay the required fee for each additional class. 37 C.F.R. Section 2.86(a)(2); TMEP sections 810.01 and 1113.01.

The fee for filing a trademark application is $325 for each class. 37 C.F.R. Section 2.6(a)(1).

If the applicant prosecutes this application as a combined, or multiple-class, application, the applicant must comply with each of the following.

76/319447                                          -6-

(1) The applicant must list the goods by international class with the classes listed in ascending numerical order. TMEP section 1113.01.

(2) The applicant must submit a filing fee for each international class of goods not covered by the fee already paid. 37 C.F.R. Sections 2.6(a)(1) and 2.86(b); TMEP sections 810.01 and 1113.01. The fee for filing a trademark application is \$325 for each class.

## Claim of Ownership
If the applicant is the owner of Registration Nos. 2025737 and 2481887, the applicant must submit a claim of ownership. 37 C.F.R. Section 2.36; TMEP section 812.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.


                    R. Kenneth Williams
                    Trademark Attorney
                    Law Office 109
                    (703) 308-9109, Ext. 261

[Typed Drawing]

Mark
      LIFE IS GOOD

Goods and Services
      IC  032.  US 045 046 048.  G & S: beer.  FIRST USE: 19950301. FIRST USE
      IN COMMERCE: 19950301

Mark Drawing Code
      (1) TYPED DRAWING

Serial Number
      74593136

Filing Date
      October 31, 1994

Filed ITU
      FILED AS ITU

Publication for Opposition Date
      July 18, 1995

Registration Number
      2044345

Registration Date
      March 11, 1997

Owner Name and Address
      (REGISTRANT) Miller Brewing Company CORPORATION WISCONSIN 3939 West
      Highland Boulevard Milwaukee WISCONSIN 53208

Type of Mark
      TRADEMARK

Register
      PRINCIPAL

Live Dead Indicator
      LIVE

Attorney of Record
      Marta S. Levine

*** Search: 3 *** Document Number: 238 ***

# onesies

**Mark**
ONESIES

**Pseudo Mark**
1 SIZE

**Goods and Services**
IC 025.  US 039.  G & S: Infant's and Children's Underwear.  FIRST USE:
19820818.  FIRST USE IN COMMERCE: 19820818

**Mark Drawing Code**
(5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM

**Serial Number**
73404862

**Filing Date**
December 6, 1982

**Publication for Opposition Date**
June 12, 1984

**Registration Number**
1292981

**Registration Date**
September 4, 1984

**Owner Name and Address**
(REGISTRANT) Gerber Products Company CORPORATION MICHIGAN 445 State St.
Fremont MICHIGAN 49412

**Assignment Recorded**
ASSIGNMENT RECORDED

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Affidavit Text**
SECT 15.  SECT 8 (6-YR).

**Live Dead Indicator**
LIVE

**Attorney of Record**
C. Robert Kase

*** Search: 2 *** Document Number: 4 ***

```
***  User: rwilliams    ***  Serial Number: 75066995  ***  11/28/01 2:13:25 PM  *
                              [Typed Drawing]
```

Mark
     LIFE IS GOOD

Goods and Services
     IC  025.  US 022 039.  G & S: sportswear, namely, T-shirts, sweatshirts,
     shirts, hats, pants, and shorts.  FIRST USE: 19940601. FIRST USE IN
     COMMERCE: 19950127

Mark Drawing Code
     (1) TYPED DRAWING

Serial Number
     75066995

Filing Date
     March 4, 1996

Publication for Opposition Date
     October 1, 1996

Registration Number
     2025737

Registration Date
     December 24, 1996

Owner Name and Address
     (REGISTRANT) Jacobs Gallery composed of Albert Jacobs and John Jacobs,
     both U.S. citizens PARTNERSHIP MASSACHUSETTS 299 Elliott St., Suite 2
     Newton MASSACHUSETTS 02161

Assignment Recorded
     ASSIGNMENT RECORDED

Type of Mark
     TRADEMARK

Register
     PRINCIPAL

Live Dead Indicator
     LIVE

Attorney of Record
     Robert R. Pierce

```
*** Search: 3 *** Document Number: 194 ***
```

# LIFE IS GOOD

Mark
        LIFE IS GOOD

Goods and Services
        IC 016.  US 002 005 022 023 029 037 038 050.  G & S: printed matter,
        namely posters, greeting cards, stationary, and bumper stickers.  FIRST
        USE: 19940601.  FIRST USE IN COMMERCE: 19950127

Mark Drawing Code
        (1) TYPED DRAWING

Serial Number
        75939492

Filing Date
        March 9, 2000

Publication for Opposition Date
        June 5, 2001

Registration Number
        2481887

Registration Date
        August 28, 2001

Owner Name and Address
        (REGISTRANT) Life is good, Inc. CORPORATION MASSACHUSETTS 140 Crescent
        Road Needham MASSACHUSETTS 02494

Type of Mark
        TRADEMARK

Register
        PRINCIPAL

Live Dead Indicator
        LIVE

Attorney of Record
        THOMAS E. KENNEY

*** Search: 2 *** Document Number: 4 ***



Gibney,
Anthony &
Flaherty, LLP

Attorneys at Law

665 FIFTH AVENUE
NEW YORK, NY 10022-5305
212.688.5151
212.688.8315 FAX
www.gibney.com

January 31, 2005

Thomas E. Kenney
Pierce & Mandell, P.C.
11 Beacon Street
Suite 800
Boston, MA 02108

Re:    Rolex Advertisement

Dear Mr. Kenney:

This firm represents Rolex Watch U.S.A., Inc. ("Rolex")

Rolex has referred to us your letter, dated January 19, 2005 re: Rolex advertisement. Please be advised that we are looking at this matter and we will reply in writing shortly.

Very Truly Yours,

Peter Cousins (SK)
Peter Cousins

Exhibit No.: 53
Deponent: Kenney
Date: 11/17/05
Nicole E. Guilbert

001177

S:\CORPORAT\00601\01068\SK0505.DOC

ASSOCIATED OFFICES    GROS & WALTENSPUHL 9, RUE BEAUREGARD 1204 GENEVA, SWITZERLAND  TEL 022.311.3833
MAGRATH & CO  52-54 MADDOX STREET  LONDON W1R 9FA, UNITED KINGDOM  TEL 017.495.3003

# PIERCE & MANDELL, P.C.
ATTORNEYS AT LAW

11 BEACON STREET, SUITE 800
BOSTON, MASSACHUSETTS 02108

617-720-2444
FAX 617-720-3693

WWW.PIERCEMANDELL.COM

January 19, 2005

BY CERTIFIED MAIL RETURN RECEIPT
REQUESTED AND U.S. MAIL
Rolex Watch U.S.A., Inc.
Rolex Building
665 Fifth Avenue
New York, NY 10022

Re: Life is good, inc.

