UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LIFE IS GOOD, INC.,           )
       Plaintiff           )
                          )
v.                        )          C.A. No.  04-11290-REK
                          )
LG ELECTRONICS U.S.A., INC.     )
and LG INFOCOMM U.S.A., INC.    )
       Defendants        )

PLAINTIFF'S ANSWER TO DEFENDANTS' AMENDED COUNTERCLAIM,
AND JURY DEMAND

Plaintiff Life is good, Inc. ("Life is good") answers the separately numbered allegations

of the amended counterclaim of the Defendants as follows.

THE PARTIES

1.  Life is good lacks the information necessary to admit or deny the allegations of

Paragraph 1 of the Counterclaim, and calls upon the Defendants to prove the same if material.

2.  Life is good lacks the information necessary to admit or deny the allegations of

Paragraph 2 of the Counterclaim, and calls upon the Defendants to prove the same if material.

3.  Denied, Life is good's current address is 283 Newbury Street, Boston, MA 02115.

JURISDICTION AND VENUE

4.  Admitted.

5.  Admitted.

FACTS

6.  Admitted.

7.  With respect to the first sentence of paragraph 7 of the Counterclaim, Plaintiff admits

that it asserts rights in the trademarks listed as well as others.  With respect to the second

sentence of paragraph 7 of the Counterclaim, Plaintiff admits that the rights it has asserted in the registrations cited by the Defendants serve as one basis, but not the only basis, for seeking to enjoin Defendants' use of the "Life's Good" mark. Plaintiff denies that Defendants use "Life's Good" as a "tagline."

8. Plaintiff denies the first sentence of paragraph 8 of the Counterclaim. Plaintiff admits the second sentence of paragraph 8 of the Counterclaim.

9. Admitted.

10. In response to the allegations of paragraph 10 of the Counterclaim, Plaintiff states that the trademark application speaks for itself.

11. Plaintiff admits that, as far as its records indicate, Jacobs Gallery began using the LIFE IS GOOD mark on or about September of 1994.

12. Denied.

13. Admitted.

14. Admitted.

15. Admitted.

16. In response to the allegations of paragraph 16 of the Counterclaim, Plaintiff states that the trademark application speaks for itself.

17. Plaintiff admits that, as far as its records indicate, Jacobs Gallery began using the LIFE IS GOOD mark on or about September of 1994.

18. Denied.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied.

23. Admitted.

24. In response to the allegations of paragraph 24 of the Counterclaim, Plaintiff states that the trademark application speaks for itself.

25. Plaintiff admits that, as far as its records indicate, Jacobs Gallery began using the LIFE IS GOOD mark on or about September of 1994.

26. Denied.

27. Admitted.

28. Denied.

29. In response to the first sentence of paragraph 29 of the Counterclaim, Plaintiff states that the specimens speak for themselves. In response to the second sentence of paragraph 29 of the Counterclaim, Plaintiff states that the cited office actions speak for themselves. Plaintiff admits the allegations contained in the third sentence of paragraph 29 of the Counterclaim.

30. Plaintiff admits the allegations contained in the first sentence of paragraph 30 of the Counterclaim. In response to the second sentence of paragraph 30 of the Counterclaim, Plaintiff states that the specimens in question speak for themselves. Plaintiff admits the allegations contained in the third sentence of paragraph 30 of the Counterclaim. In response to the fourth sentence of paragraph 30 of the Counterclaim, Plaintiff states that the specimens in question speak for themselves. Plaintiff admits the allegations contained in the fifth sentence of paragraph 30 of the Counterclaim. Plaintiff admits the allegations contained in the sixth sentence of paragraph 30 of the Counterclaim. In response to the seventh sentence of paragraph

30 of the Counterclaim, Plaintiff admits that trademark application serial number 76/319,447 is still pending.  Plaintiff denies that trademark application serial number 76/976,717 is still pending.

31. In response to the first sentence of paragraph 31 of the Counterclaim, Plaintiff states that the specimens in question speak for themselves.  In response to the second sentence of paragraph 31 of the Counterclaim, Plaintiff states that the office action in question speaks for itself.  Plaintiff admits the allegations contained in the third sentence of paragraph 31 of the Counterclaim.

32. Denied.

33. Denied.

34. Denied.  Further answering, Plaintiff denies the implication that any correction steps were and/or are necessary.

<u>COUNT I</u>

35. Life is good repeats and realleges its responses to Paragraphs 1 through 34 of the Counterclaim.

36. Denied.

37. Plaintiff admits that, as far as its records indicate, Jacobs Gallery began using the "Life is good" mark in September of 1994.  Plaintiff denies the remaining allegations of paragraph 37 of the Counterclaim.

38. Denied.

39. Plaintiff admits that application serial number 75/066,995 matured into Reg. No. 2,025,737.  Plaintiff denies the remaining allegations of paragraph 39 of the Counterclaim.

4

40. Denied.

41. Plaintiff admits that, as far as its records indicate, Jacobs Gallery began using the "Jake" logo as a trademark in September of 1994. Plaintiff denies the remaining allegations of paragraph 41 of the Counterclaim.

42. Denied.

43. Denied.

44. Denied.

45. Plaintiff admits that serial number 75/125,177 matured into Reg. No. 2,055,452, and that the mark is now incontestable. Plaintiff denies the remaining allegations of paragraph 45 of the Counterclaim.

46. Denied.

47. Plaintiff admits that, as far as its records indicate, Jacobs Gallery began using the "Life is good" mark in September of 1994. Plaintiff denies the remaining allegations of paragraph 47 of the Counterclaim.

48. Denied.

49. Plaintiff admits that serial number 75/939,492 matured into Reg. No. 2,481,887. Plaintiff denies the remaining allegations of paragraph 49 of the Counterclaim.

50. Denied.

51. Denied.

52. Denied.

<u>COUNT II</u>

53. Life is good repeats and realleges its responses to Paragraphs 1 through 52 of the

Counterclaim.

54. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred because of the incontestability of some of the Plaintiff's marks.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaims are barred because the Defendants lack standing to seek cancellation of the Plaintiff's trademark registrations.

## FOURTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because the nominal and inadvertent use of the ® symbol on goods that had yet to be registered by the Plaintiff was innocent and not in bad faith.

## FIFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because of the Defendants' conduct inconsistent with the Counterclaims.

## SIXTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because of waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by laches.

NINTH AFFIRMATIVE DEFENSE

The Counterclaims are barred due to the Defendants' unclean hands.

WHEREFORE, Life is good, Inc. respectfully requests that this Court, after hearing:

A.  Order that the Counterclaims be dismissed with prejudice;

B.  Order the Defendants to pay the Plaintiff the costs of defending the Counterclaims, including reasonable attorneys' fees; and

C.  Order such further relief as the Court deems just and appropriate.

JURY DEMAND

Life is good, Inc. hereby demands a trial by jury on all issues so triable.


LIFE IS GOOD, INC. ,
By its attorneys,


/Thomas E. Kenney/
Robert R. Pierce (#549172)
Thomas E. Kenney (#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444

Robert L. Kirby, Jr.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
(617) 345-6134