### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIFE IS GOOD, INC., | ) | |
| Plaintiff, | ) ) | Civil Action No. 04-cv-11290 WGY |
| v. | ) ) | Hon. William G. Young |
| LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC. (formerly LG INFOCOMM U.S.A., INC.), | ) ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

In its Complaint, Plaintiff Life is good, Inc. ("LIGI") asserts claims against Defendants LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc. (collectively "LG") for trademark infringement, trademark dilution, unfair competition, and deceptive trade practices. LIGI claims that LG's use of the corporate tagline "Life's Good" infringes LIGI's alleged trademark rights in the common declarative expression "Life is good." LIGI initially sought both equitable and monetary relief and demanded a jury trial. LG denied LIGI's claims and asserted affirmative defenses and counterclaims for purely equitable relief. LG did not demand a jury trial.

LIGI dismissed its claims for monetary relief on May 1, 2006. As such, both parties now seek only equitable relief on their respective claims.

With only equitable claims remaining and no right to a jury trial under the applicable statutes, Plaintiff is not entitled to a jury trial. Further, a bench trial offers substantial economies over a jury trial for both the parties and the Court alike, especially as this case has now been placed on a rolling trial calendar. As such, LIGI's demand for a jury trial should be stricken and the case should be tried before the bench.

## II.    FACTS

### A.    Plaintiff Originally Asserted Claims for Both Legal and Equitable Relief

In its Complaint, LIGI alleges that LG's use of the corporate tagline "Life's Good" infringes LIGI's claimed trademark rights in the common declarative expression "Life is good."[1] Based on those allegations, LIGI asserts five causes of action against LG:

---

[1]  LIGI also alleged in its Complaint that LG's corporate logo ( )infringed LIGI's "Jake Symbol" ( ). (Complaint, Document 1, ¶¶ 11, 23, 30-51.)  LIGI has since conceded that the LG logo does not infringe LIGI's "Jake Symbol."  (Defendants' Memo in Support of Their Motion for Summary Judgment on Plaintiff's Trademark Dilution Claim, Document 28, p. 8, n.6; Lemper Declaration in Support of Defendants' Motion for Summary Judgment on Plaintiff's Trademark Dilution Claim, Document 29, Ex. 2 at 58:18-59:3, 60:3-61:2, 229:10-231:6.)

1. trademark dilution under the Massachusetts Anti-Dilution Act, M.G.L. ch. 110B, § 12 (Count I);

2. trademark infringement under the Lanham Act, 15 U.S.C. § 1114 (Count II);

3. false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a) (Count III);

4. deceptive trade practices under the Massachusetts Consumer Protection Act, M.G.L. ch. 93A, §§ 2, 11 (Count IV); and

5. unfair competition under Massachusetts common law (Count V).

(Complaint ¶¶ 30-51.)  In its prayer for relief, LIGI sought both legal and equitable relief, including damages, statutory interest, attorneys' fees, costs, and preliminary and permanent injunctions preventing LG from using the phrases "Life's Good," "Life is Good," or any confusingly similar mark in connection with the advertising, promotion, and sale of LG's products.  (Id., p. 9, ¶¶ 2-5.)  LIGI demanded a jury trial.  (Id., p. 10.)

**B.    LG Seeks Only Equitable Relief on Its Counterclaims**

In its Amended Answer and Counterclaim, LG denies LIGI's claims, raises certain affirmative defenses, and asserts counterclaims for cancellation of LIGI's federal trademark registrations and refusal of its pending applications under the Lanham Act, 15 U.S.C. §§ 1052, 1064, 1119, and 1120.  (Defendants' Amended Answer, Affirmative Defenses, and Counterclaims, Document 23, pp. 708, ¶¶ 52-59 & pp. 13-15, ¶¶ 35-54.)  LG seeks only equitable relief on its counterclaims, including an order canceling LIGI's federal trademark registrations and refusing its applications and ordering LIGI to pay LG's attorneys' fees and costs.  (Id., p. 16.)  LG did not request a jury trial.

**C.    Plaintiff Dismissed Its Claims for Legal Relief and Now Seeks Only Equitable Relief**

After the close of fact and expert discovery, LG and LIGI "met and conferred" on LG's contemplated summary judgment motion seeking the denial of LIGI's claims for monetary relief.

Pursuant to an agreement between the parties, LIGI dismissed its legal claims for monetary relief on May 1, 2006.  (Notice of Stipulated Dismissal of Plaintiff's Monetary Claims, Document 34.) As such, LIGI now seeks only equitable relief on its causes of action.

## III.   ARGUMENT

### A.   The Jury Should Be Stricken

Federal Rule of Civil Procedure 39(a) provides that, upon a jury demand, the case will be tried by a jury *unless* "the court . . . finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."  Fed. R. Civ. P. 39(a)(2). Consequently, a party seeking a jury trial in a civil case must show that it has a constitutional or statutory right to a jury trial.

