UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC., <br>     Plaintiff <br><br> v. <br><br> LG ELECTRONICS U.S.A., INC. <br> and LG INFOCOMM U.S.A., INC. <br>     Defendants | ) <br> ) <br> ) <br> )    C.A. No. 04-11290-WGY <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND

Plaintiff Life is good, Inc. ("Life is good") opposes Defendants LG Electronics U.S.A., Inc. and LG MobileComm U.S.A., Inc. ("LG") motion to strike the jury demand.

### INTRODUCTION

The central issue in this case is whether LG's use of "Life's good" infringes Life is good's registered trademarks. In opposing Life is good's claims, LG has asserted a counterclaim under Section 38 of the Lanham Act, which provides "a civil action" to recover "damages sustained in consequence" of "a false or fraudulent declaration or representation" submitted in procuring a trademark registration. 15 U.S.C. § 1120. Courts have repeatedly recognized that a claim for relief under Section 38 is legal and triable to the jury. While the only damages identified by LG are attorneys' fees and costs, LG seeks this monetary relief under Section 38 as damages -- and not merely as discretionary relief that may be awarded by the Court under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). Consequently, the numerous cases cited by LG holding that there is no right to a jury on a Section 35(a) claim for discretionary costs and fees are inapposite, and Life is good is entitled to a jury trial on the Section 38 counterclaim, including all

BOS1593843.1

issues overlapping that counterclaim and the other claims.

Furthermore, even leaving aside for the moment the fact that LG's claim under Section 38 triggers Life is good's right to a jury trial, the Court should, in any event, exercise its discretion to use an advisory jury for all claims deemed triable to the bench. As set forth below, the likelihood of confusion standard in trademark law is uniquely suited to resolution by a jury, which represents a cross-section of the general consuming public. Indeed, who better than a jury to determine if the public is likely to be confused by LG's use of "Life's good." Lastly, the "substantial economies" purportedly offered by a bench trial are largely imaginary. In no event should these supposed economies tip the scales against a jury trial in this action.

## ARGUMENT

### I. Life is good is Entitled to a Jury Trial on LG's Counterclaim Under Section 38 of the Lanham Act.

LG's counterclaim under Section 38 of the Lanham Act is a legal claim that is triable to the jury as a matter of right under the Seventh Amendment, and all issues overlapping that counterclaim and the other claims must also be tried to the jury.

The Federal Rules of Civil Procedure require that Life is good's right to trial by jury be "preserved . . . inviolate." Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."). The Seventh Amendment provides that "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII.

As the Supreme Court has held: "the phrase 'Suits at common law' refers to "suits in which legal rights are to be ascertained and determined, in contradistinction to those where

2

equitable rights alone are recognized, and equitable remedies are administered." *Chauffers, Teamsters and Helpers Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (citation and internal quotations and brackets omitted). In drawing this line, courts look first to the nature of the issues involved in a claim and second—and, more importantly—to whether the remedy sought is legal or equitable. *Id.* For example, in a trademark and breach of contract dispute between a franchisor and franchisee, the Supreme Court has held that merely including a claim for an accounting of profits with claims for injunctive relief triggered the right to trial by jury:

> [W]e think it plain that [the plaintiffs'] claim for a money judgment is a claim wholly legal in its nature however the complaint is construed. As an action on a debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character. And as an action for damages based upon a charge of trademark infringement, it would be no less subject to cognizance by a court of law.

*Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962). "That holding . . . applies whether the trial judge chooses to characterize the legal issues presented as 'incidental' to the equitable issues or not." *Id.*

In the case at bar, paragraph (b) of LG's prayers for relief request that the Court: "Order, pursuant to 15 U.S.C. § 1120 [i.e., Section 38 of the Lanham Act], that Plaintiff pay Defendants' costs of bringing this Counterclaim, including reasonably attorney's fees. . . ." Defendants' Amended Answer, Affirmative Defenses, and Counterclaims, p. 16. This claim is indisputably legal. Section 38 of the Lanham Act provides: "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be *liable in a civil action* by any person injured thereby *for any damages sustained* in consequence thereof." 15 U.S.C. § 1120 (emphasis added). As far as the nature of the claim is concerned, the elements closely parallel the elements of a

3

common law claim for fraud. *See, e.g., United Phosphorus, Ltd. v. Inventa Corp.*, 205 F.3d 1219, 1226 (10th Cir. 2000) (citation omitted). As far as the remedy is concerned, Section 38 explicitly awards "damages" through "a civil action." 15 U.S.C. § 1120; *see also United Phosphorus*, 205 F.3d at 1226 ("Section 38 of the Lanham Act creates civil liability for those who fraudulently procure a trademark registration.").

