UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC., <br><br>               Plaintiff, <br><br>    v. <br><br>LG ELECTRONICS U.S.A., INC., and <br>LG ELECTRONICS MOBILECOMM <br>U.S.A., INC., <br><br>               Defendants. | Civil Action No. 04 11290 WGY <br><br>Hon. William G. Young |

**DEFENDANTS' COMBINED MOTION AND SUPPORTING MEMORANDUM
FOR LEAVE TO AMEND COUNTERCLAIMS TO DELETE REFERENCE TO
15 U.S.C. § 1120 AND ATTORNEYS' FEES AND COSTS IN PRAYER FOR RELIEF**

Mark Sommers (MA BBO# 545297)
Douglas A. Rettew (*pro hac vice*)
Timothy A. Lemper (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001
Telephone: 202-408-4000
Facsimile: 202-408-4400

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO#656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, Massachusetts 02142
Telephone: 617-452-1600
Facsimile: 617-452-1666

Counsel for Defendants
LG Electronics U.S.A., Inc. and
LG Electronics MobileComm U.S.A., Inc.

Pursuant to Fed. R. Civ. P. 15(a), Defendants LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A. Inc., by their attorneys, move the Court for leave to amend their counterclaim prayer for relief to delete the reference to 15 U.S.C. § 1120 and the request for "attorneys fees and costs."

Defendants assert two counterclaims under 15 U.S.C. §§ 1052 and 1064.  In the "Prayer for Relief" on their counterclaims, Defendants' sought an (1) an Order, pursuant to 15 U.S.C. §§ 1052, 1064, 1119, and 1120," that Plaintiff's trademark registrations and applications be cancelled or denied, and (2) an Order from the Court, "pursuant to 15 U.S.C. § 1120," awarding Defendants their attorneys' fees and costs.  (Defendants' Amended Answer, Affirmative Defenses, and Counterclaims, Document No. 23, p. 16, ¶ b.)  Defendants' prayer specifically and purposefully did not include a request for "damages."

Plaintiff argues that Defendants' request for "attorneys' fees and costs" in the prayer for relief on their counterclaims is a claim for "damages" because it improperly references 15 U.S.C. § 1120, which provides for recovery of damages.  As detailed in Defendants' Reply in Support of their Motion to Strike Plaintiff's Jury Demand, filed concurrently with this motion, Defendants' request for attorneys' fees and costs on its counterclaims, although incorrectly referencing 15 U.S.C. § 1120, seeks purely equitable relief available under the Court's equity power.

To remove any doubt that Defendants seek purely equitable relief, and to streamline the issues for trial, Defendants amend their counterclaim prayer for relief to delete the reference to "15 U.S.C. § 1120" and "attorneys' fees and costs."  Defendants' proposed amended pleading is attached as Exhibit A and should be permitted under the liberal standards of Fed. R. Civ. P. 15(a).  A proposed order is attached as Exhibit B.

      A.      **Rule 15 Provides for Liberal Amendment of Pleadings**

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its

pleadings after a responsive pleading has been served "by leave of court," and that such leave "shall be freely given when justice so requires."[1]  Fed. R. Civ. P. 15(a).  Requests for leave to amend under Rule 15 "are liberally granted and some justification is required for a refusal." Ondis v. Barrows, 538 F.2d 904, 909 (1st Cir. 1976) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Farkas v. Texas Instruments, Inc., 429 F.2d 849 (1st Cir. 1970)).  The First Circuit will not affirm the denial of leave to amend under Rule 15 unless there is an adequate reason for the denial, such as futility, bad faith, dilatory motives, undue prejudice, or undue delay.  States Res. Corp. v. Architectural Team, Inc., 433 F.3d 73, 83 (1st Cir. 2005); Farkas, 429 F.2d at 851.

### B.  Defendants' Proposed Amendment is Not Futile

Because they seek to delete the reference to Section 38 and the request for attorneys' fees and costs in the prayer for relief on their counterclaims, Defendants' proposed amendment would be futile only if the Court had previously dismissed or struck those provisions.  Because the Court has not done so, Defendants' proposed amendment is not futile.

---

[1] Rule 16 does not govern this Motion because the Court's scheduling order did not set a deadline for the amendment of pleadings.  See Fed. R. Civ. P. 16(b) and (e) (motions to modify scheduling orders and final pretrial orders).  Rule 41 does not govern this Motion because Defendants' proposed amendment only deletes one of the two remedies in the prayer for relief on Defendants' counterclaims, but does not dismiss the counterclaims.  See Fed. R. Civ. P. 15(a) and 41(a); Barrientos v. Ut-Battelle, LLC, 284 F Supp 2d 908 (S.D. Ohio 2003) (motion to dismiss particular claim asserted under Rule 41(a) was more properly considered as motion to amend under Rule 15(a) because plaintiff was requesting to dismiss only one claim, not entire action); Anderberg v. Masonite Corp., 176 F.R.D. 682 (N.D. Ga. 1997) (motion to dismiss single claim in multi-count complaint, instead of entire action, should be treated as motion to amend complaint under Rule 15(a) to delete specific claim, and not as Rule 41(a) motion); Smith, Kline & French Labs. v. A. H. Robins Co., 61 F.R.D. 24 (E.D. Pa 1973) (Rule 15, rather than Rule 41, controls amendments seeking to drop one of two claims against defendants without dismissing all claims against defendants); C. Van Der Lely N.V. v. F.lli Maschio S.n.c., 561 F. Supp. 16 (S.D. Ohio 1982) (motion to amend seeking to dismiss only certain claims or issues and not entire action is properly viewed as Rule 15 amendment and Rule 41(a) is inapplicable); Barnette v. Folmar, 151 F.R.D. 685 (M.D. Ala. 1993), reversed on other grounds, 64 F.3d 598 (11th Cir. 1995) (motion to eliminate certain claims from multi-count complaint is motion to amend under Rule 15, not motion to dismiss under Rule 41).

