UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS U.S.A., INC. and <br> LG ELECTRONICS MOBILECOMM U.S.A., <br> INC. (formerly LG INFOCOMM U.S.A., INC.), <br><br> Defendants. | Civil Action No. 04-11290 WGY <br><br> Hon. William G. Young |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT

Defendants LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc ("Defendants") file this Response to Plaintiff's Local Rule 56.1 Statement concurrently with its Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, to address late-produced evidence by Plaintiff purporting to show alleged instances of confusion.[1] (Pl.'s L.R. 56.1 Stmnt. 20, ¶¶ 18-21.) On October 13, 2005, during the deposition of Plaintiff's President, and by follow-up letter on October 18, 2005, Defendants' counsel asked Plaintiff to produce documentary evidence of alleged instances of actual confusion. Plaintiff's counsel did not produce the evidence, later alleged in Paragraphs 18-21 of its Local Rule 56.1 Statement, until May 25, 2006, which was seven days before Plaintiff filed its Opposition.

---

[1] In its *unsigned* Opposition, Plaintiff argues that Defendants failed to comply with Local Rule 56.1 because Defendants' recitation of material facts, for which there is no genuine issue, was included within its supporting memorandum and not as a separate document, and was captioned "Statement of Undisputed Facts." (Pl.'s Opp. 2.) Plaintiff's procedural argument is without merit. Local Rule 56.1 requires Defendants to include a "concise statement of the material facts of record as to which the moving party contends there is no genuine issue," but it does not require Defendants to file that statement as a separate document, nor does it require that it be captioned a particular way. Defendants had two months to respond to Defendants' summary judgment. As its pleadings show, Plaintiff was not impeded in its ability to respond to Defendants' arguments.

As noted in Defendants' Reply, even if fully credited, such de minimis evidence of alleged confusion would be legally insufficient to show likelihood of confusion as a matter of law, and, thus do not constitute disputed material fact.

Defendants submit the below chart to assist the Court in clearly identifying Plaintiff's alleged instances of confusion and the basis for exclusion.

| Plaintiff's Incidents of Confusion Set Forth in Paragraphs 18-21 | Basis for Exclusion |
| --- | --- |
| 1. Statement "are you making cell phones?" made to principals of Life is good. (Pl.'s L.R. 56.1 Stmnt. 20, ¶18.) | This statement is inadmissible because Plaintiff does not identify the individual making it. Further, the statement is a mere inquiry as to Plaintiff's business and does not reference Defendants or their "Life's Good" tagline. As such, this inquiry does not constitute an instance of consumer confusion as to source and should not be admitted as evidence in this case.[2] |

---

[2] See 3 Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 23:16 (4th ed. 2002) ("a question as to possible affiliation reveals that the questioner had the difference in mind or else would not have bothered even to enquire") (cite omitted); Pump, Inc. v. Collins Management, Inc., 746 F.Supp. 1159, 1169 (D. Mass. 1990) ("[T]he mere enquiries of Ganci as to any affiliation between Aerosmith and the band Pump, while relevant, is insufficient evidence of actual confusion."); Fisher Stoves, Inc. v. All Nighter Stove Works, Inc., 626 F.2d 193, 195 (1st Cir. 1980) (questions asking if two companies are affiliated do not evidence actionable confusion); Int'l Ass'n of Machinists & Aero. Workers v. Winship Green Nursing Ctr., 103 F.3d 196, 205 (1st Cir. 1996) (inquiries reveal doubt as to connection or affiliation); Nora Beverages, Inc. v. Perrier Group, Inc., 269 F.3d 114, 124 (2d Cir. 2001) ("Inquiries about the relationship between an owner of a mark and an alleged infringer do not amount to actual confusion. Indeed, such inquiries are arguably premised upon a lack of confusion between the products such as to inspire the inquiry itself."); Lloyd's Food Prods. Inc. v. Eli's Inc., 987 F.2d 766, 768 (Fed. Cir. 1993) (evidence that people "wondered" about a possible relationship between the parties does not show confusion); Duluth News-Tribune v. Mesabi Publ'g Co., 84 F.3d 1093, 1098 (8th Cir. 1996) ("The nature of the question [as to which "News-Tribune" newspaper a reporter worked for] demonstrates an understanding that at least two newspapers contain the words 'news' and 'tribune.'")

