UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>LG ELECTRONICS U.S.A., INC., and<br>LG ELECTRONICS MOBILECOMM U.S.A.,<br>INC., (formerly LG INFOCOMM U.S.A., INC.)<br><br>    Defendants. | Civil Action No. 04 11290 WGY<br><br>Hon. William G. Young |

### NOTICE OF CORRECTION TO PLEADING IN
### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

  Defendants LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc. file this Notice with the Court to correct a point of law argued in support of Defendants' motion for summary judgment on Plaintiff's claim under the Massachusetts Anti-Dilution Act.

  In the memorandum in support of their summary judgment motion, Defendants argued that "blurring" requires proof that a defendant's use of its mark causes (1) a "lessening" or "gradual whittling away" of the ability of the plaintiff's mark to uniquely identify a single company, and (2) "lessening of demand for the product or services bearing" the plaintiff's mark. See Defs.' Mem. 16-17, citing Pignons S. A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 495 (1st Cir. 1981);[1] I.P. Lund Trading ApS v. Kohler Co., 163 F.3d 27, 48 (1st Cir.

---

[1] Pignons S. A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 495 (1st Cir. 1981) (describing dilution as encompassing "diminution in the uniqueness and individuality of the plaintiff's mark resulting from the defendant's use of a similar mark"); Hasbro, Inc. v. Clue Computing, Inc., 66 F. Supp. 2d 117, 137 (D. Mass. 1999) (referring to "diminution in the uniqueness and individuality of the mark" as "blurring").

1998);[2] I.P. Lund Trading ApS v. Kohler Co., 11 F. Supp. 2d 112, 125-126 (D. Mass. 1998), vacated in part on other grounds, 163 F.3d 27 (1st Cir. 1998)).[3]

The First Circuit and this Court both recognized in I.P. Lund that "blurring" requires proof that the defendant's use of its mark lessens the ability of the plaintiff's mark to identify the plaintiff. However, in vacating this Court's decision in I.P. Lund on other grounds (i.e., lack of fame and the inappropriate use of the six "Sweet factors"), the First Circuit disapproved of this Court's holding that a plaintiff must prove that the defendant's use of its mark *lessens the demand* for products bearing the plaintiff's mark. See I.P. Lund, 163 F.3d at 49. Defendants discovered that their reliance on that holding was misplaced while preparing for oral argument on their summary judgment motion. Defendants seek to correct that error by bringing it to the Court's attention, and regret any inconvenience the error may have caused.

Even without the requirement of proof of a lessening in the demand for Plaintiff's products, the outcome of Plaintiff's dilution claim remains the same. As detailed in Defendants' pleadings, the undisputed evidence shows that "Life is good." is a common expression, frequently used on products and advertising, that consumers do not recognize as a distinctive trademark of Plaintiff, let alone as a *unique* identifier of *only* Plaintiff. (Defs.' Mem. 2-8, 18-20;

---

[2] I.P. Lund Trading ApS v. Kohler Co., 163 F.3d 27, 48 (1st Cir. 1998) (describing dilution in the context of blurring from various sources as "the gradual whittling away or dispersion of the identity and hold upon the public mind of the mark or name," "the lessening of the capacity of a famous mark to identify and distinguish good or services," "reduc[ing] the public's perception that the mark signifies something unique, singular, or particular," and "lessen[ing] the capacity of the famous mark to carry out its role as a trademark—namely, to identify and distinguish") (citations omitted).

[3] I.P. Lund Trading ApS v. Kohler Co., 11 F. Supp. 2d 112, 125 (D. Mass. 1998) (holding that "[b]lurring occurs 'where the defendant uses or modifies the plaintiff's trademark to identify the defendant's goods and services, raising the possibility that the mark will lose its ability to serve as a unique identifier of the plaintiff's product"; and that "[t]o succeed on its dilution by blurring claim, Lund must demonstrate that 'the use of a junior mark has caused a lessening of demand for the product or services bearing the famous mark'") (citations omitted).

Defs.' Reply Br. 6-12, 13-14.) Plaintiff presents no evidence that Defendants' use of "Life's Good" has lessened whatever distinctiveness the words "Life is good." have as a trademark identifying Plaintiff, let alone that Defendants' use has caused anything more than the sort of "incremental harm" that the First Circuit has found to be too "attenuated and speculative" to be cognizable under the Massachusetts Anti-Dilution Act. (Defs.' Mem. 19, quoting <u>Pignons S. A. de Mecanique de Precision v. Polaroid Corp.</u>, 657 F.2d 482, 495 (1st Cir. 1981).)

Respectfully submitted,

Date: June 14, 2006

/s/ Timothy A. Lemper
Mark Sommers (MA BBO# 545297)
Douglas A. Rettew (*pro hac vice*)
Timothy A. Lemper (*pro hac vice*)
FIN NEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO#656282)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, Massachusetts 02142

Attorneys for Defendants
LG Electronics U.S.A., Inc. and
LG Electronics MobileComm U.S.A., inc.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 14, 2006.

/s/ Timothy A. Lemper