**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LIFE IS GOOD, INC., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC., (formerly LG INFOCOMM U.S.A., INC.) <br><br> Defendants. | Civil Action No. 04 11290 WGY <br><br> Hon. William G. Young |

**DEFENDANTS' MOTION IN LIMINE TO STRIKE**
**THE SURVEY OF PLAINTIFF'S EXPERT ROBERT KLEIN**

Defendants LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc. move in limine to strike the results of the consumer confusion survey conducted by Mr. Robert Klein, an expert retained by Plaintiff Life is good, Inc.

As detailed in Defendants' supporting memorandum, the Klein survey suffers from several fundamental flaws and fails to comply with accepted principles for consumer confusion surveys, rendering its results untrustworthy, unreliable, and irrelevant to a determination of the likelihood of confusion between Plaintiff's use of "Life is good." for T-shirts, clothing, and accessories and Defendants' use of "Life's Good" as a corporate tagline for sophisticated appliances, flat-screen and plasma televisions, DVDs/VCRs, computer equipment, and cellular telephones.

First, the Klein survey violates the basic requirement that a survey replicate marketplace conditions. Instead of approximating the real world, or even using the parties' own advertisements or products, the Klein survey used dimensionally distorted images of the parties' logos blown up on otherwise blank sheets of white paper. Respondents were never told anything

about how the logos are actually used, including how and for what products the logos are used. As such, the Klein survey amounts to nothing more than an artificial guessing game.

Second, the Klein survey violated the basic requirement that a survey limit its universe to purchasers and likely purchasers of the parties' products at issue. Mr. Klein admitted that he did not know whether any of the people in his survey had purchased or intended to purchase any of the types of products made by the parties.

In addition to these fundamental design flaws, the execution of the Klein Survey was plagued by systematic errors in multiple locations—including interviewer errors, validation failures, bad skip patterns, questionable interviews, and site error—requiring the exclusion of more than 20% of the original sample size. Mr. Klein attributed these numerous and widespread problems to "a really bad job of laying out the [survey's] questionnaire." Moreover, Mr. Klein admitted that in his 35 years of experience, he *has never seen or even heard of this many errors in a survey*. According to Defendants' expert, these errors likely account for the statistically significant variations between markets that appeared in the survey's results (e.g., 41.5% confusion in Denver and –2.1% confusion in Chicago).

These errors in the design and execution of the Klein Survey deprive its results of any scientific or evidentiary weight, and render it irrelevant and unreliable. Any one of these flaws alone is enough to warrant exclusion of the survey. Taken together, they compel exclusion under Fed. R. Evid. 702, 401, 402, and 403.

In accordance with Local Rule 7.1(a)(2), Defendants have conferred with Plaintiff, and have ascertained that Plaintiff will not stipulate to this motion.

<table>
<tr><td>Date:  August 25, 2006</td><td>Respectfully submitted,<br><br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, L.L.P.<br><br>/s/ Timothy A. Lemper_____<br>Mark Sommers (MA BBO# 545297)<br>Douglas A. Rettew (*pro hac vice*)<br>Timothy A. Lemper (*pro hac vice*)<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, L.L.P.<br>901 New York Ave., N.W.<br>Washington, DC 20001<br><br>Lawrence R. Robins (BBO# 632610)<br>Jonathan M. Gelchinsky (BBO#656282)<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, L.L.P.<br>55 Cambridge Parkway<br>Cambridge, Massachusetts 02142<br><br>Counsel for Defendants<br>LG Electronics U.S.A., Inc. and<br>LG Electronics MobileComm U.S.A., Inc.</td></tr>
</table>

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 25, 2006.

/s/  Timothy A. Lemper_____