UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>LG ELECTRONICS U.S.A., INC., and<br>LG ELECTRONICS MOBILECOMM U.S.A.,<br>INC., (formerly LG INFOCOMM U.S.A., INC.)<br><br>            Defendants. | Civil Action No. 04 11290 WGY<br><br>Hon. William G. Young |

**DEFENDANTS' MOTION IN LIMINE TO STRIKE
PLAINTIFF'S EVIDENCE OF ALLEGED CONFUSION**

Defendants LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc. move in limine to strike Plaintiff Life is good, Inc.'s evidence of alleged confusion.

Plaintiff has alleged the existence of "dozens if not hundreds" of instances of actual confusion between the parties and their respective uses of "Life's Good" and "Life is good." Yet Plaintiff has produced only speculative and unsubstantiated hearsay evidence of 32 alleged instances of confusion, despite billions of opportunities for confusion to arise since Defendants began using their "Life's Good" corporate tagline nearly three years ago.

Plaintiff's 32 alleged instances of confusion are neither relevant nor admissible. All consist of alleged out-of-court statements by consumers, many of which are recounted through double, triple, and even quadruple hearsay statements by Plaintiff's owners, employees, retailers, family, or friends. Many of the alleged declarants are unidentified, and therefore cannot be cross examined. Moreover, Plaintiff's evidence is not relevant or probative of actual confusion because it consists of (1) instances where the alleged declarants were clearly not confused, (2) inquiries that show the alleged declarants understood and appreciated that the parties are different, (3) instances involving interested persons closely associated with Plaintiff, not consumers making

purchasing decisions under marketplace conditions; and (4) speculative evidence of vague and conclusory statements whose probative value cannot be established because they fail to show trademark-relevant confusion.  Even if credited, Plaintiff's evidence shows only de minimis confusion that is legally insufficient to establish a likelihood of confusion.

For these reasons, set forth more fully in Defendants' supporting memorandum, Plaintiff's evidence of alleged confusion should be excluded under Fed. R. Evid. 702.

In accordance with Local Rule 7.1(a)(2), Defendants have conferred with Plaintiff and have ascertained that Plaintiff will not stipulate to this motion.

                        Respectfully submitted,

                        FINNEGAN, HENDERSON, FARABOW,
                          GARRETT & DUNNER, L.L.P.

Date:  August 25, 2006            /s/  Timothy A. Lemper
                        Lawrence R. Robins
                        Jonathan M. Gelchinsky
                        FINNEGAN, HENDERSON, FARABOW,
                          GARRETT & DUNNER, L.L.P.
                        55 Cambridge Parkway
                        Cambridge, Massachusetts  02142

                        Mark Sommers
                        Douglas A. Rettew
                        Timothy A. Lemper
                        FINNEGAN, HENDERSON, FARABOW,
                          GARRETT & DUNNER, L.L.P.
                        901 New York Ave., N.W.
                        Washington, DC  20001

                        Counsel for Defendants
                        LG Electronics U.S.A., Inc. and
                        LG Electronics MobileComm U.S.A., Inc.

**CERTIFICATE OF SERVICE**

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 25, 2006.

                                               /s/  Timothy A. Lemper