LIFE IS GOOD, INC. V. LG ELECTRONICS U.S.A., INC
Civil Action No. 04 11290 WGY

DECLARATION OF TIMOTHY LEMPER IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE
TO STRIKE PLAINTIFF'S EVIDENCE OF ALLEGED CONFUSION

# Exhibit 1

## EXHIBIT 1:  CHART OF PLAINTIFF'S CONFUSION EVIDENCE

| No. | Person | Plaintiff's Evidence |
|---|---|---|
| 1 | Shawn White's Neighbor | Excerpt of October 5, 2005 email from Shawn White (one of Plaintiff's sales managers) to unidentified recipient:  "A friend here in town in conversation ref'd the LG ad and said "Life's Good . . . .that's your company right?  We explained needless to say. . . .but he's said several times since. . . .how [sic] biz with Life's good."  (Lemper Decl., Ex. 8, Bates No. 2717, at [*1].) |
| | | A. Jacobs testimony:  "I believe that a neighbor of Shawn White's or a friend or associate of somebody that he knew in his town said to him, 'I saw your ad for life's good; that's your company, isn't it,' something along those lines, may have mentioned the products.  Shawn said that he clarified to the gentleman that, no, in fact, that was not our company.  But that later, he continued to be confused and said, 'How is business at life's good.'"  (Lemper Decl., Ex. 5, A. Jacobs Depo. 27:15-28:9.)  "Shawn White indicated that a neighbor of his—a neighbor of his said, 'I saw your ad for 'life's good,' isn't that your company?'  And Shawn—Shawn indicated that although he corrected the gentleman, that that was not our company, it was an ad for electronics, that later, he remained confused and still asked him how's things at life's good . . . ."  (Id. 15:10-17.)  Jacobs was not present for the conversation and does not know exactly what was said; he got his information "secondhand" from the summary prepared by John Jacobs.  (Id. 27:15-21, 28:13-29:22.)  Jacobs did not know if the neighbor had seen Defendants' advertisement.  When asked if it could have been another company's advertisement, Jacobs testified that "it's highly unlikely because I've never seen an ad that says 'life's good' for any company except" Defendants.  When pressed, however, Jacobs admitted that he was aware of other companies using the words "life's good" or "life is good" in advertisements.  (Id. 28:13-29:22.) |
| 2 | Jim Crawford | October 6, 2005 email from Jim Crawford to Mary Crawford:  "I just saw an advertisement for the 'Life's Good' company.  I thought it was interestingly close to the 'Life is Good' copy write [sic]."  (Lemper Decl., Ex. 8, Bates No. 2717, at [*2].) |
| 3 | "Ralph" at "Bless Your Sole" | October 8, 2005 email from Teke Capahlbo to unidentified recipient:  "Mention to the brothers that just last week, I had an account in Abilene, TX (Bless Your Sole) Ralph, the owner, ask me if people got the LIG brand slogan and LG confused with the 'Life's Good' slogan."  (Lemper Decl., Ex. 8, Bates No. 2717, at [*3]) |
| 4 | Woman at Plaintiff's Newbury | Excerpt of October 8, 2005 email from Roy Heffernan to unidentified recipient:  "Kat MacKirdy, working in our Newbury St [sic] store, got a great example of consumer confusion this week.  I will follow up with her to see if we can get the consumer's name and document the clear confusion.  The |

