LIFE IS GOOD, INC. V. LG ELECTRONICS U.S.A., INC
Civil Action No. 04 11290 WGY

DECLARATION OF TIMOTHY LEMPER IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE
TO STRIKE PLAINTIFF'S EVIDENCE OF ALLEGED CONFUSION

# Exhibit 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LG ELECTRONICS U.S.A., INC. )<br>and LG INFOCOMM U.S.A., INC. )<br>    Defendants. ) | C.A. No. 04-11290-REK |

### PLAINTIFF LIFE IS GOOD, INC.'S RESPONSE TO DEFENDANTS LG ELECTRONICS U.S.A., INC AND LG INFOCOMM U.S.A., INC.'S FIRST SET OF INTERROGATORIES

Plaintiff Life is good, Inc. ("Life is good") provides the following answers to the first set of interrogatories propounded by the defendants.

### GENERAL OBJECTIONS

1. Life is good objects to providing any information protected by the attorney-client privilege and/or the work-product immunity doctrine.

2. Life is good objects to providing any information otherwise protected from disclosure pursuant to applicable law.

3. Life is good objects to these interrogatories to the extent that they are overly broad, unduly burdensome, vague, and/or interposed solely to harass and/or annoy Life is good.

4. Life is good objects to providing any confidential and/or proprietary business information prior to the execution of a mutually-agreeable confidentiality stipulation.

5. Life is good objects to these interrogatories to the extent that they are not reasonably anticipated to lead to the discovery of admissible evidence and/or exceed the scope of discovery

1

permitted by Rule 26 of the Federal Rules of Civil Procedure.

6. Life is good objects to these interrogatories to the extent that they exceed 25 in number, including all subparts.

7. Life is good objects to the instructions and definitions included within the defendants' interrogatories, including the defendants' definition of the plaintiff's "Life is good" mark as the "LIGI" mark.

Interrogatory No. 1

Describe in detail the circumstances surrounding Plaintiff's selection and clearance of the LIGI Mark and Jake Symbol, including but not limited to, the reasons Plaintiff selected the LIGI Mark and Jake Symbol, when Plaintiff selected and cleared the LIGI Mark and Jake Symbol, and all persons involved in the selection and clearance of the LIGI Mark and Jake Symbol.

Answer to Interrogatory No. 1

Life is good objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and vague. Without waiving those objections, and subject to the foregoing General Objections, Life is good states that in 1994 Albert Jacobs and John Jacobs, now the principals of Life is good, Inc., were in the business of designing and selling t-shirts. Albert Jacobs and John Jacobs admired certain well-known brands and the message represented by those brands and their logos. The Jacobs brothers then began to talk about a brand and/or logo that would represent what they stood for. During this discussion John Jacobs drew the "Jake" character and Albert Jacobs wrote the words "Life is good" below the "Jake" character. The Jacobs brothers then decided to design and market products using the "Life is good" and "Jake" marks.

2

Interrogatory No. 2

Identify each product with which Plaintiff has used the LIGI Mark and Jake Symbol.

Answer to Interrogatory No. 2

Subject to the General Objections set forth above, Life is good states that, without limitation, it and its predecessors have used the "Life is good" and "Jake" marks in connection with the following products: t-shirts, shirts, sweatshirts, golf shirts, pants, shorts, jackets, outerwear, dresses, pajamas, infant and toddler clothing, tank tops, underwear, hats, visors, jewelry, blankets, towels, travel bags, backpacks, cinch sacks, water bottles, travel mugs, balls, flying discs, bandanas, gloves, mittens, dog and cat bowls, dog and cat collars, dog and cat toys, golf club accessories, coffee mugs, stickers, tire covers, plastic figures, posters, letterhead, stationary, postcards, and greeting cards. Pursuant to F.R. Civ. P. 33 (d), Life is good further answers this interrogatory by referring to the documents it will produce in response to the defendants' first request. In particular, Life is good refers to its catalogs that it has produced.

Interrogatory No. 3

Identify each retail store or outlet, including its location and address, where Plaintiff's Products have been sold or distributed.

Answer to Interrogatory No. 3

Life is good objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably anticipated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information that is protected from disclosure by applicable law. Without waiving those objections, and subject to the General Objections set forth above and the execution of a mutually agreeable confidentiality stipulation, pursuant F.R. Civ. P. 33

3

(d), Life is good answers this interrogatory by referring to the documents it will produce pursuant to the defendants' first request. In particular, Life is good refers to the list of retail outlets it will produce to the defendants.

