LIFE IS GOOD, INC. V. LG ELECTRONICS U.S.A., INC
Civil Action No. 04 11290 WGY

DECLARATION OF TIMOTHY LEMPER IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE
TO STRIKE PLAINTIFF'S EVIDENCE OF ALLEGED CONFUSION

# Exhibit 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIFE IS GOOD, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-11290-REK |
| | ) | |
| LG ELECTRONICS U.S.A., INC. | ) | |
| and LG INFOCOMM U.S.A., INC. | ) | |
| Defendants. | ) | |

### PLAINTIFF LIFE IS GOOD, INC.'S RESPONSE TO DEFENDANTS LG ELECTRONICS U.S.A., INC AND LG INFOCOMM U.S.A., INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS

### GENERAL OBJECTIONS

1. Life is good objects to providing any information protected by the attorney-client privilege and/or the work-product immunity doctrine.

2. Life is good objects to providing any information otherwise protected from disclosure pursuant to applicable law.

3. Life is good objects to these requests to the extent that they are overly broad, unduly burdensome, vague, and/or interposed solely to harass and/or annoy Life is good.

4. Life is good objects to providing any confidential any/or proprietary business information prior to the execution of a mutually-agreeable confidentiality stipulation.

1

5. Life is good objects to these requests to the extent that they are not reasonably anticipated to lead to the discovery of admissible evidence and/or exceed the scope of discovery permitted by Rule 26 of the Federal Rules of Civil Procedure.

Request No.1

All documents referring or relating to Plaintiff's selection, adoption, and clearance of the LIGI Mark and the Jake Symbol, including but not limited to, searches, investigations, reports, and opinions.

Response to Request No. 1

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague.  Without waiving those objections, and subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No. 2

Documents sufficient to show or identify each product and/or service with which the LIGI Mark and the Jake Symbol have been used and/or are now used, from the first use of the LIGI Mark and Jake Symbol to the present.

Response to Request No. 2

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague.  Without waiving those objections, and subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

2

Request No. 3

All documents evidencing Plaintiff's first use of the LIGI Mark and Jake Symbol on or in connection with Plaintiff's Products.

Response to Request No. 3

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving those objections, and subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No. 4

Documents sufficient to identify each channel of trade through which Plaintiff has marketed, offered, and sold, and currently markets, offers, and sells Plaintiff's Products.

Response to Request No. 4

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving those objections, and subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No. 5

All price lists and documents identifying, referring, or relating to the price(s) for Plaintiff's Products, from the time of the first offering of Plaintiff's Products to the present.

3

Response to Request No. 5

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably anticipated to lead to the discovery of admissible evidence. Life is good further objects to this request on the grounds that it seeks confidential, proprietary business information that is protected from disclosure by applicable law. Without waiving those objections, and subject to the foregoing General Objections and the execution of a mutually agreeable confidentiality stipulation, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No.6

Documents sufficient to identify the nature, identity, or characteristics of each class or type of purchaser to whom Plaintiff has marketed, offered, and sold, and currently markets, offers, and sells Plaintiff's Products, including but not limited to, all consumer profile and target market studies, investigations, research, or data.

Response to Request No. 6

Life is good objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving those objections, and subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

4

Request No.7

All advertising and promotional materials in each media utilized (e.g., print, television, radio, Internet, billboards) featuring, displaying, or containing the LIGI Mark and Jake Symbol, from the first use of the LIGI Mark and Jake Symbol to the present.

Response to Request No. 7

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving those objections and subject to the foregoing General Objections, Life is good will produce non-privileged samples of advertising and promotional materials.

Request No.8

Documents sufficient to show all forms and all manners of appearance in which Plaintiff has depicted, displayed, or used the LIGI Mark and Jake Symbol, including but not limited to all designs and stylizations, from the first use of the LIGI Mark and Jake Symbol to the present.

Response to Request No. 8

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving those objections and subject to the foregoing General Objections, Life is good will produce non-privileged samples depicting its use of the "Life is good" and "Jake" trademarks.

