LIFE IS GOOD, INC. V. LG ELECTRONICS U.S.A., INC
Civil Action No. 04 11290 WGY

DECLARATION OF TIMOTHY LEMPER IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE
TO STRIKE PLAINTIFF'S EVIDENCE OF ALLEGED CONFUSION

# Exhibit 7



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

**MARK SOMMERS**
202-408-4064
mark.sommers@finnegan.com

October 18, 2005

Robert L. Kirby, Jr., Esq.
Nixon Peabody LLP
100 Summer Street
Boston, Massachusetts 02110

**Via Facsimile, Confirmation
Via First-Class Mail**

<u>Life Is Good, Inc. ("LIGI") v. LG Electronics U.S.A., Inc., et al. ("LG")</u>

Dear Bob:

During the depositions of LIGI, we requested the production of several documents that Bert and John Jacobs indicated LIGI has or may have in its possession, custody, or control.

We write to ask that LIGI produce those documents, to the extent they exist. Those documents are:

1. the email from John Jacobs to LIGI's personnel requesting information regarding alleged instances of confusion between LIGI and LG;

2. any responses or other correspondence related to John Jacobs' email regarding alleged instances of confusion between LIGI and LG;

3. the email or other correspondence exchanged between Rich Cremin's nephew regarding LG's allegedly "stealing" of LIGI's "copyright" or trademark;

4. the summary of responses to John Jacobs' email regarding alleged instances of confusion between LIGI and LG;

5. logs of alleged instances of confusion, consumer complaints or inquiries, and other documents memorializing or documenting any alleged instances of confusion between LIGI and LG;

6. LIGI's current and archived marketing plans, strategic plans, marketing pieces, and other business plans;

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Robert L. Kirby, Jr., Esq.
Page 2

7. marketing studies or research concerning the degree of consumer recognition of LIGI and its marks or the characteristics and demographics of LIGI's customers, including any such studies or research provided to LIGI by advertising or public relations firms as part of a sales pitch;

8. trademark files kept by LIGI, including correspondence or other documents to or from the U.S. Patent and Trademark Office, in its custody or control (excluding the files kept at the offices of LIGI's attorneys);

9. LIGI's current and past style guides and any documents comprising or containing LIGI's guidelines with respect to the use of the ® symbol;

10. documentation showing when each type of product sold by LIGI was first offered for sale;

11. documentation showing LIGI's most popular products and designs in terms of sales volume; and

12. documentation showing LIGI's costs associated with its charitable festivals that are covered by sponsorship monies and other sources of funding.

Further, because LIGI's witnesses were unable to testify on LIGI's enforcement, prosecution, and assignment of its trademarks, we ask either that LIGI produce a knowledgeable witness or that Bob Pierce and/or Tom Kenney be made available on the topic.

Please telephone or write if you have any questions.

Very truly yours,

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

Mark Sommers

MS/tal
cc: Douglas A. Rettew, Esq.
    Timothy Lemper, Esq.