UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>LG ELECTRONICS U.S.A., INC., and<br>LG ELECTRONICS MOBILECOMM U.S.A.,<br>INC. (formerly LG INFOCOMM U.S.A., INC.),<br><br>            Defendants. | Civil Action No. 04-CV-11290 WGY<br><br>Hon. William G. Young |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ARGUMENT
AND EVIDENCE ON DEFENDANTS' INTENT**

      Defendants LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc. move in limine to exclude evidence and argument by Plaintiff Life is Good, Inc. that Defendants adopted "Life's Good" as a corporate tagline in bad faith.

      As explained in Defendants' supporting memorandum, a defendant's intent in adopting an allegedly infringing mark is one of eight factors identified by the First Circuit that this Court considers in assessing the "likelihood of confusion" in trademark infringement cases.  See Pump, Inc. v. Collins Mgmt., Inc., 746 F. Supp. 1159, 1167, 1170 (D. Mass. 1990) (Young, J.)  Plaintiff intends to argue at trial that Defendants adopted "Life's Good" as a corporate tagline in bad faith.  Plaintiff should be barred from doing so because there is no evidence that Defendants began using their "Life's Good" tagline with the intent to deceive consumers or to trade off Plaintiff's goodwill, which Plaintiff must prove to establish bad faith.  See id. at 1167.

      The undisputed evidence shows that "Life's Good" was adopted by Defendants' Korean parent corporation, in accordance with its standard corporate policy and practice of adopting and clearing such taglines, for use as a global corporate tagline by its 76 subsidiaries in 39 countries worldwide.  Defendants, both billion-dollar electronics companies operating under the "LG"

name and mark (one of the world's best-known brands), began using "Life's Good" as a corporate tagline on the instructions of their Korean parent company, without knowledge of Plaintiff or its use of "Life is Good." Because there is no factual or legal support to show that Defendants had that requisite bad-faith intent, eliminating this factually baseless and irrelevant argument will narrow and streamline the issues for trial.

For these reasons, set forth more fully in Defendants' supporting memorandum, Plaintiff should be precluded at trial from presenting argument and evidence on the issue of Defendants' alleged "bad faith."

In accordance with Local Rule 7.1(a)(2), Defendants have conferred with Plaintiff, and have ascertained that Plaintiff will not stipulate to this motion.

Date:  August 25, 2006                    /s/ Timothy A. Lemper_____
                                          Mark Sommers (MA BBO# 545297)
                                          Douglas A. Rettew (*pro hac vice*)
                                          Timothy A. Lemper (*pro hac vice*)
                                          FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER, L.L.P.
                                          901 New York Ave., N.W.
                                          Washington, DC 20001

                                          Lawrence R. Robins (BBO# 632610)
                                          Jonathan M. Gelchinsky (BBO#656282)
                                          FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER, L.L.P.
                                          55 Cambridge Parkway
                                          Cambridge, Massachusetts 02142

                                          Counsel for Defendants
                                          LG Electronics U.S.A., Inc. and
                                          LG Electronics MobileComm U.S.A., Inc.

**CERTIFICATE OF SERVICE**

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 25, 2006.

                                             /s/  Timothy A. Lemper