UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE IS GOOD, INC.,            )<br>        Plaintiff                          )<br>                                            )<br>v.                                         )<br>                                            )<br>LG ELECTRONICS U.S.A., INC. )<br>and LG INFOCOMM U.S.A., INC. )<br>        Defendants                     ) | C.A. No. 04-11290-WGY |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE
TO PRECLUDE EXPERT TESTIMONY OF RANY L. SIMMS

Plaintiff Life is good, Inc. ("Life is good") submits this memorandum in support of its motion for an Order precluding the expected expert testimony of Rany L. Simms ("Simms"). Because Mr. Simms is expected to offer legal conclusions concerning the registrability of certain trademarks and permitted use of the ® registration symbol, his testimony would invade the province of this Court to issue rulings of law and should be precluded. Further, Mr. Simms' opinion concerning the registrability of the plaintiff's "Life is good" is belied by the USPTO's decision to permit registration of five (5) marks for "Life is good" owned by the plaintiff. Thus, Mr. Simms' expert testimony is inherently not reliable and should be precluded for that reason as well.

BACKGROUND

This dispute concerns the plaintiff's "Life is good" registered trademark and the defendants' subsequent adoption and use of their "Life's Good" trademark. The plaintiff has brought claims against the defendants for trademark infringement and false designation of origin under the Lanham Act, trademark dilution under Massachusetts law, G.L. c. 110B, unfair competition under the common law and violation of the Massachusetts Consumer Protection Act, G.L. c. 93A. The essence of the plaintiff's claims under the Lanham Act, for unfair competition,

10048157.1

and under G.L. c. 93A is that the defendants' use of "Life's Good" is likely to cause consumer confusion. The essence of the plaintiff's claim for trademark dilution under Massachusetts law is the likelihood of confusion, as well as the diminution in the distinctiveness of plaintiff's mark.

The defendants have identified as a potential expert witness Rany L. Simms. Mr. Simms is a former Administrative Trademark Judge with the USPTO's Trademark Trial and Appeal Board ("TTAB"). The defendants intend to offer Mr. Simms' opinion in response to two questions presented in his report.

First, Mr. Simms' report gives an opinion in response to the following question of law: "Under USPTO practice and procedure, is the ornamental or decorative use of the words "LIFE IS GOOD" on plaintiff's products entitled to registration and corresponding rights as a trademark?" Mr. Simms answers this question by offering the following legal conclusion: "On this issue, I conclude that, according to USPTO practice and procedure, use of words "LIFE IS GOOD" on plaintiff's products, such as T-shirts, sweatshirts, mugs, etc., in an ornamental or decorative fashion is not entitled to registration and corresponding rights, that only use of the words "LIFE IS GOOD" by plaintiff in a trademark manner should be considered as plaintiff's trademark, and that plaintiff's rights should not extend beyond its trademark use of these words." Mr. Simms then reviews how the law governing ornamental or decorative use was applied by the USPTO in rejecting a predecessor application for registration by plaintiff that is not the basis for this lawsuit and in issuing the registrations that are the basis for this lawsuit. Finally, Mr. Simms offers the legal conclusion that certain of plaintiff's current uses of the "LIFE IS GOOD" mark are ornamental or decorative.

Second, Mr. Simms' report gives an opinion in response to the following question of law: "Under USPTO practice and procedure, is a registrant's use of the registration symbol (R in a

circle (®) or such words as 'Registered TM') in connection with goods or services not identified in a registration, a misuse of the registration symbol?"  Mr. Simms answers this question by offering the following legal conclusions:

> First, the owner of a mark registered in the USPTO may give notice that its mark is registered by displaying the mark with the words 'Registered in U.S. Patent and Trademark Office,' the abbreviation 'Reg. U.S. Pat. & Tm. Off.,' or the letter R enclosed with in a circle ®.  See Section 29 of the Trademark Act of 1956, as amended 15 U.S.C. § 1111.  See also TMEP Section 906 discussing this statutory provision.  However, as that TMEP section states, the registration symbol should be used only on or in connection with the goods or services that are listed in a registration.  Further, that section indicates that the federal registration symbol is not to be used with marks that are not actually registered in the USPTO, even if an application is pending.  That is, the registration symbol may not be used until the mark is actually registered.  Furthermore, if this improper use is deliberate and intended to deceive or mislead the public or the USPTO, such issue is considered fraud.  See TMEP Sections 906.02 and 906.04, citing the cases of *Copelands' Enterprises Inc. v. CNV Inc.*, 945 F.2d 1563, 20 USPQ2d 1295 (Fed. Cir. 1991); and *Wells Fargo & Co. v. Lundeen & Associates*, 20 USPQ2d 1156 (TTAB 1991).