Dear Sir/madam:

This firm represents Life is good, Inc., of Boston,
Massachusetts ("Life is good"). Life is good is in the business
of designing, manufacturing, and selling a variety of products
including, without limitation, hats, T-shirts and other casual
clothes, coffee mugs, posters, bumper stickers, and postcards.
Life is good sells many of its products under the "Life is good"
trademark. Life is good is the owner of the right, title and
interest in five (5) U.S. registered trademarks for "Life is
good." Life is good has been selling goods bearing the "Life is
good" trademark since at least as early as 1994. Life is good
considers its rights in the "Life is good" trademarks to be among
its most valuable assets.

We recently learned that Rolex is featuring the mark "LIFE
IS GOOD" in advertisements for its watches. I note that the
"LIFE IS GOOD" mark is being used in connection with magazine
advertisements for Rolex's "Oyster Perpetual Explorer" watch.
The advertisement is also shown at Rolex's internet website,
www.rolex.com. The copying of Life is good's trademark is likely
to cause confusion as to the source of the goods, as well as the
affiliation or relationship between Life is good and Rolex.
Further, such use by you appears to constitute infringement of
Life is good's trademark rights.

Life is good considers this to be a very serious matter.
However, Life is good would be interested in trying to resolve
this matter short of protracted litigation. Therefore, I ask
that you or your representative contact me within the next

001012

Rolex Watch U.S.A., Inc.
January 19, 2005
Page Two

fourteen (14) days so that we can discuss this matter in more
detail.

                              Very truly yours,

                              Thomas E. Kenney

cc:  Mr. Albert Jacobs
     Life is good, Inc.

001013



## FOUR DAYS WITHOUT SLEEP, NO OXYGEN AND A BLIZZARD IS COMING.
# LIFE IS GOOD.

Jean Troillet's philosophy is simple: climb the highest summits without oxygen, as rapidly as possible, with a minimum of equipment. And, when possible, take a route nobody's ever taken. Incredibly, this plan has taken him to the peaks of Everest, K2, Kanchenjunga, Lhotse and many of the world's other highest peaks. However, his zest for challenge is not limited to mountains. He's attempted to cross the Arctic Circle on skis pulled by reindeer. And he's proved himself a champion sailor. In Jean Troillet's own words: "You cannot be cured of a passion, you would like it to be contagious."

0087

0870





## ROLEX

OYSTER PERPETUAL EXPLORER · WWW.ROLEX.COM

FOR AN OFFICIAL ROLEX JEWELER CALL 1-800-367-6539. ROLEX & OYSTER PERPETUAL AND EXPLORER ARE TRADEMARKS

NEW YORK

ISAACMAN-KAUFMAN-ETAL 323 782 7744 TO 8204449161772036 P.02/04

LAW OFFICES
**ISAACMAN, KAUFMAN & PAINTER**
A PROFESSIONAL CORPORATION

8484 WILSHIRE BOULEVARD, SUITE 850
BEVERLY HILLS, CALIFORNIA 90211
(323) 782-7700

000816

STEVEN H. BLACKMAN
WILLIAM S. COHEN*†
NEIL B. FISCHER
ROBERT S. FREIMUTH
PHALEN G. HUREWITZ
ALAN L. ISAACMAN*
BRIAN W. KAUFMAN
STEVEN R. LOWY
MICHAEL A. PAINTER
ANDREW S. ZUCKER

FAX NUMBER
(323) 782-7744

e-mail:
ikp@ikplaw.com

September 12, 2001

*A PROFESSIONAL CORPORATION
†ALSO ADMITTED IN NEW YORK

Exhibit No.: 54
Deponent: Keaney
Date: 11705
Nicole E. Guilbert

OUR FILE NO.
20444.000

Robert R. Pierce, Esq.
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, Massachusetts 02108-3002

Re:  LIFE IS GOOD

Dear Mr. Pierce:

     This is to acknowledge our prior conversation and
receipt of your correspondence dated September 5, 2001 regarding
my client's use of the above term for a promotional effort in
connection with its line of athletic shoes.  It is my understand-
ing the term was used in connection with material distributed at
the recent MAGIC show in Las Vegas specifically to promote
footwear sold under the AVIA trademark.  In addition, the term
has been used on my client's Internet site in connection with the
promotion of its athletic shoes.  In no case is the term used as
a trademark to designate any goods whatsoever.

     As I advised you, prior to receipt of a telephone call
apparently from one of your clients, we had absolutely no knowl-
edge of your client, Life is good, inc. or the trademark at
issue.  However, based upon the allegations presented in your
correspondence, we considered it prudent to conduct our own
review regarding the protection to be afforded the above term.
To be candid, our search would appear to mitigate your claim of
exclusivity regarding use of the term for any goods or services
other than those specifically related to your client's use.

SEP 12 2001 13:28 FR ISHHUMAN-KAUFMAN-ETAL323 782 7744 TO 8204449161772036 P.03/04

LAW OFFICES
ISAACMAN, KAUFMAN & PAINTER
A PROFESSIONAL CORPORATION

000817

Robert R. Pierce, Esq.
Page 2
September 12, 2001

        Irrespective of the two registrations identified in
your correspondence, the records of the Patent Office reflect
three additional registrations of the mark LIFE IS GOOD or
formatives thereof.  These consist of:

        1.   LIFE IS GOOD (Registration No. 2,044,345)
owned by Miller Brewing Company for beer;

        2.   LIFE IS GOOD ... THERE'S ICE CREAM! (Regis-
tration No. 2,302,299) owned by Mainsail, Inc. for ice cream and
like products; and

        3.   LIFE IS GOOD. WE MAKE IT BETTER (Registration
No. 2,283,346) owned by Da Vinci Gourmet Ltd. for wholesale
distributorship, retail outlets, mail order and on-line order
services featuring gourmet flavoring syrups, sauces and
confections.

It would certainly appear that anyone may use and register the
LIFE IS GOOD mark so long as the goods and/or services are
unrelated.  Irrespective of any other fact, we believe our use of
the phrase LIFE IS GOOD in connection with the advertising and
promotion of athletic shoes is unrelated to the goods identified
in the '887 and '737 registrations.

        Despite our skepticism concerning your allegations, my
client has elected to discontinue use of the LIFE IS GOOD term
for the purpose of advertising and promoting the sale of its
footwear.  This will include use of the mark as ornamentation on
any item distributed at trade shows or the like and discontinu-
ance of the term on its website.  To avoid any misunderstandings,

SEP 12 2001 13:28 FR ISAACMAN-KAUFMAN-ETAL323 782 7744 TO 8204449161772036 P.04/04

**LAW OFFICES**
## ISAACMAN, KAUFMAN & PAINTER
A PROFESSIONAL CORPORATION

000818

Robert R. Pierce, Esq.
Page 3
September 12, 2001

these actions are being taken by my client solely to preclude
either party from unnecessarily expending time and money.  I have
been advised these actions will be taken expeditiously.