As detailed below, this Court should strike LIGI's jury demand because there is no statutory or constitutional right to a jury trial on the parties' claims.  Moreover, trying this case before the Court instead of a jury will result in substantial economies and savings in time, resources, and money, for both the parties and the Court.

### 1.   There Is No Statutory Right To a Jury Trial on the Parties' Claims

None of the statutes under which the parties assert claims provide a right to a jury trial. The Lanham Act "is silent on the issue of jury trial."  See 15 U.S.C. §§ 1052, 1064, 1114, 1119, 1120, and 1125; see also Daisy Group v. Newport News, 999 F. Supp. 548, 550 (S.D.N.Y. 1998); Bruce S. Sperling, The Right to Jury Trial in a Federal Action for Trademark Infringement or Unfair Competition, 62 TRADEMARK REP. 58, 58-59 (1972) ("A right to a jury trial is not 'given by a statute' as to any issue in a federal action for trademark infringement and unfair competition. . . .  [N]o jury trial as of right is created by the only controlling federal statute.").  Similarly, neither the Massachusetts Consumer Protection Act nor the Massachusetts

Anti-Dilution Act expressly provide for a jury trial on claims arising under those statutes.  See M.G.L c. 93A, §§ 2, 11; M.G.L c. 110B, § 12.  Since no statute gives the parties a right to a jury trial on their claims, such a right must exist, if at all, under the U.S. Constitution or the Constitution of the Commonwealth of Massachusetts.

**2.     There Is No Constitutional Right To a Jury Trial
on the Parties' Claims**

The Seventh Amendment to the U.S. Constitution protects a party's right to a jury trial in a civil case on legal claims and remedies, but not on purely equitable claims and remedies.[2] Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990) Granfinanciera, S. A. v. Nordberg, 492 U.S. 33, 42 n.4 (1989); Gallagher v. Wilton Enters., Inc., 962 F.2d 120, 122 n.3 (1st Cir. 1992); Ramos v. Roche Products, Inc., 936 F.2d 43, 49-50 (1st Cir. 1991); Danjaq LLC v. Sony Corp., 263 F.3d 942, 962 (9th Cir. 2001).  Likewise, Article 15 to the Massachusetts Constitution recognizes a right to a jury trial on legal claims, but not on equitable claims.[3]  Whitlock v. Hause, 694 F.2d 861, 866 (1st Cir. 1982); Comm'r of Banks v. Harrigan, 291 Mass. 353, 355 (1935); Powers v. Raymond, 137 Mass. 483, 486 (1884).

As detailed below, LIGI has no constitutional right to a jury trial because this case now involves only *equitable* claims and remedies.

---

[2]  The Seventh Amendment to the U.S. Constitution states:

> In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.

[3]  Article 15 of the Massachusetts Constitution states in pertinent part:

> In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherwais used and practiced, the parties have a right to a trial by jury . . . .

     **a.**     **There Is No Constitutional Right To a Jury Trial on the Parties' Claims for Injunctive Relief Under the Lanham Act**

In cases such as this, involving only a claim for equitable relief, there is no right to a trial by jury.  As Professor McCarthy explains:

> It is clear that when only an injunction is an issue, the case is purely equitable and there is no right to trial by jury.  A plaintiff who initially prays for legal relief of damages or profits is free to amend its complaint to withdraw its claim for monetary damages such that only equitable claims remain which require no trial by jury.

4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 32:127 (4th ed. 2001); see also Wright & Miller, Federal Practice and Procedure § 2308 (1995) ("There is no constitutional right to a jury trial on a claim for an injunction."); Ferrari S.P.A. v. Roberts, 944 F.2d 1235, 1248 (6th Cir. 1991) (there is no right to a jury in a trademark case where a party seeks only "an injunction and disgorgement of profits") cert. denied 505 U.S. 1219 (1992); Francis v. Dietrick, 682 F.2d 485, 487 (4th Cir. 1982) (equitable issues in a trademark case are appropriate for trial by the court without a jury); Folmer Graflex Corp. v. Graphic Photo Service, 41 F. Supp. 319, 320 (D. Mass. 1941) ("The action involves an alleged infringement of the plaintiff's trademark, and seeks an injunction against the defendants and an accounting of their profits.  This action is in the nature of an old action in equity, and, as such, is triable before a court without a jury."); Sanijet Corp. v. Jacuzzi Inc., 2002 U.S. Dist. LEXIS 2463, *5-7 (N.D. Tex. Feb. 15, 2002) (holding that "in such Lanham Act cases where only injunctive relief is sought, no right to a jury trial exists").

This applies equally to LG's request for an order canceling LIGI's asserted registrations and refusing its applications on fraud and other grounds.  Emmpresa Cubana Del Tabaco v. Culbro Corp., 123 F. Supp. 2d 203, 209 (S.D.N.Y. 2000), rev'd on other grounds, 399 F.3d 462 (2d Cir. 2005) ("[A] claim for cancellation of a trademark registration pursuant to Section 37 of the

Lanham Act, 15 U.S.C. § 1119, is equitable in nature and does not give rise to a jury trial right.").