While the legal nature and remedy of this claim are readily apparent from the plain language of Section 38 alone, courts have also recognized that a claim under Section 38 is legal and properly tried to the jury. For example, in *Exxon Corp. v. Exxene Corp.*, 696 F.2d 544 (7th Cir. 1982), Exxon sued for trademark infringement and sought injunctive relief alone, and, much like LG in the case at bar, Exxene counterclaimed under Section 38. As Judge Posner's opinion notes: "Although Exxon in its complaint had asked only for injunctive relief, the entire case was tried to a jury at Exxene's behest, because the counterclaim sought damages and the issues raised by the complaint and the counterclaim overlapped." *Id.* at 546. After holding that there was no evidence supporting a verdict for Exxene under Section 38 on the ground that attorneys' fees are not allowable under such law, *id.* at 550-51, Judge Posner's opinion questioned why the counterclaim was asserted and noted that "[m]aybe the counterclaim was a ploy to get a jury trial. . . ." *Id.* at 551.

Similarly, in *Gilbert/Robinson, Inc. v. Carrie Beverage-Mo., Inc.*, No. 85-2471C(5), 1987 U.S. Dist. LEXIS 14705 (E.D. Mo. Jan. 13, 1987), the plaintiff sued for service mark infringement, and the defendants asserted counterclaims for fraudulent actions in obtaining the service marks, including pursuant to Section 38. The plaintiff moved to strike the defendants' jury demand and argued that the defendants "waived a jury trial as to issues raised in the original complaint." *Id.* at *15. The court held that "Defendants counterclaims will be tried first by a

4

jury. . . ." *Id.* at *16. *See also Minn. Mining & Mfg. Co. v. Shurtape Techs., Inc.*, No. 98-2134 (MJD/JGL), 2002 U.S. Dist. LEXIS 23206, *1-*7 (D. Minn. March 14, 2002) (holding that counterclaim and defense of fraud on PTO in procuring trademark registration was legal and triable to jury and collecting authorities in which such issue had been tried to juries).

Accordingly, LG's counterclaim seeking damages under Section 38 of the Lanham Act plainly triggers Life is good's right to trial by jury. As the holding of *Exxon* indicates, whether LG can prove damages that are properly recoverable under Section 38 is highly questionable. *See also Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 876 (8th Cir. 1994) ("fees are not included within damages awarded under Section 38"); *Blue Bell, Inc. v. Jaymar-Ruby, Inc.*, 497 F.2d 433, 439 (2d Cir. 1974) (same); *Conard-Pyle Co. v. Thuron Indus., Inc.*, No. CA3-74-0662-F, 1978 U.S. Dist. LEXIS 16107, *22 (N.D. Tex. Aug. 9, 1978) (same). Indeed, the use of a Section 38 counterclaim by LG and its counsel of record in the case at bar has been questioned by at least one other federal court. *See Whirlpool Props., Inc. v. LG Elecs. U.S.A., Inc.*, Case No. 1:03-cv-414, 2005 U.S. Dist. LEXIS 30311, *86 (W.D. Mich. Nov. 17, 2005) ("Like most allegations of fraud in this area, defendants' assertions are weak and ill-founded."); *id.* at *84 n.10 (characterizing one of LG's bases for its Section 38 claim as "border[ing] on the ridiculous"). In any event, in the case at bar, the "ploy" referred to by Judge Posner's opinion in *Exxon* was made by LG, and it was made after LG was aware that Life is good seeks a jury trial in this case.

LG simply ignores the fact that LG has counterclaimed for relief under Section 38. LG cites numerous cases in which courts have held that a claim for a discretionary award of

5

attorneys' fees and costs under Section 35(a) of the Lanham Act is not triable to the jury.[1] While these cases may mean that LG's claim for fees and costs under Section 35(a) is not triable to a jury, these cases have nothing to do with LG's claim for relief under Section 38, which establishes a "civil action" for "damages." 15 U.S.C. § 1120.

"[T]he federal policy favoring jury decisions . . . impels [the court] to resolve any doubts in favor of the right to a jury trial." *Lee Pharmaceuticals v. Mishler*, 526 F.2d 1115, 1117 (2d Cir. 1975). Here, there is no doubt. LG's claim for relief under Section 38 triggers Life is good's right to a jury trial. Furthermore, because the issues raised by LG's Section 38 claim will overlap issues in Life is good's claims to enforce its marks (namely, ownership of a valid mark and LG's defenses), those issues must be tried to the jury first, and the jury should determine issues in common to both claims. *See Dairy Queen*, 369 U.S. at 472-73; *Perez-Serrano v. DeLeon-Velez*, 868 F.2d 30, 32 (1st Cir. 1989).

## II. Any Claims as to Which There is No Jury Right Should be Tried to the Jury Sitting in an Advisory Capacity.

Finally, because a jury is uniquely suited to determining the likelihood of confusion issue at the heart of a trademark infringement claim, any issues deemed triable to the bench should be tried before the jury in an advisory capacity.