2

### C. Defendants' Proposed Amendment is Not Made in Bad Faith or for a Dilatory Motive

The prayer for relief on Defendants' counterclaims contains a prayer for attorneys' fees and costs "pursuant to" Section 38, which—as Plaintiff points out—does not allow for recovery of such relief. Defendants' proposed amendment is intended to cure that error by deleting the reference to Section 38 and the request for attorneys' fees and costs in the prayer for relief. The amendment is also intended to clarify that Defendants seek purely equitable relief on their counterclaims.

Moreover, discovery in this case has shown that it will be difficult for Defendants to prove that Plaintiff procured its trademark registrations fraudulently for the express purpose of bringing vexatious litigation, as required under Blue Bell, Inc. v. Jaymar-Ruby, Inc., 497 F.2d 433, 439 (2d Cir. 1974). As such, the proposed amendment is also made to streamline the issues for trial.[2]

Thus, Defendants' amendment is not offered in bad faith, and is intended to expedite rather than delay the trial of this matter.

### D. Defendants' Proposed Amendment Has Not Been Unduly Delayed and Will Not Cause Plaintiff Undue Prejudice

Defendants' proposed amendment responds to an issue brought to its attention for the first time just six days ago, when Plaintiff filed its opposition to Defendants' motion to strike the jury on May 26, 2006. Plaintiff pointed out that Defendants' prayer for attorneys' fees and costs on its counterclaims improperly references Section 38, which does not provide for recovery of

---

[2] Presumably, this is why Plaintiff likewise recently dismissed its monetary claims, including disgorgement of Defendants' profits, which requires proof of fraud or other inequitable conduct where no actual harm or no direct competition between the parties can be shown. AB Electrolux v. Armatron Int'l, 999 F.2d 1, 5-6 (1st Cir. 1993); Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd., 282 F.3d 23, 36 n.11 (1st Cir. 2002).

such relief. (Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Jury Demand, Docket Entry No. 37, p. 5.) Plaintiff suggests this is a "ploy" by Defendants to obtain legal relief to which they are not entitled. (Id., p. 5.) Far from it, Defendants' prayer is the result of inartful pleading, which it has promptly moved to amend.

Moreover, as noted above, Defendants' decision to drop their request for attorneys' fees and costs arising from their fraudulent registration claim is the result of a pretrial assessment of the facts learned through discovery in this case. Although such relief is available through the Court's equitable powers, Defendants have decided to drop their prayer for attorneys' fees and costs to streamline the issues for trial.

Defendants' proposed amendment does not unduly prejudice Plaintiff.[3] The amendment simply makes absolutely clear that Defendants seek purely equitable relief on their counterclaims. Although it will plainly establish that Plaintiff has no right to a jury trial, the proposed amendment does not deprive Plaintiff of a right to a jury trial because (1) Plaintiff never had a right to a jury trial on Defendants' prayer for the equitable relief of attorneys' fees and costs on its counterclaims, even though the prayer inartfully references Section 38 (see Defendants' Reply Brief in Support of Motion to Strike Plaintiff's Jury Demand, filed concurrently with this motion), and (2) Plaintiff recently dismissed its own monetary claims against Defendants as a result of a "meet and confer" conference concerning Defendants'

---

[3] Plaintiff cannot show that it is prejudiced merely by the striking of its jury demand, as courts can strike a jury on the eve of trial. See, e.g., U.S. v. Schoenborn, 860 F.2d 1448, 1455 (8th Cir. 1988) (holding that it was not an abuse of discretion for a district judge to strike the defendant's jury trial demand one day before trial on the ground that the right to a jury trial did not exist); see also 8 James Wm. Moore et al., Moore's Federal Practice § 39:13[2][c] & n.30 (3d ed. 2005) ("Because a court has the power to act sua sponte at any time (see [b] above), it follows that a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial.").

contemplated motion for summary judgment on Plaintiff's claims for monetary relief.  Moreover, the amendment does not raise new claims or issues, does not require any new discovery, and does not alter the substantive issues, claims, or defenses in this case.  In fact, the proposed amendment will benefit Plaintiff by eliminating one of the remedies on Defendants' counterclaims, narrowing the issues, and streamlining the trial of the case.

## CONCLUSION

For the reasons and authorities stated above, Defendants respectfully request that the Court grant Defendants' leave to amend their counterclaim prayer for relief to delete the reference to 15 U.S.C. § 1120 and the request for attorneys' fees and costs.

## Local Rule 7.1 Certification

In accordance with Local Rule 7.1(a)(2), Defendants have conferred with Plaintiff, and have ascertained that Plaintiff will not stipulate to this motion.

Respectfully submitted,

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.

Date:  June 1, 2006                    /s/  Timothy A. Lemper

Counsel for Defendants
LG Electronics U.S.A., Inc. and
LG Electronics MobileComm U.S.A., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 1, 2006.

/s/  Timothy A. Lemper

5