| | |
|---|---|
| 2. Statement "are you involved in LG Electronics?" made to principals of Life is good. (Pl.'s L.R. 56.1 Stmnt. 20, ¶18.) | This statement is inadmissible because Plaintiff does not identify the individual making it. Further, as Albert Jacobs admits in his deposition "in many cases, consumers seek clarification, also. For example, 'Are you involved with LG Electronics?'" (Pl.'s L.R. 56.1 Stmnt. 20, ¶18-21; Kenney Aff. Ex. K, p.11.) Such inquires reveal consumer doubt as to any connection between the parties and shows confusion is in fact unlikely. See Footnote 1. |
| 3. Statement "I love my 'Life is Good' cellphone" made to Albert Jacobs. (Pl.'s L.R. 56.1 Stmnt., 20, ¶18.) **Full Text:** "Dude that Bert J met recently who, when told Bert J was a Life is good owner, responded by saying he loved his Life is good cell phone." | This statement is inadmissible double, if not triple, hearsay because Plaintiff offers no direct testimony, but instead seeks to bring this statement into evidence through an email from one of Plaintiff's employees recounting an interaction, at which he was not present, between Albert Jacobs and an unidentified individual. See Copy Cop, Inc. v. Task Printing, Inc., 908 F.Supp. 37, 41-42 (D. Mass. 1995) ("Without direct testimony from the employees who heard the queries, this evidence would not be admissible at trial and thus cannot be considered in a motion for summary judgment."). Further, this statement, when examined in context, does not show confusion as to source. Rather, the alleged "Dude" likely assumed Albert Jacobs was the owner of Defendants' company. |
| 4. Statement "don't tell me that you guys are making cellphones now" made to John Jacobs, brother of Life is good's president Albert Jacobs. (Pl.'s L.R. 56.1 Stmnt. 20, ¶18.) | This statement is inadmissible because John Jacobs, as he admits in his deposition testimony, has no personal knowledge of the statement and cannot identify the individual who made it. (Pl.'s L.R. 56.1 Stmnt. 20, ¶18; Kenney Aff. Ex. M, p.23.) Further, the statement is a mere inquiry as to Plaintiff's business and does not reference Defendants or their "Life's Good" tagline. As such, this inquiry does not constitute an instance of consumer confusion as to source and should not be admitted as evidence in this case. See Footnote 1. |

3

| | |
|---|---|
| 5. Statement "Life's good…that's your company, right?" made to Shawn White. (Pl.'s L.R. 56.1 Stmnt. 20, ¶19.)<br><br>6. Statement "how's biz at Life's Good?" made to Shawn White. (Pl.'s L.R. 56.1 Stmnt. 20, ¶19.)<br><br>**Full Text:** "A friend here in town in conversation ref'd the LG ad and said Life's good…that's your company right?  We explained needles to say…but he's said several times since…how [sic] biz with Life's good." | These statements are mere inquiry and do not constitute actual confusion.  See Footnote 1.  Also, these statements do not show any confusion as to the source of the parties' goods.  Rather, when taken in context, it is clear that the unidentified individual merely inquired as to whether Shawn White worked for the company in the LG advertisement.  There is no indication that Mr. White corrected the individual as to use of "Life's good."  As such, the use of "Life's good" in follow up conversations does not indicate confusion.  See Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 489 (1st Cir. 1981) ("Beyond demonstrating what is obvious that 'Alpa' is 'Alpha' minus an 'h'…[t]here is nothing in the cards or letters to suggest confusion of products or businesses.") |
| 7. Statement "I thought LIG was just selling T-shirts and hats.  When did they get into applicances?" made to Life is good representative Carol Scully.  (Pl.'s L.R. 56.1 Stmnt., 20, ¶19.)<br><br>**Full Text:** Shawn, my neighbor bought a refrigerator from Best Buy made by LG.  Her comments were…"I thought LIG was just selling tee shirts and hats.  When did they get into appliances?"  When I told her we weren't, she said that it is confusing to have the same name on two *different types* of products. (emphasis added) | This statement is inadmissible hearsay because Plaintiff offers no direct testimony, but instead seeks to bring this statement into evidence through an email from Carol Scully to Shawn White, in which Scully recounts an interaction with her neighbor Carole Brown.  See Copy Cop, 908 F.Supp. at 41-42.  Further, this  statement is a mere inquiry that, if anything, shows the neighbor doubted any connection between Plaintiff and Defendants.  See Footnote 1.  Also, when taken in context, it is clear that Brown was not confused at all because she recognized the difference between the parties. |