| No. | Person | Plaintiff's Evidence |
|---|---|---|
| | Street Store | woman had recently been to NYC and seen the Life's Good add [sic] and then came into Jake's House and was clearly confused as to what Life is good really is." (Lemper Decl., Ex. 8, Bates No. 2717, at [*4].) |
| | | A. Jacobs testimony: A consumer came into Plaintiff's Newbury Street store and said, "I'm confused. I—I don't know what Life is good. is. I saw a billboard in New York City, and—and I see this store; is it all related?" (Lemper Decl., Ex. 5, A. Jacobs Depo. 16:5-11, 21:9-23:6.) Jacobs did not talk to the employee and did not know the identity of the consumer. His knowledge came from the summary prepared by John Jacobs, based on information relayed by Roy Heffernan, who Jacobs *assumed* got the information from Plaintiff's employee, who Jacobs *assumed* spoke with the consumer. (Id. 21:9-26:6.) Jacobs admitted he did not know *why* the woman was confused and that "I probably make some assumptions as to why she was confused." (Id. 26:7-27:13; see also id. 22:5-23:6.) |
| | | J. Jacobs testimony: "I remember a person who works in our store on Newbury Street saying that a woman walked in and asked about a billboard in New York and was confused, said, do you—is that your ad or I don't really understand what Life is good. makes or something like that." (Lemper Decl., Ex. 6, J. Jacobs Depo. 80:4-9.) |
| 5 | Carole Brown | Excerpt of an October 7, 2005 email from Carole Scully to Shawn White (both Plaintiff's employees), forwarded by White to an unidentified recipient on October 8, 2005: "Shawn, my neighbor bought a refrigerator from Best Buy made by LG. Her comments were. . . . "I thought LIG was just selling tee shirts and hats. When did they get into appliances?" When I told her we weren't, she said that it was confusing to have the same name on two different types of products." (Lemper Decl., Ex. 8, Bates No. 2717, at [*5].) Scully's email identified the neighbor as Carole Brown, and listed Brown's mailing address. (Id.) |
| | | J. Jacobs testimony: "[A] young sales person told a friend that—this is a friend of a friend, Carol Scully, her—her friend walked into a [Best Buy] store and the sales person indicated that she was buying a refrigerator from Life is good." (Lemper Decl., Ex. 6, J. Jacobs Depo. 79:16-22.) Jacobs did not know the identity of the people involved in the alleged incident. (Id. 82:14-18.) |
| 6 | Dawne Guay | October 5 and October 11, 2005 emails from Susan DeMarco (Plaintiff's employee) to Shawn White (Plaintiff's employee) and John and Bert Jacobs (Plaintiff's owners): [Oct. 5 email]: "The only thing that happens over and over are people (friends, people who know that I sell LIG) but are not in the business asking me: I didn't know LIG sells telephones, refrigerators, etc.. A girl that works were [sic] I get my hair cut purchased a refrigerator and the salesman told her that she was buying a Life is good Refrigerator the same |

| No. | Person | Plaintiff's Evidence |
|-----|--------|---------------------|
| | | company that makes the tees… I don't know if this is what your [sic] looking for but these are the kind of things I hear." [Oct. 11 email]: "The women's [sic] name is Dawne Guay here here [sic] # is 603-425-1033. She was shopping for a refrigerator at Best Buy and the sales associate (a young kid) told her the company that made the refrigerator was Life is good." (Lemper Decl., Ex. 8, Bates Nos. 2718, 3509-11, at [*6].) |
| | | A. Jacobs testimony:  Susan DeMarco reported that a woman DeMarco knows "stated that she was shopping for, I believe, a refrigerator, some kind of appliance, and she asked about a specific refrigerator or appliance and the sales clerk said, 'That that is made by Life is good.' And this person who knows Susan remarked to her something along the lines of, you know, 'When did these guys get involved with appliances?'" (Lemper Decl., Ex. 5, A. Jacobs Depo. 30:1-4, 30:8-16, 30:19-31:3; id. 15:18-16:3.)  Jacobs did not know the identity of the people involved. (Id. 31:4-12.) |
| | | J. Jacobs testimony:  Susan DeMarco sent an email saying that a young sales associate at Best Buy told a woman that DeMarco knows that a refrigerator was made by Life is good. (Lemper Decl., Ex. 6, J. Jacobs Depo. 82:19-84:3.)  Jacobs admitted that DeMarco was not part of the conversation where the alleged statement was made. (Id. 84:2-3.) |
| 7 | John Jacobs' Neighbor | Excerpt from unidentified source on unidentified date to unidentified recipient: "John J's neighbor, having seen LG TV ads, asked if LIG had signed a deal related to the air conditioning unit sticking out of the first-floor window." (Lemper Decl., Ex. 8, Bates No. 2718, at [*7].) |
| | | A. Jacobs testimony:  "He pointed to an air conditioner, which I believe was an LG air conditioner, and questioned in some fashion if our company had produced it or something along that—those lines." (Lemper Decl., Ex. 5, A. Jacobs Depo. 18:11-19:15.)  Jacobs did not know why his neighbor was allegedly confused or why he believed that the parties were connected. (Id. 19:6-15.) |
| | | J. Jacobs testimony:  He had a conversation with a neighbor (not sure who) in front of his condominium.  "I think he had seen a 'life's good' ad and then he saw the air conditioner and asked if we made the product or had some association with it," and that the neighbor had said, "Don't tell me you guys are making air conditioners now." (Lemper Decl., Ex. 6, J. Jacobs Depo. 86:7-87:8.)  Jacobs did not know exactly what was said—his testimony was "my best guess" as to what was actually said. (Id. 87:5-8.)  Jacobs admitted he "could only speculate" about the cause of the alleged confusion "because I don't know," and that it was "my speculation" that the neighbor saw Defendants' advertisement and then he saw the air conditioner. (Id. 86:7-87:8.) |