Interrogatory No. 4

Identify the annual sales and profits/losses derived from the sale of Plaintiff's Products.

Answer to Interrogatory No. 4

Life is good objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks confidential and proprietary information that is protected from disclosure by applicable law. Without waiving those objections, and subject to the General Objections set forth above and the execution of a mutually agreeable confidentiality stipulation, pursuant to F.R. Civ. P. 33 (d), Life is good answers this interrogatory by referring to the documents it will produce in response to defendants' first request. In particular, Life is good refers to the financial documents it will produce to the defendants setting forth Life is good's annual sales and profits/losses.

Interrogatory No. 5

Identify all media (including but not limited to newspapers, magazines, trade journals, direct mail advertising, radio, television, and the Internet), in which Plaintiff has advertised each of Plaintiff's Products.

Answer to Interrogatory No. 5

Life is good objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving those objections, and subject to the General Objections set forth above, Life is good states that it has advertised its products, without

4

limitation, at its internet website (www.lifeisgood.com), at charitable festivals and events it sponsors, in in-store and point of purchase displays, on the products themselves, at industry trade shows, catalogs, mail order catalogs directed to customers, retailers' catalogs, retailers' web sites, trade magazines, and retailers' billboards.

Interrogatory No. 6

Identify Plaintiff's annual advertising/promotional expenses.

Answer to Interrogatory No. 6

Life is good objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks confidential and proprietary information that is protected from disclosure by applicable law. Without waiving those objections, and subject to the General Objections set forth above and the execution of a mutually agreeable confidentiality stipulation, pursuant to F.R. Civ. P. 33 (d), Life is good answers this interrogatory by referring to the documents it will produce in response to defendants' first request. In particular, Life is good refers to the financial documents it will produce to the defendants setting forth Life is good's annual advertising and promotional expenses.

Interrogatory No. 7

Describe all instances in which a person has confused or mistaken the identity, source, affiliation, or relationship between, on the one hand, Plaintiff, Plaintiff's Products, the LIGI Mark, and/or the Jake Symbol and, on the other hand, LG, LG's goods or services, LG's use of "Life is Good," LG's use of "Life's Good," and/or the LG Corporate logo; and vice versa.

Answer to Interrogatory No. 7

Life is good objects to this interrogatory on the grounds that it is overly broad, unduly

burdensome, and vague. Without waiving those objections, and subject to the General Objections set forth above, Life is good states that the undersigned and other employees of Life is good have experienced dozens if not hundreds of situations in which the Life is good employee has identified himself/herself as a Life is good employee and, in response, a person has made reference to cellular telephones, televisions, refrigerators and/or other products clearly sold by the defendants.

In addition, Life is good employees have had dozens of conversations with Life is good customers and/or retailers in which the customer or retailer has asked the Life is good employee if Life is good is aware of LG, whether Life is good was selling cellular telephones, televisions and/or kitchen goods, and whether LIG licensed or otherwise authorized LG's use of the marks "Life's Good" or "Life is Good."

Because discovery and investigation continue, Life is good reserves the right to supplement this answer.

Interrogatory No. 8

Identify all instances in which a person has inquired as to whether Plaintiff, Plaintiff's Products, the LIGI Mark, and/or the Jake Symbol are or were affiliated with, connected to, sponsored by, or otherwise related to LG, LG's goods or services, LG's use of "Life is Good," LG's use of "Life's Good," and/or the LG Corporate logo; and vice versa.

Answer to Interrogatory No. 8

Life is good objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving those objections, and subject to the foregoing General Objections, Life is good refers to its answer to interrogatory no. 7 above. Because discovery and

investigation continue, Life is good reserves the right to supplement this answer.

Interrogatory No. 9

Identify each third party of which Plaintiff is aware that has used or registered a name (including but not limited to a domain name) or mark comprised of or containing the terms "Life is Good" or a derivation of the terms "Life is Good" (e.g., "Life's Good"). For each such third party, identify the use(s) and when and how Plaintiff first became aware of the use(s).

Answer to Interrogatory No. 9

Life is good objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and not reasonably anticipated to lead to the discovery of admissible evidence. Without waiving those objections, and subject to the foregoing General Objections, pursuant to Fed.R.Civ.P. 33(d), Life is good answers this interrogatory by referring to the documents it will produce in response to the defendants' first request for production. In particular, Life is good refers to the correspondence concerning third-party usage, third-party trademark registrations, and agreements concerning third-party usage, that it will produce in response to defendants' first request.