5

Request No.9

Documents sufficient to show all media (e.g., newspapers, magazines, radio, television, Internet) in which Plaintiff has advertised or promoted products in connection with the LIGI Mark and Jake Symbol including, but not limited to media schedules, advertising plans, etc.

Response to Request No. 9

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving those objections and subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No.10

Documents sufficient to evidence or determine the sales, in terms of units and dollar volume, of Plaintiff's Products, for each year in which Plaintiff's Products have been sold, from the first use of the LIGI Mark and Jake Symbol to the present.

Response to Request No. 10

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks confidential, proprietary business information protected from disclosure by applicable law. Without waiving those objections, and subject to the foregoing General Objections and the execution of a mutually agreeable confidentiality stipulation, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

6

Request No. 11

Documents sufficient to evidence or determine Plaintiff's profits and/or losses for each year in which Plaintiff's Products have been sold, from the first use of the LIGI Mark and Jake Symbol to the present.

Response to Request No. 11

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks confidential, proprietary business information protected from disclosure by applicable law. Without waiving those objections, and subject to the foregoing General Objections and the execution of a mutually agreeable confidentiality stipulation, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No. 12

Documents sufficient to identify Plaintiff's annual advertising and promotional expenditures for Plaintiff's Products for each year in which Plaintiff's Products have been sold, from the first use of the LIGI Mark and Jake Symbol to the present.

Response to Request No. 12

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks confidential, proprietary business information protected from disclosure by applicable law. Without waiving those objections, and subject to the foregoing General Objections and the execution of a mutually agreeable confidentiality

7

stipulation, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No. 13

All documents evidencing, reflecting, or supporting the factual basis for allegations 30-32 of Plaintiff's Complaint relating to Plaintiff's state trademark dilution claim.

Response to Request No. 13

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome and vague. Life is good further objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine. Without waiving those objections, and subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No. 14

All documents evidencing, reflecting, or supporting the factual basis for allegations 33-39 of Plaintiff's Complaint relating to Plaintiff's federal trademark infringement claim.

Response to Request No. 14

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome and vague. Life is good further objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine. Without waiving those objections, and subject to the foregoing

8

General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No. 15

All documents evidencing, reflecting, or supporting the factual basis for allegations 40-42 of Plaintiff's Complaint relating to Plaintiff's federal false designation of origin claim.

Response to Request No. 15

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome and vague. Life is good further objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine. Without waiving those objections, and subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No. 16

All documents evidencing, reflecting, or supporting the factual basis for allegations 43-47 of Plaintiff's Complaint relating to Plaintiff's Massachusetts Consumer Protection Act claim.

Response to Request No. 16

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome and vague. Life is good further objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product

9

immunity doctrine. Without waiving those objections, and subject to the foregoing

General Objections, Life is good will produce non-privileged documents in its

possession, custody or control responsive to this request.

Request No. 17

All documents referring or relating to any instance of alleged confusion, mistake,

or deception involving, on the one hand, Plaintiff, the LIGI Mark, the Jake Symbol, or

Plaintiff's Products and, on the other hand, LG, LG's goods or services, LG's use of "Life

is Good," LG's use of "Life's Good," or LG Corporate Logo; or vice versa.

Response to Request No. 17

Subject to the foregoing General Objections, Life is good states that, at this time,

there are no non-privileged documents in its possession, custody or control responsive to

this request. Because discovery and investigation continue, Life is good reserves the

right to supplement this response.

Request No. 18

All documents referring or relating to any inquiries about whether Plaintiff,

Plaintiff's Products, the LIGI Mark, or the Jake Symbol are or were affiliated or

associated with, connected to, sponsored by, or otherwise related to LG, LG's goods or

services, LG's use of "Life is Good," LG's use of "Life's Good," or the LG Corporate

Logo; or vice versa.

10

Response to Request No. 18

Subject to the foregoing General Objections, Life is good states that, at this time, there are no non-privileged documents in its possession, custody or control responsive to this request. Because discovery and investigation continue, Life is good reserves the right to supplement this response.