Mr. Simms' report then offers the legal conclusion that "a mistaken belief on the part of applicant does not cure its misuse of the registration symbol, nor does it excuse any continued misuse of the registration symbol by such party for goods that are not identified in a federal registration."

Mr. Simms' report (a copy of which is attached as Exhibit A) provides what amounts to a legal brief in support of each of his opinions.  In offering his "opinion" with respect to those two issues, Mr. Simms purports to rely on statutes, the Trademark Manuel of Examining Procedure ("TMEP"), and case law.  The TMEP is itself a compilation of practices followed by examining attorneys in the USPTO based on administrative decisions, administrative regulations, judicial decisions, and the Lanham Act, which provides the ultimate source of authority as to whether a

registration should issue or not.  See 15 U.S.C. §§ 1051-71.  (The TMEP is available on the USPTO's web site at http://tess2.uspto.gov/tmdb/tmep/.)

ARGUMENT

  A. <u>Mr. Simms Must Be Precluded from Testifying Because the Proffered Testimony Consists of Legal Conclusions that Would Invade the Province of this Court to Issue Rulings of Law</u>

  Mr. Simms' purported expert "opinions" are nothing more than statements of what Mr. Simms believes to be the applicable law with respect to the issues of the registrability of the plaintiff's "Life is good" mark and the proper (or improper) use of the ® registration symbol.  Of course, it is the province of this Court, and not an expert, to issue the necessary rulings of law that will govern this case.  It is black-letter law that "[i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge."  <u>United States v. Newman</u>, 49 F.3d 1, 7 (1st Cir. 1995) (quoting <u>Marx & Co. v. Diners' Club, Inc.</u>, 550 F.2d 505, 512 (2d Cir. ), <u>cert. denied</u>, 434 U.S. 861 (1977)).

  The First Circuit has joined the majority of circuits in holding that the Federal Rules of Evidence prohibit expert testimony in the nature of legal conclusions.  <u>See</u> <u>Nieves-Villanueva v. Soto-Rivera</u>, 133 F.3d 92, 99 (1st Cir. 1997).  In <u>Nieves-Villanueva</u>, the First Circuit ruled that it was improper for an expert witness to testify as to the holdings of certain cases and to "the legal conclusion that [certain political] appointments were in violation of law."  <u>Id.</u> at 99.[1]  In so ruling, the Court noted that "[i]n our legal system, purely legal questions and instructions to the jury on the law to be applied to the resolution of the dispute before them is exclusively the domain of the judge.  Accordingly, expert testimony on such purely legal issues is rarely

---

[1] The First Circuit ruled that, although the testimony was improper, the District Court's admission of the testimony was harmless error.  <u>Id.</u> at 103.

admissible." Id. "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." Id. at 100 (quoting Burkhart v. Washington Metro. Area Transit Auth., 112 F.3d 1207, 1213 (D.C. Cir. 1997)).

This rule has been applied by numerous courts—including in this jurisdiction—to exclude legal opinions in trademark and other intellectual property cases.[2] For example, in Motown Productions, Inc. v. Cacomm, Inc., 668 F. Supp. 285 (S.D.N.Y. 1987), rev'd on other grounds, 849 F.2d 781 (2d Cir. 1988), the defendant offered an expert affidavit from an attorney and reviser of a leading treatise on trademark law. This attorney opined that the trademark at issue was "suggestive." Id. at 288. In excluding this testimony, the court cited the same Marx & Co. decision followed by the First Circuit in Newman and Nieves-Villaneuva and held: "the expert testimony of an attorney as to an ultimate issue of domestic law or as to the legal significance of facts is inadmissible." Id. at 288-89 (citing Marx & Co., 550 F.2d at 508-11).