        Based on the above, we consider this dispute to be
closed.  However, if you feel further discussion is warranted,
please do not hesitate to contact me.

                    Very truly yours,

                    Michael A. Painter of
                    ISAACMAN, KAUFMAN & PAINTER

MAP:src
cc:  American Sporting Goods Corporation
**VIA FAX**

# PIERCE & MANDELL, P.C.
### ATTORNEYS AT LAW

11 BEACON STREET, SUITE 800
BOSTON, MA 02108-3002

617-720-2444
FAX 617-720-3693

000819

September 12, 2001

**BY FACSIMILE**
Michael A. Painter, Esquire
Isaacman, Kaufman & Painter
8484 Wilshire Boulevard, Suite 850
Beverly Hills, CA  90211

**Re:  Life is good, Inc. v. American Sporting Goods**

Dear Mr. Painter,

You will recall that I sent you a letter on September 5, 2001.  We had spoken earlier that day about our claims that your client Avia is infringing upon Life is good's "Life is good" trademark.  We demanded a response by September 11.  Obviously, I am mindful of the fact that Los Angeles was largely shut down yesterday, but we do expect a response by tomorrow.

I look forward to hearing from you.

Sincerely,

Robert R. Pierce

Cc:  Mr. Albert Jacobs
     Mr. Sam Reid

# MEMORY TRANSMISSION REPORT

```
TIME       : SEP-12-2001  03:03PM
TEL NUMBER : +1-6177203693
NAME       : PIERCE & MANDELL, PC
```

| | | |
|---|---|---|
| FILE NUMBER | : | 652 |
| DATE | : | SEP-12 03:01PM |
| TO | : | 13237827744 |
| DOCUMENT PAGES | : | 002 |
| START TIME | : | SEP-12 03:02PM |
| END TIME | : | SEP-12 03:03PM |
| SENT PAGES | : | 002 |
| STATUS | : | OK |

000820

FILE NUMBER    : 652          *** SUCCESSFUL TX NOTICE ***

## FAX TRANSMITTAL SHEET

### PIERCE & MANDELL, P.C.
Attorneys At Law
11 Beacon Street, Suite 800
Boston, MA 02108

Phone: (617) 720-2444
Fax: (617) 720-3693

DATE:      September 12, 2001

TO:        Michael A. Painter, Esq.

NO. OF PAGES (including cover page):    2

FAX NO.    323-782-7744

FROM:      Robert R. Pierce

COMMENTS:       Please note the attached.

**NOTICE**
THIS FAX IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM IT
IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED,
CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.
IF YOU ARE NOT THE INTENDED RECIPIENT, ANY DISSEMINATION,
DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE
ORIGINAL FAX TO US AT THE ABOVE ADDRESS BY FIRST CLASS MAIL.
THANK YOU.

*IMPORTANT*
Please call Andrea Askew at (617) 720-2444 if you are experiencing any difficulty with the
receipt of this fax. Thank you.

# PIERCE & MANDELL, P.C.
### ATTORNEYS AT LAW

11 BEACON STREET, SUITE 800
BOSTON, MA 02108-3002

617-720-2444
FAX 617-720-3693

000821

September 5, 2001

**BY FAX AND U.S. MAIL**

Michael A. Painter, Esq.
Isaacson, Kaufman & Painter
8484 Wilshire Boulevard, Suite 850
Beverly Hills, CA 90211

     Re: <u>Life is good, inc.</u>

Dear Mr. Painter:

     Thank you for taking the time to speak with me today. As we discussed, this firm represents Life is good, inc., of Derry, New Hampshire. Life is good, through its licensee, Q-Mingo, Inc. d/b/a The Shirt Factory, is in the business of designing, manufacturing, and selling a variety of clothing articles and other products. Life is good sells many of its goods under the "Life is Good" trademark. Life is good is the owner of the right, title, and interest of the U.S. Registration No. 2,025,737 for clothing in class 25. Also, Life is good registered the trademark "Life is Good" in connection with posters, greeting cards, stationery and bumper stickers, in class 16, Registration No. 2,481,887. Life is good has been selling products bearing the "Life is Good" trademark since at least as early as 1994. Life is good considers its "Life is Good" trademark to be among its most valuable assets.

     We recently learned that your client American Sporting Goods d/b/a Avia ("Avia") is currently conducting a marketing campaign for its products using the "Life is Good" slogan to assist in the sales of its products. We also learned that Avia is distributing T-Shirts bearing the "Life is Good" trademark at the recent MAGIC sporting goods show in Las Vegas. Moreover, Avia's website (www.avia.com) uses the "Life is Good" slogan in order to entice buyers to purchase goods from Avia. We also believe that Avia is using the "Life is Good" slogan in connection with print advertising.

     Avia's distribution of apparel bearing the "Life is Good" mark, as well as the use of the "Life is Good" slogan in connection with an advertising and marketing campaign, is likely to

Michael A. Painter, Esq.
September 5, 2001
Page 2

000822

cause confusion as to the source of the goods, as well as the affiliation or relationship between Life is good, Inc. and Avia. Based on Life is good's use of its mark over the last 7 years and the level of popularity it has attained, the public is likely to believe that Life is good has somehow sanctioned Avia's use of its mark. This attempted usurpation of Life is good's rights constitutes trademark infringement under both state and federal law. In addition, Avia's actions constitute violations of 15 U.S.C. sec. 1125 (a) (false designation of origin), as well as violations of other state and federal laws.

There is certainly a great deal of overlap between your client's products and marketing channels and that of Life is Good and Q-Mingo. By way of example, but without limitation, the overlap is as follows:

A. Both parties sell their goods through sporting goods and outdoor stores. The overlap of stores is evidenced by the fact that both Avia and my client sells goods to Bob's Stores, Decathalon Sports (formerly MVP), Galleons, and City Sports, among many others.

B. The customer base for Avia and my client is largely the same.

C. My client and Avia both display at the Supershow in Las Vegas, the world's largest sporting goods show, as well as MAGIC, and possibly other shows.