>       **b.    There Is No Constitutional Right To a Jury Trial
>               on Claims for Costs and Attorneys' Fees
>               Under the Lanham Act**

Like the other requested relief, requests for statutory costs and attorneys' fees are purely equitable claims, and do not raise a "legal issue which triggers [a counterclaim defendant's] right to a trial by jury." 5 McCarthy § 32:125. Courts around the country have held that the determination of statutory costs and attorneys' fees are within the court's province, and are not to be considered by a jury. Tamko Roofing Prods., Inc. v. Ideal Roofing Co., 282 F.3d 23, 31 (1st Cir. 2002) ("Under the statute, the decision to award fees is committed to the district court, not the jury."); Emmpresa, 123 F. Supp. 2d at 211 ("It is well settled that a claim for attorneys' fees and costs under the Lanham Act does not entitle a party to a trial by jury."), rev'd in part on other grounds, 399 F.3d 462 (2d Cir. 2005); Sanijet, 2002 U.S. Dist. LEXIS 2463, at *6 ("[I]t is well settled that an award of attorney's fees under 15 U.S.C. § 1117(a) is equitable in nature and is to be decided by the court, and not by the jury."); Gidatex, S.r.L. v. Campaniello Imps., Ltd., 82 F. Supp. 2d 136, 149 (S.D.N.Y. 2000) ("[T]he decision whether to award attorneys' fees is a matter for the court, not the jury."); Am. Soc'y for the Prevention of Cruelty to Animals v. Alexanian, 1995 U.S. Dist. LEXIS 14322, at * 1 (S.D.N.Y. Sept. 27, 1995) ("The complaint as reduced seeks injunctive relief, destruction of infringing items, disgorgement of defendants' profits (if any), and costs and attorneys' fees. Because these remaining issues are equitable in nature, there is no right to trial by jury as to them."); Nikon, Inc. v. Ikon Corp., 1992 U.S. Dist. LEXIS 14702, at *53 (S.D.N.Y. Sept. 25, 1992) ("[A]n award of attorney's fees under the statute is equitable in nature and is to be decided by the court, and not by a jury."); Partecipazioni Bulgaria, S.p.A., v. Meige, 1988 U.S. Dist. LEXIS 12122, at *6-8 (S.D. Fla. May 20, 1988) (requests for statutory costs and attorneys' fees do not present legal claims and do not create a right to a jury trial).

####    c.    There Is No Constitutional Right To a Jury Trial
on Plaintiff's Claims Under Massachusetts Law

There is also no right to a trial by jury on LIGI's claims under Massachusetts law. Like its federal trademark infringement claim, LIGI's state trademark infringement claim involves only injunctive relief because LIGI has waived its claims for monetary damages. Similarly, injunctive relief is the only remedy available on LIGI's claim under the Massachusetts Anti-Dilution Act.[4] See M.G.L. ch. 110B, § 12. As such, as explained above, LIGI is not entitled to a jury trial on these claims because they involve only equitable remedies. Finally, LIGI is not entitled to a jury trial on its claim under the Massachusetts Consumer Protection Act, M.G.L. ch. 93A, because the First Circuit and the Supreme Judicial Court of Massachusetts have expressly held that there is no right to a jury trial under that statute. Wallace Motor Sales, Inc. v. Am. Motor Sales Corp., 780 F.2d 1049, 1052 n.1 (1st Cir. 1985); Nei v. Burley, 388 Mass. 307 (1983).

####    3.    A Bench Trial Offers Substantial Economies
and Savings Over a Jury Trial

Trying this case to the Court without a jury will result in substantial economies and savings, significantly reducing the time, resources, and expense needed to try the matter for both the Court and the parties alike. Among other things, a bench trial will dispense the need for voire dire and jury selection, jury instructions (including the submission of proposed instructions, hearings over those instructions, and reading the instructions to the jury), certain motions in limine, and the need to approach the bench on certain objections made before the jury. Moreover, as this case has been placed on a rolling trial calendar, a bench trial will greatly

---

[4]  The Massachusetts Anti-Dilution Act, M.G.L. ch. 110B, § 12, states in pertinent part:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark . . . shall be a ground for injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services. (emphasis added).

expedite and facilitate trial.

## IV.    CONCLUSION

Because the parties seek only equitable relief in this case and the applicable statutes do not provide a right to a jury trial, Plaintiff is not entitled to a jury trial. Moreover, striking the jury will result in considerable economies to both the parties and the Court. For the reasons set forth above, the Court should grant Defendants' motion to strike Plaintiff's jury demand.


Date:  May 16, 2006

/s/ Timothy A. Lemper_____
Mark Sommers (MA BBO# 545297)
Douglas A. Rettew (*pro hac vice*)
Timothy A. Lemper (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO#656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, Massachusetts 02142

Counsel for Defendants
LG Electronics U.S.A., Inc. and
LG Electronics MobileComm U.S.A., Inc.


## CERTIFICATE OF SERVICE

I hereby certify that this document and exhibits filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 16, 2006.