"In all actions not triable of right to a jury the court upon motion or of its own initiative may try any issues with an advisory jury." Fed. R. Civ. P. 39(c). "[W]hether or not the advice of

---

[1] See *Tamko Roofing Prods., Inc. v. Ideal Roofing Co.*, 282 F.3d 23, 31 (1st Cir. 2002); *Emmpresa Cubana Del Tobaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 211 (S.D.N.Y. 2000), *rev'd on other grounds*, 399 F.3d 462 (2d Cir. 2005); *Sanjijet Corp. v. Jacuzzi Inc.*, Civil Action No. 3:01-CV-0897-P, 2002 U.S. Dist. LEXIS 2463, *5-*7 (N.D. Tex. Feb. 15, 2002); *Gidatex, S.r.L. v. Campaniello Imps., Ltd.*, 82 F. Supp. 2d 136, 149 (S.D.N.Y. 2000); *Am. Soc'y for the Prevention of Cruelty to Animals v. Alexanian*, No. 95 Civ. 0205 (RO), 1995 U.S. Dist. LEXIS 14322, *1 (S.D.N.Y. Sept. 27, 1995); *Nikon, Inc. v. Ikon Corp.*, 803 F. Supp. 910, 928 (S.D.N.Y. 1992); *Partecipazioni Bulgaria, S.p.A. v. Meige*, No. 86-2516-Civ-Ryskamp, 1988 U.S. Dist. LEXIS 12122, *6-*8 (S.D. Fla. May 20, 1988).

a jury would be helpful is a matter lying entirely in the discretion of the trial court." *Delman v. Fed'l Prods. Corp.*, 251 F.2d 123, 126 n.2 (1st Cir. 1958).

Here, it would make eminent sense to use the jury in an advisory capacity with respect to any issues the Court deems triable solely to the bench. Not only are there issues that overlap the claims triable to a jury and those triable to the bench, but the fact determinations that must be made on the trademark claims triable to the bench are uniquely suited to the everyday experience of jurors representing a cross-section of the consuming public. *See NAACP v. Acusport, Inc.*, 271 F. Supp. 2d 435, 470 (S.D.N.Y. 2003) (Weinstein, J.) ("An advisory jury allows for community participation and may incorporate both the public's views of morality and experience with the societal circumstances underlying a cause of action. . . . Such advice from members of the community is of special relevance in a case in which the content of a legal norm is dependent in part on the public sense of right and justice.") (citations omitted).

Because a trademark infringement claim involves a uniquely fact-intensive determination of whether confusion is likely in the mind of the ordinary consuming public, such claims are ideally suited to trial by jury. As explained by one court:

> This pivotal trademark issue is particularly amenable to resolution by a jury for two reasons. First, the jury, which represents a cross-section of consumers, is well-suited to evaluating whether an 'ordinary consumer' would likely be confused. Second, the likelihood of consumer confusion is an 'inherently factual' issue that depends on the unique facts and circumstances of each case. . . . Likelihood of confusion is frequently a fairly disputed issue of fact on which reasonable minds may differ, . . . and has long been recognized to be a matter of varying human reactions to situations incapable of exact appraisement.

*Anheuser-Busch, Inc. v. L&L Wings, Inc.*, 962 F.2d 316, 318 (4th Cir. 1992) (citations and internal quotation marks omitted); *see, e.g., Gateway, Inc. v. Companion Prods., Inc.*, 384 F.3d

503, 507 (8th Cir. 2004) (advisory jury used for claims of trademark infringement and dilution); *Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 36 (1st Cir. 2006) (trial court reserved question of whether plaintiff was entitled to jury of right and ruled that jury would be used in advisory capacity if trademark action were deemed triable to bench).

Finally, LG asserts that a bench trial would be more efficient. However, LG's efficiencies are more apparent than real, given that a bench trial will require the parties to submit and the Court to issue findings of fact and rulings of law that will cover all of the matters that would be covered by jury instructions. Both sides will inevitably file motions in limine regardless of whether this is a bench trial or a jury trial. And any supposed efficiencies in the handling of objections are perhaps more likely to be realized in a jury trial, where the Court will likely not be permitting a parade of sidebar conferences, preferring instead to rule merely upon the word "Objection."

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Life is good believes that oral argument may assist the Court in ruling on this motion and requests an opportunity to be heard.

## CONCLUSION

For all of the reasons set forth above, LG's motion to strike the jury should be denied, LG's Section 38 counterclaim should be tried to the jury together with all issues overlapping the other claims, and an advisory jury should be used with respect to all claims deemed triable to the bench.

LIFE IS GOOD, INC.,
By its attorneys,

/s/
Robert L. Kirby, Jr. (BBO#550538)
Mark D. Robins (BBO#559933)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 021110
(617) 345-1000

Robert R. Pierce (BBO#549172)
Thomas E. Kenney (BBO#561590)
PIERCE & MANDELL, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444

## CERTIFICATE OF SERVICE

I, Robert L. Kirby, Jr., hereby certify that a true copy of the above document was served upon the attorneys of record for each other party by electronic mail and first class mail on May 25, 2006.

/s/
Robert L. Kirby, Jr.