4

| | |
|---|---|
| 8.  Statement made to Kat McGurdy, a Life is good employee, by a potential customer allegedly expressing confusion about "Life is good" after seeing an LG ad in Times Square.  (Pl.'s L.R. 56.1 Stmnt. 20, ¶19.)<br><br>**Additional Statement:**  "A women…came into Jake's House and was clearly confused as to what Life is good really is." | This statement is inadmissible double, if not triple, hearsay because Plaintiff offers no direct testimony, but instead seeks to bring this statement into evidence through an email from one of Plaintiff's employees, Roy Heffernan, reporting an interaction between Kat MacKirdy, another of Plaintiff's employees, and an unidentified individual.  See Id.  Nowhere does the email submitted as evidence express any statement made by the individual as to any confusion between the parties.  Rather, the individual appears confused about the nature of Plaintiff's business. |
| 9.  Comment by Best Buy sales associate that a product was made by "Life is Good."  (Pl.'s L.R. 56.1 Stmnt., 20, ¶20.) | This statement is inadmissible double, if not triple, hearsay because Plaintiff offers no direct testimony, but instead seeks to bring this statement into evidence through an email from one of Plaintiff's employees, Susan DeMarco, reporting an interaction between Dawne Guay and an unidentified Best Buy sales associate.  See Id.  Further, this evidence does not show consumer confusion.  Rather, it shows, if anything, that the Best Buy sales associate, not the consumer, was confused or mistaken. |
| 10.  Comment by Karen Lynch that she was told by a sales person that LG stood for "Life is good."  (Pl.'s L.R. 56.1 Stmnt., 20, ¶20.) | This statement is inadmissible hearsay because Plaintiff offers no direct testimony, but instead seeks to bring this statement into evidence through an email from Karen Lynch recounting alleged statements made by an unidentified salesman in Cambridge, MA.  See Id.  Further, this evidence does not show consumer confusion.  Rather, it shows, if anything, that the salesman, not the consumer, was confused or mistaken. |

5

| | |
|---|---|
| 11.  Comment by former employer of Mike Savourin, a Life is good employee, that "I was at Best Buy last night, looking at flat screens, and who made it, but Life is Good."  (Pl.'s L.R. 56.1 Stmnt. 20, ¶21.)<br><br>**Full Text:**  "a friend of mine was leaving his old company, went down to visit his regional sales manager, and the manager came into the room the last day he was going to be down there in Connecticut and said, 'Well, you'd never guess, it was so strange, I was at Best Buy last night looking at flat screen TVs, and who made it, but Life is good." | This statement is inadmissible triple hearsay because Plaintiff offers no direct testimony, but instead seeks to bring this statement into evidence through the deposition testimony of John Jacobs, who recounts a story told to him by Mike Savourin about a statement made by Savourin's former boss.  See Id.  As such, it is impossible to determine the truth of the alleged statement.  Further, this statement does not show consumer confusion because it is not clear whether Savourin's boss thought Savourin was leaving to work for Defendants.  If so, there was no confusion as to source. |
| 12.  Report by Rich Horvatic to Life is good that his LG cellphone had broken.  (Pl.'s L.R. 56.1 Stmnt. 20, ¶21.) | This report is inadmissible hearsay because Plaintiff offers no direct testimony.  See Id.  The report itself does not identify the individual who took it and is a recount of alleged statements made by Rick Horvatic.  Without examining Horvatic's direct testimony, it is impossible to determine whether he was confused as to source.  As such, Plaintiff's report is mere speculation. |

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: June 6, 2006 | /s/ Timothy A. Lemper |

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO#656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, Massachusetts 02142
Telephone: 617-452-1600
Facsimile: 617-452-1660

Mark Sommers (MA BBO# 545297)
Douglas A. Rettew (*pro hac vice*)
Timothy A. Lemper (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001
Telephone: 202-408-4000
Facsimile: 202-408-4400

Counsel for Defendants
LG Electronics U.S.A., Inc. and
LG Electronics MobileComm U.S.A., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 6, 2006.

/s/ Timothy A. Lemper
Timothy A. Lemper