| No. | Person | Plaintiff's Evidence |
|-----|--------|----------------------|
| 8 | "Dave" the "Dude" | Excerpt from unidentified source on unidentified date to unidentified recipient: "Dude that Bert J met recently who, when told Bert was a Life is good owner, responded by saying he loved his Life is good cell phone." (Lemper Decl., Ex. 8, Bates No. 2718, at [*8].)<br><br>A. Jacobs testimony: A man named "Dave," whose last name Jacobs does not know, said that a mutual friend had told Dave that Jacobs owns "the Life is good. company." "Dave" told Jacobs "I have one of your phones." (Lemper Decl., Ex. 5, A. Jacobs Depo. 32:19-34:1.) Jacobs testified that "Dave" did not indicate that he was referring to Defendants' phone or why he believed the phone was made by Plaintiff. (Id. 33:6-20, 33:22-34:13.) Jacobs testified, "I don't specifically recollect him after that saying, 'Because I saw 'life's good' on this.' But I assume if he thinks my company is Life is good., that that's where it came from." (Id. 42:15-43:4.) |
| 9 | David Coskey | October 12, 2005 email from David Coskey to Rich Cremin: "I was in a Verizon Wireless store yesterday and I couldn't help but notice the 'LG' companies [sic] new logos and font. Very, very similar to Life is good. I don't know if you guys have looked into it, but they are definelty [sic] riding on your trademark." (Lemper Decl., Ex. 8, Bates No. 2718, at [*9].)<br><br>A. Jacobs testimony: "Rich Cremin sent information from someone he knows, I believe it's a nephew of his, who sent an e-mail to him asking for clarification about what LG is and saying, 'Do you—do you know these guys"—I believe he used the wrong terminology and he said, "Do you know these guys are using or stealing your copyright?" (Lemper Decl., Ex. 5, A. Jacobs Depo. 16:12-18.) Jacobs testified that "the communication wasn't directly with me. And I only read a summary. So basically, again, what I've stated is all that I know, that he asked the question or he asked for some clarification about LG and indicated that—I think he asked the question, 'Are you guys aware that these guys are using your copyright?'" (Id. 19:21-20:11.) Jacobs did not know if Cremin's nephew was confused or not. (Id. 20:18-21:8.) |
| 10 | Rick Horvatic | Handwritten note by unidentified author containing the name "Rick Horvatic" and dated October 24, 2005: "Cell broke – went into Verizon – no luck went to LIG.com though [sic] it was the same company as LG. That's very confusing – understand the problem. Customer @ Newbury St. store." (Lemper Decl., Ex. 8, Bates No. 2719, [*10].) |
| 11 | Janice Frank | November 3, 2005 email from Janice Frank to Plaintiff's customer service email address: "I'm very concerned at seeing advertisements for LG refrigerators and other things they make advertised with the motto, 'Life's Good.' It seems to me that 'Life's Good' would be some kind of infringement on your name or logo. Also, I don't want people to think I am |