Interrogatory No. 10

Identify each third party of which Plaintiff is aware that has used or registered a design comprised of or containing a smiling face. For each such third party, identify the use(s) and when and how Plaintiff first became aware of the use(s).

Answer to Interrogatory No. 10

Life is good objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and not reasonably anticipated to lead to the discovery of admissible

evidence. Without waiving those objections, and subject to the foregoing General Objections, pursuant to Fed.R.Civ.P. 33(d), Life is good answers this interrogatory by referring to the documents it will produce in response to the defendants' first request for production. In particular, Life is good refers to the correspondence concerning third-party usage, and agreements concerning third-party usage, that it will produce in response to defendants' first request.

Interrogatory No. 11

Identify all witnesses, including expert witnesses, upon whose testimony Plaintiff will rely in this case.

Answer to Interrogatory No. 11

Life is good objects to this interrogatory on the grounds that it is not reasonably anticipated to lead to the discovery of admissible evidence, and seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine. Without waiving those objections, and subject to the foregoing General Objections, Life is good answers this interrogatory by referring to its initial disclosures previously served upon the defendants.

Life is good will provide the expert witness disclosures required by the Federal Rules of Civil Procedure and the Orders of this Court.

Interrogatory No. 12

Describe in detail the circumstances under which Plaintiff first learned of LG's use of "Life's Good," "Life is Good," and the LG Corporate Logo, including but not limited to the identity of all person(s) involved.

8

Answer to Interrogatory No. 12

Life is good objects to this interrogatory on the grounds that is overly broad, unduly burdensome, and vague. Life is good further objects on the grounds that the interrogatory seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine. Without waiving those objections, and subject to the foregoing General Objections, Life is good states that in 2003 it received a number of communications from customers and sales representatives concerning advertisements run by LG that featured the trademark "Life's good" as well as the LG logo. After receiving this information, Bert Jacobs and other representatives of Life is good visited LG's web site and learned more information concerning LG's massive advertising campaign featuring the trademark "Life's good" as well as the LG logo.

Interrogatory No. 13

Identify any lost customers, sales, or business as a result of LG's use of "Life's Good," "Life is Good," and/or the LG Corporate Logo.

Answer to Interrogatory No. 13

Subject to the foregoing General Objections, Life is good states that, at this time, it is not aware of any lost customers, sales, or business as a result of LG's use of "Life's Good," "Life is Good," and/or the LG Corporate Logo. Because discovery and investigation continue, Life is good reserves the right to supplement this answer.

Interrogatory No. 14

State the basis for Plaintiff's claim that it "will suffer immediate and irreparable harm" as a result of LG's actions.

9

Answer to Interrogatory No. 14

Life is good objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably anticipated to lead to the discovery of admissible evidence. Life is good further objects to this interrogatory on the grounds that it seeks a legal conclusion, as well as the mental impressions and opinions of Life is good's counsel, and is therefor beyond the scope of permissible discovery. Without waiving those objections, and subject to the foregoing General Objections, Life is good states that the defendants' massive advertising and marketing campaign using the marks "Life's Good,""Life is Good," and/or the LG Corporate Logo is likely to dilute the strength and distinctive quality of Life is good's "Life is good" and "Jake" trademarks. Further, the defendants' massive marketing campaign is likely to injure Life is good's business reputation by creating a false belief that the parties are affiliated. As a result, any negative consumer feelings toward the defendants or customer dissatisfaction with the defendants' products will reflect upon the plaintiff. Therefore, Life is good is likely to suffer immediate and irreparable harm unless the defendants cease their conduct.

Signed under the penalties of perjury, this _21_ day of January, 2005.

*[signature]*
Albert Jacobs, President
Life is good, Inc.

As to objections only:

*[signature]*
Robert R. Pierce
BBO #549172
Thomas E. Kenney
BBO #561590
PIERCE & MANDELL, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444

11

## CERTIFICATE OF SERVICE

I, Thomas E. Kenney, hereby certify that on this 21st day of January, 2005 I served the following documents:

1. Plaintiff's Answers to Defendants' First Set of Interrogatories;

2. Plaintiff's Response to Defendants' First Request for the Production of Documents; and

3. Certificate of Service.

by fax and first class mail, postage pre-paid, upon the following counsel of record:

Douglas A. Rettew, Esq.
Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
1300 I Street N.W.
Washington, D.C. 20005

Thomas E. Kenney