Request No. 19

All documents in Plaintiff's possession referring or relating to any third-party use or registration of any name, mark, domain name, or designation comprised of or containing the terms "Life is Good," or a derivation of the terms "Life is Good" (e.g., "Life's Good").

Response to Request No. 19

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving those objections, and subject to the foregoing General Objections, Life is good will produce documents in its possessions, custody or control responsive to this request.

Request No. 20

All documents referring or relating to objections Plaintiff has made, based in whole or in part on the LIGI Mark or the Jake Symbol, to any third party's use and/or registration of any marks, names, designs, or logos.

11

## Response to Request No. 20

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving those objections, and subject to the foregoing General Objections, Life is good will produce documents in its possessions, custody or control responsive to this request.

## Request No. 21

All documents referring or relating to objections Plaintiff has received regarding the use and/or registration of any name, mark, domain name, or designation comprised of or containing the terms "Life is Good," or a derivation of the terms "Life is Good" (e.g., "Life's Good"), including but not limited to the LIGI Mark.

## Response to Request No. 21

Subject to the foregoing General Objections, Life is good states that there are no non-privileged documents in its possession, custody or control responsive to this request.

## Request No. 22

All documents referring or relating to objections Plaintiff has received regarding the use and/or registration of any design or logo comprised of or containing a smiling face, including but not limited to the Jake Symbol.

## Response to Request No. 22

Subject to the foregoing General Objections, Life is good states that there are no non-privileged documents in its possession, custody or control responsive to this request.

12

<u>Request No. 23</u>

All documents referring or relating to agreements between Plaintiff and third parties concerning the use and/or registration of any name, mark, domain name, or designation comprised of or containing the terms "Life is Good," or a derivation of the terms "Life is Good" (e.g., "Life's Good"), including but not limited to license agreements, settlement agreements, and coexistence agreements.

<u>Response to Request No. 23</u>

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Life is good further objects to the request on the grounds that it seeks confidential, proprietary business information that is protected from disclosure by applicable law. Without waiving those objections, and subject to the foregoing General Objections and the execution of a mutually agreeable confidentiality stipulation, Life is good will produce documents in its possession, custody or control responsive to this request.

<u>Request No. 24</u>

All documents referring or relating to agreements between Plaintiff and third parties concerning the use and/or registration of any design or logo comprised of or containing a smiling face (e.g., the Jake Symbol), including but not limited to license agreements, settlement agreements, and coexistence agreements.

Response to Request No. 24

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Life is good further objects to the request on the grounds that it seeks confidential, proprietary business information that is protected from disclosure by applicable law. Without waiving those objections, and subject to the foregoing General Objections and the execution of a mutually agreeable confidentiality stipulation, Life is good will produce documents in its possession, custody or control responsive to this request.

Request No. 25

All documents referring or relating to LG's use of the terms "Life is Good" and "Life's Good."

Response to Request No. 25

Subject to the foregoing General Objections, Life is good will produce documents in its possession, custody or control responsive to this request.

Request No. 26

All documents referring or relating to the LG Corporate Logo.

Response to Request No. 26

Subject to the foregoing General Objections, Life is good will produce documents in its possession, custody or control responsive to this request.

Request No. 27

All documents referring or relating to LG.

14

<u>Response to Request No. 27</u>

Subject to the foregoing General Objections, Life is good will produce documents in its possession, custody or control responsive to this request.

<u>Request No. 28</u>

Documents sufficient to identify all trademark, service mark, trade name, Internet domain name, or other applications/registrations owned by or on behalf of Plaintiff, through assignment or otherwise, for any name or mark comprised of or containing the terms "Life is Good," or a derivation of the terms "Life is Good" (e.g., "Life's Good").

<u>Response to Request No. 28</u>

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving those objections, and subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

<u>Request No. 29</u>

Documents sufficient to identify all trademark, service mark, trade name, Internet domain name, or other applications/registrations owned by or on behalf of Plaintiff, through assignment or otherwise, for any design or logo comprised of or containing a smiling face design (e.g., the Jake Symbol).