Here, there can be no doubt that Mr. Simms' expected testimony consists of nothing more than purely legal conclusions. In essence, Mr. Simms apparently will (1) testify regarding the law governing ornamental or decorative use of a mark and offer an opinion on the registrability of plaintiff's mark based on such law, and (2) testify regarding the law governing use of the ® registration symbol and offer an opinion regarding whether plaintiff's actions complied with that

---

[2] See, e.g., Biomedical Polymers, Inc. v. Evergreen Indus., Inc., 976 F. Supp. 98, 100 (D. Mass. 1997) (excluding affidavit of patent attorney providing legal analysis in support of infringement claim); Roulo v. Russ Berries & Co., Inc., 886 F.2d 931, 940 (7th Cir. 1989) (upholding exclusion of lawyer from testifying as to scope of protection afforded to copyright); Music Sales Corp. v. Morris, 73 F. Supp. 2d 364, 381 (S.D.N.Y. 1999) (excluding affidavit by professor of copyright law that "almost wholly expresses legal conclusions on the meaning of the 1976 Act (except for some brief historical background on the Act.)"); Ideal World Mktg., Inc. v. Duracell, Inc., 15 F. Supp. 2d 239, 244 n.2 (E.D.N.Y. 1998) (excluding lawyer's expert testimony that trademark was suggestive and not descriptive: "this proposed 'expert' report, which offers a legal conclusion based upon the undisputed facts before the Court, impinges upon the Court's role, would be inadmissible at trial, and is of no probative value on this motion."); Kern's Kitchen, Inc. v. Bon Appetit, 669 F. Supp. 786, 791 (W.D. Ky. 1987) (excluding opinion of intellectual property attorney that mark was not generic). See generally Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd., 122 F.3d 1040, 1042 (Fed. Cir. 1997) ("[T]his court has on numerous occasions noted the impropriety of patent lawyers testifying as expert witnesses and giving their opinion regarding the proper interpretation of a claim as a matter of law, the ultimate issue for the court to decide.").

law.  Each area of testimony consists of legal conclusions and legal argument, based on Mr. Simms' understanding of USPTO trademark rules and procedures and the case law.  Such legal opinions invade the province of this Court, and do nothing to assist the Court determine the issues of fact in this case.

      B.    <u>Mr. Simms' Testimony Should Be Excluded Because of its Lack of Probative Value or Assistance to the Trier of Facts and the Danger of Unfair Prejudice, Confusion of Issues, and Waste of Time</u>

Finally, Mr. Simms' testimony should be excluded given its lack of probative value or assistance and the substantial danger of unfair prejudice, confusion of issues, and waste of time.

Evidence is admissible only to the extent it is relevant, and expert testimony is admissible only where it will assist the trier of fact.  Fed. R. Evid. 402, 702.  Even where relevant, evidence will not be admissible where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of . . . waste of time. . . ."  Fed. R. Evid. 403.

Courts that have excluded legal opinions—including the First Circuit—have recognized that such testimony has no probative value, is of no assistance to the trier of fact, is highly prejudicial, is wasteful, and is likely to unduly sway the jury.[3]  For example, in <u>Nieves-Villaneuva</u>, the First Circuit found that such testimony does not satisfy the "assist the triers of fact" standard of Rule 702 and explained:

> Expert testimony that consists of legal conclusions cannot properly assist the trier of fact. . . .  This is because the judge's expert knowledge of the law makes any such assistance at best cumulative, and at worst prejudicial.

<u>Nieves-Villaneuva</u>, 133 F.3d at 100 (citations and internal quotation marks omitted).  <u>See</u> <u>also</u> <u>Ideal World</u>, 15 F. Supp. 2d at 244 n.2 (holding that trademark lawyer's legal opinion had "no

---

[3]    That this case will be tried without a jury does not materially affect the analysis.

probative value"); <u>Kern's Kitchen</u>, 669 F. Supp. at 791 (holding that trademark lawyer's legal opinion does not assist trier of fact); <u>Music Sales</u>, 73 F. Supp. 2d at 381 (in excluding legal opinion by professor of copyright law noting that "it has sometimes been asserted that the basis for excluding expert testimony on domestic law is that it might unduly sway a jury").

## CONCLUSION

In short, there is one judge in the case. LG should not be free to hire another. Accordingly, plaintiff Life is good, Inc. respectfully requests that this Court enter an Order precluding the testimony of Rany L. Simms at trial.

LIFE IS GOOD, INC.,
By its attorneys,

/s/ Robert L. Kirby, Jr.
Robert L. Kirby, Jr. (BBO#550538)
Mark D. Robins (BBO#559933)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 021110
(617) 345-1000

Robert R. Pierce (BBO#549172)
Thomas E. Kenney (BBO#561590)
PIERCE & MANDELL, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444

August 28, 2006

## CERTIFICATE OF SERVICE

I, Robert L. Kirby, Jr., hereby certify that a true copy of the above document was served upon the attorneys of record for each other party electronically on August 28, 2006.

/s/ Robert L. Kirby, Jr.
Robert L. Kirby, Jr.