D. Both parties sell apparel.

Based on the foregoing, Life is good hereby demands as follows:

1. That Avia immediately cease and desist the distribution (whether sold or given away) of any and all goods that bear the "Life is Good" name;

2. That Avia immediately modify its website to delete any reference to the slogan "Life is Good," and that any other advertisements or marketing materials that bear that slogan be immediately destroyed;

3. That Avia immediately cancel and withdraw any advertisements that may be scheduled in which the "Life is Good" name is used;

5. That Avia immediately advise Life is good of the name and address of each and every party that has manufactured and/or distributed goods bearing the "Life is Good" trademark;

6. That Avia immediately inform the undersigned of any and all uses of the "Life is Good" name at any time;

Michael A. Painter, Esq.
September 5, 2001
Page 3

000823

    7. That any and all shirts, marketing and advertising materials and other goods bearing the "Life is Good" name immediately be destroyed; and

    8. That within seven days of today, Avia provide to the undersigned an affidavit confirming that all of the foregoing demands have been met.

    Be forewarned that Life is Good considers this to be a matter of grave import, and will exercise any and all of its rights, at law or in equity, to enforce its well-established trademark rights. As this is a matter of great urgency, I shall expect your response no later than September 11, 2001.

                   Very truly yours,

                   *Robert R. Pierce* aa

                   Robert R. Pierce

cc: Mr. Albert Jacobs
    Samuel R. Reid, Esq.

ip
Patents, Trademarks,
Copyrights, Trade Secrets,
Transactions & Government Contracts

**Mark Young P.A.**
*9951 Atlantic Blvd., Suite 227*
*Jacksonville, Florida 32225*
*Phone: 904-721-0600*
*Cell: 904-571-8141*
*Fax: 904-721-0686*

E-mail: myoung@myoungpa.com

**000894**

August 26, 2004

:NLC04.001.1

Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, Massachusetts 02108

Via Facsimile
Original by Certified Mail

Attention:    Thomas E Kenney, Esq.

Re:    Natural Life Collections, Inc.
       Our Ref: NLC04-001

Dear Mr. Kenney:

As counsel for Natural Life Collections, Inc. ("Natural Life"), I have reviewed your correspondence dated June 26, 2004, wherein you allege that Natural Life has violated your client's intellectual property rights. I disagree with your allegations.

Natural Life uses the phrase LIFE IS GOOD in a fair, non-infringing, ornamental manner, which is not likely to cause confusion as to source, affiliation or sponsorship. The inspirational phrase is not used as a trademark and would not lead consumers to conclude any association with your client exists. Instead, products sold by Natural Life prominently feature sentimental phrases as key decorative features. LIFE IS GOOD is but one of many such phrases displayed on Natural Life's products.

Of course, your client did not coin the phrase LIFE IS GOOD. Instead, the inspirational phrase has been around for ages. It is the title of popular music, magazine articles, publications in the Library of Congress database, and works in Copyright Office registration database. It occurs countless times in novels and has long adorned greeting cards. Natural Life's use of the phrase conforms to the public's perception as a sentimental message.

Natural Life's use of the phrase LIFE IS GOOD is also quite dissimilar from your client's mark in appearance. As an initial point of dissimilarity, your client seems to consistently display its mark in a dark uniform color, with a capital L and the remaining letters in lower case, in a very distinct typeface, with several of the letters horizontally unaligned, an with a registration symbol (even when displayed on products not covered by any registration). In sharp contrast, Natural Life's products display the phrase with noticeably different typeface, in various colors, in various horizontal, angled and vertical arrangements, sometimes with capitalized words and other times with lower case words or combinations thereof, always without any proprietary notice. Typically, your client conspicuously displays a distinctive character "Jake" or a "dog"

Exhibit No.: 55
Deponent: Kenney
Date: 11705
Nicole E. Guilbert

Thomas E Kenney, Esq.
August 26, 2004                          000895
Page 2 of 3

with its products. However, Natural Life never displays its mark with any designs that are even remotely similar to those characters.

Dissimilarities between the goods also weigh heavily against any likelihood of confusion. My client displays the phrase for the most part on keepsakes, picture frames, pillows, magnets and other decorative items. In contrast, your client mainly sells clothing under its mark. With the exceptions of mugs and pictures, which have entirely dissimilar physical properties and artwork from your client's products, there seems to be no overlap whatsoever in the product offerings.

The purchasing conditions also preclude any possibility of confusion. Natural Life's products are sold with other similar products that also display sentimental phrases such as "LIVE LOVE LAUGH," "ENJOY LIFE," and "FAITH HOPE LOVE." Merchants sell the products from ornamental point of sale displays that prominently feature the mark NATURAL LIFE GIVE. LOVE. LAUGH (as shown in the attachment). While consumers recognize NATURAL LIFE as a trademark, they perceive LIFE IS GOOD and the many other sentimental phrases displayed on the products as ornamentation and inspirational messages, rather than as an indicator of source.

Moreover, based upon our review of your client's pending applications and issued registrations, I believe Natural Life will be able to prove priority. Natural Life commenced business in 1995 (as Mimi's Things Too, Inc.), with promotion and sales of products displaying the LIFE IS GOOD phrase occurring soon thereafter. This antedates the application filing date of every one of your client's issued and prospective registrations, meaning that your client would be relegated to its territorially limited common law rights in a priority contest. This date also precedes most dates of first use alleged by your client in its applications and registrations, with the sole exception of Reg. No. 2,481,887, which we believe covers products not sold by either party.

As we honestly believe that Natural Life is not violating your client's rights, Natural Life is not prepared to phase-out use of the phrase LIFE IS GOOD on its products. Please understand that Natural Life has gone to great lengths to cultivate a unique and valuable trade identity based on its artistic hand-made keepsake items. We hope that your client will reconsider its position and conclude that the products can peacefully co-exist. However, in the event your client decides to initiate a lawsuit, you will leave Natural Life no choice but to aggressively defend its substantial investment, which may include (without limitation) asserting priority, pursuing cancellation of your client's registrations and advancing various legal and equitable defenses.

This letter is written without prejudice to or waiver of Natural Life's rights, remedies and defenses, all of which are expressly reserved.

Thomas E Kenney, Esq.
August 26, 2004
Page 3 of 3

000896

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Mark J. Young

Attachment:  as stated

·c:     Patricia L. Hughes

# natural life

### give love laugh

000897







# PIERCE & MANDELL, P.C.
### ATTORNEYS AT LAW

000898

11 BEACON STREET, SUITE 800
BOSTON, MASSACHUSETTS 02108

---

**617-720-2444**
FAX 617-720-3693

WWW.PIERCEMANDELL.COM

June 26, 2004

BY FAX (1-904-241-4006)
and U.S. MAIL
Natural Life
ATTN: President
1351 13th Avenue South
Suite 100
Jacksonville Beach, FL 32250

Re: <u>Infringement of "Life is good" Trademarks</u>

Dear Sir/Madam:

This firm represents Life is good, Inc. ("Life is good") of Boston, Massachusetts. Life is good is in the business of designing, manufacturing, and selling a variety of products including, without limitation, T-shirts, hats and other casual clothes, posters, bumper stickers, postcards, and ceramic mugs. Life is good sells many of its goods under the "Life is good" trademark. Life is good is the owner of the right, title and interest in four U.S. registered trademarks for "Life is good," including one registration that specifically covers printed matter (No. 2,481,887) and another that specifically covers ceramic mugs (No. 2,692,561). Life is good has been selling goods bearing the "Life is good" trademarks since at least as early as 1994. Life is good considers its rights in the "Life is good" trademarks to be among its most valuable assets.