| No. | Person | Plaintiff's Evidence |
|---|---|---|
| | | advertising refrigerators." (Lemper Decl., Ex. 8, Bates Nos. 2720-21, [*11].) |
| 12 | Joe Klein | October 28, 2005 email from Joe Klein to Plaintiff's customer service email address: "I have been an avid fan of your logo since I first saw it on a cap in Colorado where I lived for 7 years. I have become concerned that your name and logo are being used in the cell phone industry. I moved to Columbus Ohio a few months ago and just recently verizon wireless is marketing the LG phone under 'Life is Good,' ie. [sic] LG. My only concern is that I don't want to promote there [sic] product by wearing yours." (Lemper Decl., Ex. 8, Bates Nos. 2722-23, [*12].) |
| 13 | Charlie Hurwitch | November 30, 2005 email from Charlie Hurwitch to Plaintiff's customer service email address: "You may already be aware, but in case you are not, you may be the victim of a Branding / Logo / Trademark issue. I was on LG's website and found their new tag line extremely similar to yours…LG— 'Life's Good.' LG actually stands for Lucky Goldstar. They were a low end electronics manufacturer years ago that have reinvented themselves as LG and offering higher quality products now." (Lemper Decl., Ex. 8, Bates No. 2724, [*13].) |
| 14 | Patricia Ruffino | November 16, 2005 email from Patricia Ruffino to Plaintiff's customer service email address: "I just saw an ad for LG appliances, and they used the line 'life's good' next to their 'smiley face' logo. It looked & sounded so much like yours that I thought I would give you the heads up." (Lemper Decl., Ex. 8, Bates No. 2725, [*14].) |
| 15 | Lindsay Hale | November 22, 2005 email from Lindsay Hale to Plaintiff's customer service email address: "I just noticed that LG came out with a new product, some all in one cell phone, etc. with a tag line of 'Life is good' and immediately thought of your guys. Is that an infringement on your trademark? I'd hate for that to catch on and epoeple [sic] think of them and not you guys. It's not exact, but damn close." (Lemper Decl., Ex. 8, Bates No. 2726, [*15].) |
| 16 | Karen Lynch | November 23, 2005 email from Karen Lynch to "Customer Service": "I bought an LG flatron computer monitor from Micro Center computers in Cambridge, MA, a few months ago and the salesman told me LG stood for Life is Good, and it was you guys! I told everyone and his brother that LG was the same company as Life is Good, the cool hats and t-shirts, and tonight, someone called me on it. So I went on line. It's not you, is it?. . . . .bummer!" (Lemper Decl., Ex. 8, Bates No. 2727, [*16].) |
| 17 | "Robert" the remodeler | June 28, 2006 email from Rick Super at "Florida – Life is good sales" to Shawn White (one of Plaintiff's sales managers): "Shawn, Just so happens I've had the gentleman who is doing some of our remodeling mention LG twice to me asking if we were affiliated with that company, his name is |

| No. | Person | Plaintiff's Evidence |
|-----|--------|---------------------|
|  |  | Robert, he said if we were not affiliated why were they using the term Life's good, Robert said it was very confusing to him." (Lemper Decl., Ex. 8, Bates No. 3441, [*17].) |
| 18 | Frempong Kankam | July 11, 2006 email from Roy Heffernan to various employees of Plaintiff: "On Sunday, July 9, 2006 I went into a retail store in my home town of Needham, Massachusetts. The gentlemen behind the retail counter said that he saw Life is good's advertisement in the Best Buy Sunday Globe insert and that he did not know that our company was selling appliances. Frempong Kankam, the retail employee, proceeded to show me the advertisement and pointed to the LG Electronics ad copy which included 'Life's Good'." (Lemper Decl., Ex. 8, Bates No. 3442, [*18].) |
| 19 | Vicki Castle | July 12, 2006 email from Vicki Castle (one of Plaintiff's retailers) to David Scully, forwarded from Scully to Corrie Sorin (Plaintiff's employees) on July 13, 2006: "Great timing with this. As a matter of fact, my sister was visiting this week and she has a new LG phone. She told me that it was a Life Is Good phone! I told her that it would be LIG, not Lg. She said that the sales person and the box lead her to believe that it was a LIG phone." (Lemper Decl., Ex. 8, Bates Nos. 3443-45, [*19].) |
| 20 | "Several customers" at Shaw's Country Store | July 3, 2006 email from "Sal" (one of Plaintiff's retailers) to Brian Conroy (Plaintiff's employee), forwarded from Conroy to Corrie Sorin (Plaintiff's employee) on July 3, 2006: "I've had several customers and one travel person pull out their phone and ask if LIG is a Japanese company. Also if it's a small part of a huge company." (Lemper Decl., Ex. 8, Bates No. 3446, [*20].) |
| 21 | Customer at "Sherman's Life is Good" | June 30, 2006 email from Audrey Curtis (one of Plaintiff's retailers) to Brian Conroy (Plaintiff's employee), forwarded from Conroy to Albert Jacobs and Shawn White on July 1, 2006: "We had a customer come in our GNS store, Sherman's Life is Good a few weeks ago asking if we carried Life is Good cell phones. We did not know anything about all this until last week when our daughter (age 16) informed us of the existence of these cell phones. I hope this helps." (Lemper Decl., Ex. 8, Bates Nos. 3447-48, [*21].) |
| 22 | "A guy" at a store in Dexter, Michigan | June 28, 2006 email from Lisa Zahra (one of Plaintiff's retailers) to Shawn White (one of Plaintiff's employees): "I had a guy walk in the store one day, approx. 3 or 4 months ago. Hadn't seen him before, not a customer. Came in to chat really, and inquire about Life is good. He had mentioned seeing the T's a lot around town, and then saw the phone ad's, other ads for LG....had thought to himself, wow that's the same company with the t's and now they're doing phones, etc. He was just interested and wanted to know what I had, etc. He did think it was one in the same. I explained to him that it was not." (Lemper Decl., Ex. 8, Bates No. 3449, [*22].) |