<u>Response to Request No. 29</u>

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving those objections, and subject to the foregoing

15

General Objections, Life is good will produce non-privileged documents in its

possession, custody or control responsive to this request.

<u>Request No. 30</u>

Copies of the file histories for all trademark, service mark, trade name, Internet

domain name, or other applications/registrations encompassed by Request No. 28.

<u>Response to Request No. 30</u>

Life is good objects to this request on the grounds that it is overly broad, unduly

burdensome and vague.  Life is good further objects to this request on the grounds that it

seeks public information that is as easily ascertained by the defendants as it would be by

Life is good.

<u>Request No. 31</u>

Copies of the file histories for all trademark, service mark, trade name, Internet

domain name, or other applications/registrations encompassed by Request No. 29.

<u>Response to Request No. 31</u>

Life is good objects to this request on the grounds that it is overly broad, unduly

burdensome and vague.  Life is good further objects to this request on the grounds that it

seeks public information that is as easily ascertained by the defendants as it would be by

Life is good.

<u>Request No. 32</u>

All documents referring or relating to trademark searches, reports, investigations,

and/or opinions concerning any name, mark, domain name, or designation comprised of

16

or containing the terms "Life is Good," or a derivation of the terms "Life is Good" (e.g.,

"Life's Good").

<u>Response to Request No. 32</u>

Life is good objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, and not reasonably anticipated to lead to discovery of admissible

evidence. Life is good further objects to this request on the grounds that it seeks

information protected by the attorney-client privilege and/or the work-product immunity

doctrine. Without waiving those objections, and subject to the foregoing General

Objections, Life is good will produce non-privileged documents in its possession,

custody or control responsive to this request.

<u>Request No. 33</u>

All documents referring or relating to trademark searches, reports, investigations,

and/or opinions concerning any name, mark, or designation comprised of or containing a

smiling face design (e.g., the Jake Symbol).

<u>Response to Request No. 33</u>

Life is good objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, and not reasonably anticipated to lead to discovery of admissible

evidence. Life is good further objects to this request on the grounds that it seeks

information protected by the attorney-client privilege and/or the work-product immunity

doctrine. Without waiving those objections, and subject to the foregoing General

17

Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No. 34

All documents referring or relating to research, reports, studies, opinions, and/or investigations concerning Defendants and/or their use of "Life is Good," "Life's Good," and/or the LG Corporate Logo.

Response to Request No. 34

Life is good objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine.

Request No. 35

All documents referring or relating to any research, reports, surveys, investigations, and/or studies relating to consumer or customer perception, understanding, and/or recognition of any name, mark, domain name, or designation comprised of or containing the terms "Life is Good," or a derivation of the terms "Life is Good" (e.g., "Life's Good").

Response to Request No. 35

Life is good objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine. Without waiving those objections, Life is good states that there are no non-privileged documents in its possession, custody or control responsive to this request. Because

18

discovery and investigation continue, Life is good reserves the right to supplement this response.

Request No. 36

All documents referring or relating to any research, reports, surveys, investigations, and/or studies relating to consumer or customer perception, understanding, and/or recognition of any design or logo comprised of or containing a smiling face (e.g., the Jake Symbol).

Response to Request No. 36

Life is good objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine. Without waiving those objections, Life is good states that there are no non-privileged documents in its possession, custody or control responsive to this request. Because discovery and investigation continue, Life is good reserves the right to supplement this response.

Request No. 37

All documents relating to any research, reports, surveys, investigations, and/or studies concerning the presence or absence of consumer confusion or the likelihood of confusion between, on the one hand, Plaintiff, the LIGI Mark, or Plaintiff's Products and, on the other hand, any name, mark, domain name, or designation comprised of or containing the terms "Life is Good," or a derivation of the terms "Life is Good" (e.g., "Life's Good").

19

Response to Request No. 37

Life is good objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine. Without waiving those objections, Life is good states that there are no non-privileged documents in its possession, custody or control responsive to this request. Because discovery and investigation continue, Life is good reserves the right to supplement this response

Request No. 38

All documents relating to any research, reports, surveys, investigations, and/or studies concerning the presence or absence of consumer confusion or the likelihood of confusion between, on the one hand, Plaintiff, the Jake Symbol, or Plaintiff's Products, and, on the other hand, any design or logo comprised of or containing a smiling face design.