Life is good has recently learned that you are selling (at your internet web site located at www.naturallife.net and perhaps elsewhere) various products, including mugs and printed matter, which contain the "Life is good" mark. These products (hereinafter the "Infringing Products") illegally misappropriate the "Life is good" trademarks. Life is good has not and will not authorize you to offer for sale these Infringing Products. Your company's manufacture and/or sale of the Infringing Products is likely to cause confusion as to the source of the products, as well as the possible affiliation or relationship between Life is good and your company. Further, your use of Life is good's trademarks on the Infringing Products disparages the significant goodwill that my client has developed in those trademarks. Thus, your actions constitute trademark infringement under state and federal law, as well as unfair competition and unfair business practices.



000899

Natural Life
ATTN: President
June 26, 2004
Page Two

Based on the foregoing, Life is good hereby demands as follows:

1. That your company immediately cease and desist the manufacture, sale and/or advertisement of the Infringing Products;

2. That your company immediately remove all images or references to the Infringing Products from your internet web site and from any catalogs or other advertisements you distribute;

3. That all of the Infringing Products in your possession, custody or control be immediately destroyed;

4. That your company provide an accounting, and pay to Life is good any profits earned as a result of any sales of the Infringing Products;

5. That you provide Life is good with the name and address of all parties that supplied you with the Infringing Products; and

6. That you provide Life is good with a sworn affidavit certifying that you have complied with the following five demands.

Be forewarned that Life is good considers this to be a matter of grave import. Thus, I shall expect your response no later than Friday, July 2, 2004.

Nothing herein shall be construed as a waiver or relinquishment of any rights that Life is good has, either at law or at equity.

Govern yourself accordingly.

Very truly yours,

Thomas E. Kenney

cc:    Mr. Albert Jacobs

# MEMORY TRANSMISSION REPORT

000900

```
TIME      : JUN-26-2004  10:14AM
TEL NUMBER : +16177203693
NAME      : PIERCE & MANDELL,PC
```

| | | |
|---|---|---|
| FILE NUMBER | : | 925 |
| DATE | : | JUN-26 10:13AM |
| TO | : | 19042414006 |
| DOCUMENT PAGES | : | 003 |
| START TIME | : | JUN-26 10:13AM |
| END TIME | : | JUN-26 10:14AM |
| SENT PAGES | : | 003 |
| STATUS | : | OK |

FILE NUMBER    : 925         *** SUCCESSFUL TX NOTICE ***

## FAX TRANSMITTAL SHEET

### PIERCE & MANDELL, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108

Phone:  (617) 720-2444
Fax:    (617) 720-3693

**DATE:**    June 26, 2004

**TO:**    Natural Life

**FAX NO:**    1-904-241-4006

**NO. OF PAGES** (including cover page): 3

**COMMENTS:** Please note the attached.  Thank you.

**FROM:**    Thomas E. Kenney

**\*\*NOTICE\*\***
THIS FAX IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM
IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED,
CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF
YOU ARE NOT THE INTENDED RECIPIENT, ANY DISSEMINATION,
DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY
PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL
FAX TO US AT THE ABOVE ADDRESS BY FIRST CLASS MAIL.  THANK YOU.

Please call Phil at (617) 720-2444 if you have any problems with
the receipt of this fax.  Thank you.

# FAX TRANSMITTAL SHEET

## PIERCE & MANDELL, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108

000901

Phone:  (617) 720-2444
Fax:  (617) 720-3693

**DATE:** June 26, 2004

**TO:** Natural Life

**FAX NO:** 1-904-241-4006

**NO. OF PAGES** (including cover page): 3

**COMMENTS:** Please note the attached.  Thank you.

**FROM:** Thomas E. Kenney

---

### **NOTICE**

THIS FAX IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM
IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED,
CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF
YOU ARE NOT THE INTENDED RECIPIENT, ANY DISSEMINATION,
DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY
PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL
FAX TO US AT THE ABOVE ADDRESS BY FIRST CLASS MAIL.  THANK YOU.

---

Please call Phil at (617) 720-2444 if you have any problems with
the receipt of this fax.  Thank you.



PRODUCTION OFFICE

000902

1351 13th avenue south
suite 100
jacksonville beach, fl 32250

fax:
904 241 4006

email:
info@naturallife.net

 home

products ● artwork ● ordering ● ads&editorials
how to reach us ● our story ● wholesale information

●

000903

REDACTED



000904





**MUG001**
*life is good*

**MUG002**
*sisters are friends forever*

**MUG003**
*there's an angel watching over*







**MUG004**
*work like you don't need the money,*
*dance like no one is watching,*
*love like you have never been hurt*

**MUG005**
*friends are angels*
*following you through life*

**MUG006**
*shoot for the moon, even if you ?*
*you'll land among the stars.*

 h o m e

**p r o d u c t s ● a r t w o r k ● o r d e r i n g ● a d s & e d i t o r i a l s**
**h o w t o r e a c h u s ● o u r s t o r y ● w h o l e s a l e i n f o r m a t i o n**

6/24/2004



October 19, 2005

Mark J. Young, Esq.
Mark Young P.A.
9951 Atlantic Blvd., Suite 227
Jacksonville, FL 32225

Re: Natural Life – Use of "Life is good" Trademarks

Dear Mr. Young:

I am general counsel for Life is good, Inc. ("Life is good") of Boston, Massachusetts. I am privy to your August 26, 2004 correspondence with our outside counsel, Tom Kenney regarding use of the "Life is good" trademark, in which you allege that Natural Life's use of "Life is good" is senior to that of Life is good, Inc.

Inasmuch as your statement came as a surprise to us, I am writing to request that you provide me with evidence of the manner and date of your claimed first use of "Life is good" so that I may consider it in determining how to proceed. I appreciate your prompt response. Thank you.

Very truly yours,

Karen W. Oliver, Esq.
General Counsel

cc: Thomas E. Kenney, Esq.