| No. | Person | Plaintiff's Evidence |
|---|---|---|
| 23 | Dr. Matthew Hoffman | May 25, 2006 email from Corrie Sorin to Roy Heffernan (both Plaintiff's employees):<br><br>"WHO:<br>Dr. Matthew L. Hoffman<br>51 N 3rd Street<br>Apt #22<br>Philadelphia, PA 19106<br><br>WHERE/WHEN:<br>Date of occurrence: Saturday, May 20, 2006<br>Walking past a Verizon Store on 5th and Market in Philadelphia, PA<br><br>WHAT:<br>After discussing my new position and the upcoming move to Boston and to Life is good, Matt pointed to the LG sign in the window that said 'Life's good' and said… 'Look it's your new company!' I had to explain to him that we were not associated with the phone company and to my knowledge did not make cell phone accessories." (Lemper Decl., Ex. 8, Bates Nos. 3450-51, [*23].) |
| 24 | Dr. Steven Hoffman | June 28, 2006 email from Corrie Sorin (one of Plaintiff's employees) to Robert Kirby (Plaintiff's outside counsel): "I was speaking to my boyfriend's father, Dr. Steven B. Hoffman on the phone on Thursday, June 22, 2006. He mentioned that he had seen Life is good's television commercial. I questioned which commercial he was speaking of, and he went into detail about a woman wearing a dress, coming home, throwing the dress in the dryer, and then putting the dress back on to go out for the evening with her boyfriend/husband/lover. I explained to Steve that we don't have commercials on T.V. and that that commercial was actually for the brand LG. He was confused because the commercial does not make it clear until the very end that it is trying to advertise the dryer, rather then the dress. Once this point is made obvious, the next thing on the screen is the saying 'Life's good.' This is an educated man. This is someone who is very interested in where I am working and who I am working for. He owns several Life is good t-shirts, and still could not decipher between LG and Life is good." (Lemper Decl., Ex. 8, Bates No. 3452, [*24].) |
| 25 | Michael Larson | July 11, 2006 email from Michael Larson to Gary Peck, forwarded from Peck to Albert Jacobs on July 12, 2006: "I saw in USA today and have mailed to you an article regarding the North Korean missile testing. Along with the article was a picture, showing a South Korean watching a news program involving the North Korean president. What caught my eye was the 'Life's good' label on the stand holding the television. You're reaching the world." (Lemper Decl., Ex. 8, Bates Nos. 3477-78, [*25].) |