Response to Request No. 38

Life is good objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine. Without waiving those objections, Life is good states that there are no non-privileged documents in its possession, custody or control responsive to this request. Because discovery and investigation continue, Life is good reserves the right to supplement this response

20

Request No. 39

All documents referring or relating to the use or registration of marks, names, domain names, or designations, other than LG's use of "Life is Good" and "Life's Good," believed by Plaintiff to infringe, dilute, or otherwise violate Plaintiffs alleged rights in the LIGI Mark.

Response to Request No. 39

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Life is good further objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine. Without waiving those objections, and subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No. 40

All documents referring or relating to the use or registration of marks, symbols, or designs, other than the LG Corporate Logo, believed by Plaintiff to infringe, dilute, or otherwise violate Plaintiffs alleged rights in the Jake Symbol.

Response to Request No. 40

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Life is good further objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine. Without waiving those objections, and subject to the foregoing

21

General Objections, Life is good will produce non-privileged documents in its

possession, custody or control responsive to this request.

<u>Request No. 41</u>

All documents referring or relating to the circumstances under which Plaintiff

first learned of LG's use of "Life is Good," "Life's Good," and the LG Corporate Logo.

<u>Response to Request No. 41</u>

Life is good objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, and not reasonably anticipated to lead to the discovery of admissible

evidence. Without waiving those objections, and subject to the foregoing General

Objections, Life is good will produce non-privileged documents in its possession,

custody or control responsive to this request.

<u>Request No. 42</u>

All documents referring or relating to any U.S. judicial, administrative, or other

proceedings in any forum (not including this action), the subject of which concerned a

name, mark, domain name, or designation comprised of or containing the terms "Life is

Good," or a derivation of the terms "Life is Good," (e.g., "Life's Good"), including but

not limited to the LIGI Mark.

<u>Response to Request No. 42</u>

Subject to the foregoing General Objections, Life is good states that there are no

non-privileged documents in its possession, custody or control responsive to this request.

22

Request No. 43

All documents referring or relating to any U.S. judicial, administrative, or other proceedings in any forum (not including this action), the subject of which concerned a design or logo comprised of or containing a smiling face design, including but not limited to the Jake Symbol.

Response to Request No. 43

Subject to the foregoing General Objections, Life is good states that there are no non-privileged documents in its possession, custody or control responsive to this request.

Request No. 44

All documents evidencing or reflecting any injury, harm, or damage Plaintiff alleges to have sustained as a result or consequence of the use of "Life is Good," "Life's Good," and/or the LG Corporate Symbol, including but not limited to lost customers, lost sales, or other lost business.

Response to Request No. 44

Subject to the foregoing General Objections, Life is good states that there are no non-privileged documents in its possession, custody or control responsive to this request. Because discovery and investigation continue, Life is good reserves the right to supplement this response.

Request No. 45

To the extent not covered by the foregoing requests, all documents identified in Plaintiff's responses to LG's First Set of Interrogatories.

23

<u>Response to Request No. 45</u>

Subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

<u>Request No. 46</u>

Documents sufficient to identify Plaintiff's corporate structure.

<u>Response to Request No. 46</u>

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, vague, not reasonably anticipated to lead to the discovery of admissible evidence, and interposed solely to harass and/or annoy the plaintiff.

<u>Request No. 47</u>

All documents not already produced in response to these Requests upon which Plaintiff may use to support its claims.

<u>Response to Request No. 47</u>

Subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

<u>Request No. 48</u>

All documents and things referring or relating to Plaintiff's claim in Paragraph 6 of its Complaint that "[ s ]ince at least as early as 1994, and continuously therefrom, the plaintiff and its predecessor (Albert Jacobs and John Jacobs doing business as Jacobs Gallery) have sold various products such as T-shirts, hats, other clothing, stationery, flying discs, coffee mugs, *inter alia,* under the trademark 'Life is good.' The goods have

24

been sold to retail stores and consumers directly by Life is good, through its exclusive licensee, or through its web site."