002130

**Life is good, Inc.**
15 HUDSON PARK DRIVE · HUDSON, NH 03051
T 603 594 6100 · F 603 579 4714 · Toll-free 1 800 606 4604

**From:** Shawn R. White [mailto:shawn@lifeisgood.com]
**Sent:** Wednesday, June 23, 2004 7:11 AM
**To:** Bert
**Cc:** rich cremin
**Subject:** Trademark violation to pass along
**Importance:** High



Fonzo,

Another trademark violation.  This company..Naturallife.net is selling all sorts of "Life is good" stuff.

Phone number is 1-800-884-3856

> ☒ h_artwork.gif (1715 bytes)

11/12/2005

002713

**products** ● **artwork** ● ordering
how to reach us ● **our story**

**From:** Ken Hastings [mailto:ken@lifeisgood.com]
**Sent:** Monday, October 24, 2005 3:16 PM
**To:** Fonz; Shawn White
**Subject:** www.naturallife.net selling Life is good items!

Fonz, Shawn,

While my ladies were shopping on Friday they walked into Firefly at 270 Newbury Street and found products manufactured by Naturallife which are infringing on our name. Thought you might want to send a cease and desist. There are a ton of items on the website with Life is good on them

www.naturallife.net

Here are some examples I pulled up so it would be easier for you:

http://www.naturallife.net/store.htm

| | |
|---|---|
| FHFR07 | Life is good wall frame |
| FFO6 | Life is good felt photo frame |
| WPH4B | Life is good wire posters |
| WDSN003 | Life is good wood sign |
| AH4B | Life is good hooks |
| MH4BC | Life is good corner magnets |
| CDLT01 | Life is good candle tins |
| CDLTN01 | Life is good bandage tins |

11/12/2005

002676

PMMB02    Life is good painted metal magnet boards
MEMB03    Life is good meme cubes
RNO119    Life is good wooden boxes

Enjoyed last week, hated to leave. Keep up the great work.

**Ken Hastings**
*Life is good*
Phone:    615-790-9700
Fax:      615-794-1766
Cell:     615-300-4008
E-mail    ken@lifeisgood.com



**From:** Kerrie Gross [mailto:kerrie@lifeisgood.com]
**Sent:** Thursday, February 03, 2005 4:33 PM
**To:** Bert Jacobs; Michelle Mejia
**Subject:** FW: LIG Photo Album --- website info!

Hi,

See below.  This website is selling frames, journals, etc. that say Life is good.

~K

http://www.naturallife.net/store.htm

_____

**From:** Jill Buchan [mailto:jill@lifeisgood.com]

11/12/2005

002678

**Sent:** Wednesday, February 02, 2005 10:47 AM
**To:** 'kerrie@lifeisgood.com'
**Subject:** LIG Photo Album

FYI...

---

**From:** ISEONE@aol.com [mailto:ISEONE@aol.com]
**Sent:** Tuesday, February 01, 2005 12:03 AM
**To:** jill@lifeisgood.com
**Subject:** Logo use

Jill. You have been aware of this company already, I am sure. I went upstairs on Sun. to the new Hallmark store at the mall and saw several gift items with the saying "Life is good." They are from a company called Natural Life. I visited the website. They use the phrase liberally. Hope your company can monitor. xo may

002679

Exhibit No.: _5x0_
Deponent: _Kenny_
Date: _11|17|05_
Nicole E. Guilbert

X

Hallmark
Cards

December 13, 2002

<u>VIA FACSIMILE, 617-720-3693</u>

000693

Mr. Thomas Kenny
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA  02108

Dear Mr. Kenny:

Thank you for re-sending a copy of your letter of December 2, 2002. You have referenced that you believe our company is selling greeting cards that feature the slogan "life is good." However, you do not identify specifically or enclose copies of the specific card to which you are referring. Therefore, it is difficult for me to respond in substance to your allegation as to any particular product since, as you know, claims of infringement regarding such a commonly used phrase as "life is good" are entirely dependent upon the context in which the phrase is used.

I suspect, however, that you are referring to use of the term "life is good" in an editorial context rather than as some brand identifier for Hallmark. Given the widespread use of that phrase, which did not originate with your client, your client's alleged trademark rights certainly do not prohibit the descriptive and common use of that phrase in an editorial context. Unless there is something quite surprising about the example you have apparently seen, I think you would be very hard pressed to make a rational case for infringement.

Should you persist with an argument that Hallmark's use of the phrase in an editorial context is infringing on your client's rights, you may be interested to find that Hallmark has been using the phrase continuously on greeting cards since at least as early as 1989. At this point, I am not yet inclined to press your client for surrender of its registration that includes greeting cards.

Sincerely,

Albert P. Mauro, Jr.
Senior Attorney
P.O. Box 419126, Mail Drop #339
Kansas City, MO  64141-6126
Phone: 816-545-3187
Fax: 816-274-7171

APM/ccc

Kenny, Thomas ltr

HALLMARK CARDS INCORPORATED • KANSAS CITY, MISSOURI 64141 • (816) 274-5111

# PIERCE & MANDELL, P.C.
### ATTORNEYS AT LAW

11 BEACON STREET, SUITE 800
BOSTON, MASSACHUSETTS 02108

———————

617-720-2444
FAX 617-720-3693
WWW.PIERCEMANDELL.COM

December 2, 2002

000694

BY CERTIFIED MAIL RETURN RECEIPT
REQUESTED AND U.S. MAIL
Hallmark Cards, Inc.
P.O. Box 419034
Kansas City, MO 64141

Re: Infringement of "Life is good" Trademark

Dear Sir/Madam:

This firm represents Life is good, Inc. ("Life is good") of
Derry. New Hampshire. Life is good is in the business of
designing, manufacturing, and selling a variety of products
including, without limitation, T-Shirts, hats and other casual
clothes, posters, bumper stickers, and postcards. Life is good
sells many of its goods under the "Life is good" trademark. Life
is good is the owner of the right, title and interest in two U.S.
registered trademarks for "Life is good" (Nos. 2025737 and
2481887). Life is good has been selling goods bearing the "Life
is good" trademark since at least as early as 1994. Life is good
considers its rights in the "Life is good" trademarks to be among
its most valuable assets.

I understand that your company is selling greeting cards
that feature the slogan "Life is Good." Your company's use of
that slogan is likely to cause confusion as to the source of that
greeting card, as well as the affiliation or relationship between
Life is good and your company. As such, your use of the "Life is
good" mark on your greeting cards violates Life is good's rights
in its trademarks.

Based on the foregoing, Life is good hereby demands as
follows:

1. That your company immediately cease and desist the sale
and advertisement of any and all goods or services sold under the
"Life is Good" slogan;

2. That your company provide an accounting, and pay to Life
is good any profits earned as a result of such sales; and

3. That any and all articles, documents, advertisements or

Hallmark Cards, Inc.
December 2, 2002
Page Two

other materials bearing the "Life is Good" slogan be immediately destroyed.