| No. | Person | Plaintiff's Evidence |
|---|---|---|
| 26 | Alan Taschner | July 12, 2006 email from Corrie Sorin (one of Plaintiff's employees) to Plaintiff's outside counsel: |
| | | "Name of Person Writing the Incident:  Shawn White/Kathleen White |
| | | Job Title/Occupation:  VP Sales of Life is good |
| | | Date/Time/Place of conversation:  May '05 at L.A.B. Motors, Marblehead, MA 781-631-8322 |
| | | Type of conversation (e-mail/phone call/face to face contact):  Face to face |
| | | Name of Person that stated the confusion:  Alan Taschner |
| | | Job Title/Occupation:  Owner L.A.B. Motors, Inc. |
| | | Brief summary (quotes used if possible) of what happened:  Alan was on a cruise in the Panama Canal....saw several TV adds for LG 'Life's Good.' Knowing our affiliation with Life is good he thought to himself...."Wow, Shawn and Kathleen (Life is good, Inc) is getting around.  Later on at L.A.B Motors Alan asked Kathleen about the ads for LG and was impressed we were also into the electronics business." (Lemper Decl., Ex. 8, Bates No. 3479, [*26].) |
| 27 | Daniel Pedneault | June 16, 2006 email from Lisa Labarre to Roy Heffernan (both Plaintiff's employees):  "As you know, I live with my boyfriend, Daniel Pedneault. Well, I was in our kitchen washing dishes while he was watching television on Sunday, 6/4/06, and he had seen an LG commercial.  He yelled out, 'Honey, your company has a commercial on the television!  I didn't know you guys had appliances!'  So, I explained that that was not our company but a company with the basically the same name.  He didn't feel that was right. Nor do I."  (Lemper Decl., Ex. 8, Bates Nos. 3480-81, [*27].) |
| 28 | "Malori" | June 16, 2006 email from Lisa Labarre to Roy Heffernan (both Plaintiff's employees):  "My 8 year old daughter, Malori, also made an observation and comment yesterday at Best Buy.  We saw their name on an air conditioner box and she thought the writing (font) was a lot like ours.  I think she thought it was very contemporary like ours."  (Lemper Decl., Ex. 8, Bates Nos. 3480-81, [*28].) |
| 29 | Danny Eng | June 27, 2006 email from Roy Heffernan (Plaintiff's employee) to Robert Kirby (Plaintiff's outside counsel):  "On or about May 14, 2006, I went into Bagel's Best restaurant in Needham, MA.  The owner of the restaurant, Danny Eng, is a long time friend of the Heffernan family due to the fact that his business is one of the retail stores on my father's block.  In other words, my father is the landlord for Bagel's Best.  Prior to May 14th Danny was well aware of the fact that my cousins (also raised in Needham, MA) started the Life is good (LIG) company.  Danny also knew that I am an executive of |

| No. | Person | Plaintiff's Evidence |
|-----|--------|----------------------|
| | | LIG.  Out of general interest Danny has asked me about LIG many times during my visits to his restaurant.  When I was ordering from Bagel's Best on or about May 14th Danny exclaimed over the counter at me that he 'didn't know that LIG was getting into televisions." (Lemper Decl., Ex. 8, Bates No. 3484, [*29].) |
| 30 | "Folks" that have spoken to Nancy Kluesner | October 5, 2005 email from Nancy Kluesner to Shawn White (both Plaintiff's employees), included in reply email from White to Kluesner copied to John Jacobs on October 6, 2005:  "Hi Shawn, I've had folks ask on occasion whether or not they owned Life is good now… or if we've licensed them to use our Life is good saying… but I don't remember specific people. Usually it comes up at a show venue where there are more people and someone whips out an LG phone…. then someone else says 'hey, are you guys (LIG) connected to LG company?'  Sorry I don't have better details." (Lemper Decl., Ex. 8, Bates No. 3507, [*30].) |
| 31 | "Mike M.," former co-worker of Mike Sabourin | J. Jacobs testimony:  Mike Sabourin, one of Plaintiff's employees, had a conversation with "Mike M.," one of Sabourin's former co-workers. Sabourin told Jacobs that "when he was leaving his old company, [Sabourin] went down to visit his regional sales manager, and the manager came into the room the last day he was going to be down there in Connecticut and said, "Well, you'd never guess, it was so strange, I was at Best Buy last night, looking at flat screen TVs, and who made it, but Life is good."  And he said something like, "Wow, you guys are making everything now."  And Mike [Sabourin] said, "No, actually we don't—that's not Life is good."  (Lemper Decl., Ex. 6, J. Jacobs Depo. 79:4-15, 81:17-82:13.) |
| 32 | Friend at a Basketball Arena | A. Jacobs testimony:  Plaintiff first learned of Defendants' use of "Life's Good" when a friend saw "life's good" at a Los Angeles basketball arena and "called on the cell phone and said, 'Hey, you know, is this you guys?  What is this all about?'" (Lemper Decl., Ex. 5, A. Jacobs Depo. 201:20-202:2.) Jacobs did not identify the friend or indicate that he personally spoke with the friend.  (Id. 201:20-202:2.) <br><br> J. Jacobs testimony:  He first learned of Defendants' use of "Life's Good" when "a friend call[ed], who lives out west, who saw a sign at an arena, maybe it was the Staple Center, where the Lakers play." (Lemper Decl., Ex. 6, J. Jacobs Depo. 61:3-8.)  Jacobs did not identify the friend or indicate that he personally spoke with the friend.  (Id. 61:3-8.) |