<u>Response to Request No. 48</u>

Subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

<u>Request No. 49</u>

All documents and things referring or relating to Plaintiff's claim in Paragraph 7 of its Complaint that "[s]ince 1994, the plaintiff has continuously and pervasively utilized its 'Life is good' trademark within this district and throughout the United States on its products, on hang tags, displays, boxes, packaging and labels, at its web site (www.lifeisgood.com), and in catalogs and other places."

<u>Response to Request No. 49</u>

Subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

<u>Request No. 50</u>

All documents and things referring or relating to Plaintiff's claim in Paragraph 8 of its Complaint that "the plaintiff has invested substantial resources in promoting its product under the 'Life is good' mark, and in developing national recognition of its 'Life is good' mark. As a result, the 'Life is good' mark is perceived as a distinctive indicator of plaintiff as the source of its goods."

25

Response to Request No. 50

      Subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No. 51

      All documents referring or relating to Plaintiff's claim in Paragraph 14 of its Complaint that "[t]hrough its significant promotion and sales of its products throughout the U.S., Life is good has developed a reputation as a company that offers quality products that project a whimsical image, and create happy and positive feelings."

Response to Request No. 51

      Subject to the foregoing General Objections, Life is good will produce non-privileged documents in its possession, custody or control responsive to this request.

Request No. 52

      The complete file history for federal trademark Registration No. 2,025,737.

Response to Request No. 52

      Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Life is good further objects to this request because it seeks public information that is as easily ascertained by the defendants as it is by the plaintiff.

Request No. 53

      The complete file history for federal trademark Registration No. 2,481,887.

Response to Request No. 53

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Life is good further objects to this request because it seeks public information that is as easily ascertained by the defendants as it is by the plaintiff.

Request No. 54

The complete file history for federal trademark Registration No. 2,692,561.

Response to Request No. 54

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Life is good further objects to this request because it seeks public information that is as easily ascertained by the defendants as it is by the plaintiff.

Request No. 55

The complete file history for federal trademark Registration No. 2,826,245.

Response to Request No. 55

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Life is good further objects to this request because it seeks public information that is as easily ascertained by the defendants as it is by the plaintiff.

Request No. 56

The complete file history for federal trademark Registration No. 2,865,595.

Response to Request No. 56

Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Life is good further objects to this request because it seeks public information that is as easily ascertained by the defendants as it is by the plaintiff.

27

<u>Request No. 57</u>

     The complete file history for federal trademark Registration No. 2,055,452.

<u>Response to Request No. 57</u>

     Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Life is good further objects to this request because it seeks public information that is as easily ascertained by the defendants as it is by the plaintiff.

<u>Request No. 58</u>

     The complete file history for federal trademark Application Serial No. 76/319,447.

<u>Response to Request No. 58</u>

     Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Life is good further objects to this request because it seeks public information that is as easily ascertained by the defendants as it is by the plaintiff.

<u>Request No. 59</u>

     The complete file history for federal trademark Application Serial No. 74/633,170.

<u>Response to Request No. 59</u>

     Life is good objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Life is good further objects to this request because it seeks public information that is as easily ascertained by the defendants as it is by the plaintiff.

LIFE IS GOOD, INC.,
By its attorneys,

Robert R. Pierce
BBO #549172
Thomas E. Kenney
BBO #561590
PIERCE & MANDELL, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444

29

## CERTIFICATE OF SERVICE

I, Thomas E. Kenney, hereby certify that on this 21st day of January, 2005 I served the following documents:

1.    Plaintiff's Answers to Defendants' First Set of Interrogatories;

2.    Plaintiff's Response to Defendants' First Request for the Production of Documents; and

3.    Certificate of Service.

by fax and first class mail, postage pre-paid, upon the following counsel of record:

Douglas A. Rettew, Esq.
Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
1300 I Street N.W.
Washington, D.C. 20005

Thomas E. Kenney