Be forewarned that Life is good considers this to be a matter of grave import. Thus, I shall expect your response to this demand within fourteen days of the date hereof.

Please note that Life is good reserves all of its rights, at law and in equity, to enforce all of its rights in and to its registered "Life is good" trademarks.

Very truly yours,                    000695

Thomas E. Kenney

cc:  Mr. Albert Jacobs
     Life is good, Inc.



002004

Life is good.
Happy Birthday

002005



U.S.A. 2.29
Canada 3.29
YYB 147-5

© HALLMARK LICENSING, INC.
HALLMARK CARDS, INC.
KANSAS CITY, MO 64141
TORONTO, CANADA M2J 1P8
Made in Canada
RES. PHOTO
U.S. PAT. NO. 4,556,980
CANADA PAT. NO. 1,211,789
www.hallmark.com

01475

0  70000 20831  7

002006



002011

*Happy Graduation!*

002012



*warm wishes*

www.hallmark.com



0  70000 11037  5    0 2 4 9 1

U.S.A. .99
Canada .99
GRV 249-1
© HALLMARK CARDS, INC.
KANSAS CITY, MO 64141
TORONTO, CANADA M2J 1P6
MADE IN U.S.A.
02-70



002013

Exhibit No.: 57
Deponent: Kenney
Date: 11/17/05
Nicole E. Guilbert

# HOEFLE PHOENIX & GORMLEY, P.A.

**ATTORNEYS AT LAW**

402 State Street, Post Office Box 4480
Portsmouth, New Hampshire 03802-4480

Telephone: (603) 436-0666
Facsimile: (603) 431-0879

**DANIEL C. HOEFLE**
also admitted in Massachusetts and New York

**R. TIMOTHY PHOENIX**

**LAWRENCE B. GORMLEY**
also admitted in New York

**SAMUEL R. REID**
also admitted in Maine

**KAREN W. OLIVER**
also admitted in Connecticut

_By Facsimile – 660-263-5924_
April 1, 2004

Benton Silkscreening
120 E. Coates
Mobley, MO  65270

    Re:  Life is good, Inc. v. Benton Silkscreening

Dear Sir or Madam,

    I am counsel to Life is good, Inc., a Massachusetts corporation.  Life is good, Inc. is in the business of designing, manufacturing and selling a variety of clothing articles and other products.  Life is good sells many of its goods under the "Life is good" trademark.  Life is good is the owner of U.S. Registration No. 2,025,737 for clothing in class 25 and has registered its mark for use on other products.  Life is good has been selling products bearing the "Life is good" mark since at least as early as 1994.  Life is good considers its "Life is good" trademark to be among its most valuable assets.

    We have been advised by an employee of the American Red Cross that you are advertising a T-shirt that impermissibly contains our trademark.  Enclosed is a copy of the offending design.

    Please be advised that your sale of a T-shirt bearing the "Life is good" mark generates a likelihood of confusion in the marketplace as to the source of the goods as well as the affiliation or relationship between Life is good, Inc. and your company.  As such, your use of "Life is good" constitutes trademark infringement under state and Federal law.  In addition, the sale of the offending T-shirt is a violation of other state and Federal laws.

    Based on the foregoing, Life is good hereby demands as follows:

1.  That you immediately cease and desist any sale, marketing or distribution of apparel or any other products bearing the slogan "Life is good;"

2.  That you immediately confirm all prior use of the slogan "Life is good" on apparel or any other products;

3.  That all apparel in your possession, custody or control that bears the slogan "Life is good" be immediately destroyed;

001324

Benton Silkscreening
April 1, 2004
Page 2
*************************************************************************************

4. That you immediately remove any reference to the sale of any products bearing the "Life is good" slogan from your catalogue, website and any other marketing materials;

5. That you immediately confirm that neither you, nor any entity of which you are a shareholder, partner or member, will market, sell or distribute any products bearing the "Life is good" mark in contravention of the rights held by Life is good, Inc.

6. That you provide an accounting, and pay to Life is good, Inc., any profits earned as a result of the sale of the offending T-shirts; and

7. That, by April 8, 2004, you provide to me an affidavit confirming that all of the foregoing demands have been met.

This letter does not purport to set forth an exhaustive statement of all facts relevant to the matter complained of, nor shall any statement made in the letter be construed as a waiver of any right or remedy presently available to Life is good, Inc.

Life is good considers this to be a matter of grave import and will exercise any and all rights at law or in equity to enforce its well-established trademark rights. As this is a matter of great urgency, please acknowledge receipt of this letter by April 5, 2004.

Sincerely,

Samuel R. Reid

cc: Albert Jacobs, President

001325

 **Back**



3

001326

Benton Silkscreening

Page 1 of 1



Home

About Us

Online Catalog

Order Form

Email a Question

View Catalog

Sponsor Order

 American Red Cross

ARC Admin

**Shopping with us is 100% safe.
Guaranteed.**

 VISA

Benton Silkscreening
120 E. Coates
Mobley, MO 65270

(P) 800 301 5924
(F) 660 263 5924

001327

| SESSION | FUNCTION | NO. | DESTINATION STATION | DATE | TIME | PAGE | DURATION | MODE | RESULT |
|---------|----------|-----|---------------------|------|------|------|----------|------|--------|
| 522C    | TX       | 07  | 925635209916        | APR.01 | 15:27 | 003 | 00HOH'15" | ECM | OK |

DATE:APR.01,2004 15:29
TEL :6034310879
NAME:HOEFLE PHOENIX  GORMLEY PA

☐ TX  RESULT  REPORT

HOEFLE
PHOENIX &
GORMLEY, P.A.

ATTORNEYS AT LAW

402 State Street, Post Office Box 4480
Portsmouth, New Hampshire 03802-4480

Telephone: (603) 436-0666
Facsimile: (603) 431-0879

DANIEL C. HOEFLE
also admitted in Massachusetts and New York

R. TIMOTHY PHOENIX

LAWRENCE B. GORMLEY
also admitted in New York

SAMUEL R. REID
also admitted in Maine

KAREN W. OLIVER
also admitted in Connecticut

*By Facsimile – 660-263-5924*
April 1, 2004

Benton Silkscreening
120 E. Coates
Mobley, MO  65270

    Re:  Life is good, Inc. v. Benton Silkscreening

Dear Sir or Madam,

     I am counsel to Life is good, Inc., a Massachusetts corporation.  Life is good, Inc. is in the business of designing, manufacturing and selling a variety of clothing articles and other products.  Life is good sells many of its goods under the "Life is good" trademark.  Life is good is the owner of U.S. Registration No. 2,025,737 for clothing in class 25 and has registered its mark for use on other products.  Life is good has been selling products bearing the "Life is good" mark since at least as early as 1994.  Life is good considers its "Life is good" trademark to be among its most valuable assets.

     We have been advised by an employee of the American Red Cross that you are advertising a T-shirt that impermissibly contains our trademark.  Enclosed is a copy of the offending design.

     Please be advised that your sale of a T-shirt bearing the "Life is good" mark generates a likelihood of confusion in the marketplace as to the source of the goods as well as the affiliation or relationship between Life is good, Inc. and your company.  As such, your use of "Life is good" constitutes trademark infringement under state and Federal law.  In addition, the sale of the offending T-shirt is a violation of other state and Federal laws.

     Based on the foregoing, Life is good hereby demands as follows:

1.  That you immediately cease and desist any sale, marketing or distribution of apparel or any other products bearing the slogan "Life is good;"

2.  That you immediately confirm all prior use of the slogan "Life is good" on apparel or any other products;

3.  That all apparel in your possession, custody or control that bears the slogan "Life is good" be immediately destroyed;

001328

Exhibit No.: 58
Deponent: Penney
Date: 11 17 05
Nicole E. Guilbert



**Wallenstein Wagner & Rockey**
INTELLECTUAL PROPERTY LAW

December 30, 2004

**VIA FACSIMILE**
**CONFIRMED BY MAIL**

311 South Wacker Drive, 53rd Floor
Chicago, Illinois 60606-6630
phone: 312-554-3300
fax: 312-554-3301
www.wwrfirm.com

**Roger H. Stein**
**rstein@wwrfirm.com**

Mr. James Holperin
Secretary of Tourism
**Wisconsin Department of Tourism**
201 West Washington Avenue
PO Box 8690
Madison Wisconsin 53708-8690

    Re:    Infringement of LIFE IS GOOD® Trademarks
           Our File No. 4169 W 002

Dear Mr. Holperin:

    This firm represents Life is good, Inc. ("LIG") of Boston, Massachusetts. As you know from your recent meeting with LIG's representatives, LIG is in the business of designing, manufacturing, and selling a wide variety of products under its LIFE IS GOOD mark and brand. In addition, LIG is the owner of the right, title and interest in five (5) U.S. registrations to the LIFE IS GOOD mark. These registrations include printed matter (Reg. No. 2,481,887), sportswear (T-shirts, sweatshirts, shirts, hats, pants, and shorts) (Reg. No. 2,025,737), flying plastic discs and ceramic mugs (Reg. No. 2,692,561), toys, children's and baby clothing, blankets and towels, backpacks, pet leashes, pet collars and luggage (Reg. No. 2,826,245), and pet bowls (Reg. No. 2,865,595). A sixth application to the LIFE IS GOOD mark has been allowed to candles, sunglasses, video games, jewelry, watches, clocks, calendars, books, picture frames and beach chairs (Serial No. 76/319,447).

    In addition, please recognize LIG has been selling goods bearing the LIFE IS GOOD trademark since at least as early as 1994. Other goods are further sold under the LIFE IS GOOD mark and brand bearing the LIFE IS GOOD mark. As such, LIG has further gained significant common law trademark rights to these goods as well. In sum, LIG considers its rights in the LIFE IS GOOD trademark to be among its most valuable assets.

    As you know, LIG recently learned the State of Wisconsin intends to adopt an aggressive tourism and marketing campaign using the slogan "LIFE IS GOOD." As a result, LIG's president Albert Jacobs and other LIG representatives met with you and other representatives of the State of Wisconsin last week to determine whether there was any common ground between

002664

Mr. James Holperin
Secretary of Tourism
**Wisconsin Department of Tourism**
December 30, 2004
Page 2

the parties with respect to the State's proposed use of the LIFE IS GOOD mark. As you are now aware from Mr. Jacobs' recent letter to you, LIG was extremely disappointed with the mixed signals received from the State officials and the lack of resolution in the meeting. In particular, we understand initially you advised LIG that "LIFE IS GOOD" was one of several phrases the State was considering for its advertising campaign and that if LIG had a problem with the campaign, you would readily put it aside and choose one of the several other slogans under consideration. However, we understand that very shortly thereafter you advised LIG the State of Wisconsin *will be launching* the "LIFE IS GOOD" campaign at the end of January, 2005.

It is our belief that the State of Wisconsin's proposed use of LIG's LIFE IS GOOD mark in connection with an advertising campaign would be an illegal misappropriation of the LIFE IS GOOD trademarks. LIG has not and will not authorize the State of Wisconsin to use its well-known mark for the State's advertising campaign. In particular, the State's proposed use of the LIFE IS GOOD mark is likely to cause confusion as to whether or not LIG has somehow sponsored the State's advertising campaign, and will also cause confusion as to the possible affiliation, association, connection, or relationship between LIG and State of Wisconsin. The State's use of the LIFE IS GOOD mark or slogan is also likely to cause confusion as to the origin of the State's products. Thus, the State's actions constitute trademark infringement under state and federal law, as well as unfair competition and unfair business practices.

In light of the above, on behalf of LIG, we must ask State of Wisconsin to stop all future plans to sell, promote, market and advertise products and services incorporating LIG's LIFE IS GOOD® mark(s). Because of the seriousness of this situation, we must further ask the State to confirm this requested action by close of business **January 7, 2005**.

Please recognize our goal here is to prevent confusion in the marketplace and to do so earlier, as opposed to later. You should also know we would very much like to resolve this issue amicably. However, if necessary, we are prepared to take the necessary steps to protect our client's trademarks.

Govern yourself accordingly. If you have any questions, please call us.

Very truly yours,

Roger H. Stein

RHS/kmr/215971v2
c:    Mr. Albert Jacobs
      Robert R. Pierce, Esq.

Got a question for you. We recently have seen several different uses of the words "Life is good". Do you and/or the "powers that be" want us to report that to them? I don't want to be tattle tail, but I also don't want what is protected to be no longer protected.

On the Chicago news, every night, Ford uses the words (and prints them on the screen) Life is good. Wal Mart is using the phrase to advertise their camping stuff. I saw a silk screen flag in a near by store with the words Life is good.

We've seen some of the WI dept tourism "Life's so good" advertisement. I've also seen Life's Good products in a kitchen and bath magazine.

Like I said before, we don't want to be tattle tails. We want to be part of the team. We are looking for some leadership here to tell us what to do, if anything, with this info when we stumble upon it. It's funny, because honest to goodness we don't search it out. We are just more aware of it than ever before !

thanks !
mary

Exhibit No.: 59
Deponent: Kenney
Date: 11|17|05
Nicole E. Guilbert

**002687**